IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action: 5:21-cr-23 |
| | ) | |
| <u>RICHARD E. MOORE</u> | ) | By:  Elizabeth K. Dillon |
| | ) | United States District Judge |

**CRIMINAL PRETRIAL ORDER**

This criminal case has been assigned to United States District Judge Elizabeth K. Dillon and has been set for a jury trial beginning February 18, 2022.  In order to ensure a fair and orderly processing of this case, it is now ORDERED as follows:

1. Should the parties wish to schedule any hearing in this matter, including a suppression motion hearing or change of plea hearing, they shall confer as to each party's availability and contact the Clerk (Brittany Davis/(540) 857-5117).

2. The Clerk will schedule a final pretrial conference no later than 10 days prior to trial, unless the parties have advised the Clerk that a plea agreement has been reached in the case. If a plea agreement has been reached and the plea is subject to a written plea agreement, a copy of the written agreement shall be provided to the court not later than three business days prior to the change of plea hearing.  Any agreed-upon statement of facts shall also be provided to the court not later than three business days prior to the change of plea hearing.  These documents may be e-mailed to the Clerk (Brittanyd@vawd.uscourts.gov), who will forward them to chambers.

3. Counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court prior to trial.  It is expected that motions to suppress and motions in limine generally will be heard at the final pretrial conference.  Additionally, the government

1

must notify a defendant of its intent to adduce evidence of prior bad acts or co-conspirator's statements.  If there are disputes as to the admissibility of evidence under Rule 404(b) and 801(d)(2)(E) of the Federal Rules of Evidence, such issues should be brought to the court's attention prior to trial.

      4.      All pretrial motions shall be filed by the parties no later than 21 days prior to trial, pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure.  A motion must state the grounds on which it is based and the relief or order sought.  Motions raising questions of law must be supported by legal memoranda filed contemporaneously therewith.

      5.      A party opposing a pretrial motion shall file a written response and legal memorandum within 7 days of the filing of the motion.

      6.      At trial, the court will employ standard opening jury instructions and standard general closing instructions.  Copies of these standard instructions may be obtained from the courtroom deputy prior to trial.  At least 7 days prior to trial, the parties shall file electronically via CM/ECF proposed substantive jury instructions and, if deemed necessary, a proposed verdict form.  The parties also should email proposed jury instructions (with citations) in Microsoft Word format to dillon.ecf@vawd.uscourts.gov, and copy opposing counsel.  If a party has a specific objection to a proposed instruction from the opposing party, counsel shall notify opposing counsel and the court at least two 2 business days prior to trial.  The court will conduct a charge conference, usually at the conclusion of all evidence.

      7.      Trial will proceed according to the following schedule.  Court will begin promptly at 9:30 a.m. on the first day and end at approximately 5:00 p.m. each day, with a one-hour lunch break and 15-minute breaks in the morning and afternoon.

8. The jury will consist of 12 persons. The jury is selected immediately prior to trial using the "struck jury" method and all members of the jury venire called for the trial are subjected to voir dire. A list of the jurors to be called for the case is sent to counsel by the clerk approximately a week prior to trial. The attorneys generally are permitted to participate in voir dire after preliminary questions from the court. Counsel should formulate and agree upon a statement of the case and the issues to be incorporated in the court's standard voir dire and preliminary instructions. Counsel for the United States shall initiate and circulate the draft statement to be submitted to the court no less than seven 7 days prior to trial and it shall be submitted to the court not later than 2 business days prior to trial. Attorneys' voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the court will determine such requests before turning voir dire over to the attorneys.

9. Following voir dire, any party having any challenge for cause should make known to the court that a matter outside of the presence of the jury is to be taken up, in which case the challenges will be determined by the court. Thereafter, the parties will be permitted to take peremptory challenges, consistent with Fed. Cr. R. P. 24, by alternating written strikes on a single jury list. In the normal case, no alternates will be used, but the court may use one or two alternates depending on the estimated length of trial. After the jury is sworn, preliminary instructions are given by the court. Jurors are told that they will be permitted to take notes. Questions by jurors are not permitted.

10. It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. Counsel must provide a list of witnesses and

exhibits to the court reporter and courtroom deputy clerk.  Counsel must provide an extra copy of each exhibit for the court in jury trials.  The use of the evidence display device is required, as much as possible, so that witnesses need not be handed exhibits, provided that no evidence is to be displayed to the jury until it has been admitted if there is any question as to its admissibility.  Questions to witnesses and argument to the court must be made from the lectern.  Counsel may approach the witness without leave of court if necessary to hand the witness a document or exhibit, but must promptly return to the lectern.  It is counsel's obligation to ensure that tendered exhibits are admitted and so noted on the clerk's docket sheet.  If there is any question about an exhibit or exhibits, counsel should check with the clerk during a recess.  Once admitted, trial exhibits are in the custody of the courtroom deputy clerk and must be returned to the clerk once examination of a witness is completed.

11. In a conspiracy case, if a defendant has notified the United States in advance of a challenge to the admissibility of the testimony of a co-conspirator, the United States shall prepare a written proffer as to the existence of the conspiracy and the defendant's participation therein.

12. Requests for exclusion of witnesses from the courtroom should be made before opening statements.  Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony given to the excluded witnesses by any person.  Witnesses should be released from further attendance as soon as they are no longer needed.  After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness is not so excused.  Cooperative witnesses not immediately needed may be placed "on call" but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed

without early adjournments or lengthy recesses.  Counsel for the United States should keep defense counsel advised of the progress of the United States' case so that the defense may be ready to proceed promptly following the conclusion of the United States' case-in-chief.

13. All objections and other remarks to the court must be made while standing. Objections must be succinct.  If argument is needed, the court will so indicate.  Side bar or bench conferences are discouraged and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court session.  Accordingly, counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court ahead of time.

14. Prior to closing arguments, the court will conduct a charge conference and advise counsel of the substance of the jury charge.  The charge is given after closing arguments. Counsel will be given an opportunity to make an objection to the charge on the record.  In most cases, the court will send a written copy of the charge with the jury for its reference during deliberations.  The jury will be instructed that during deliberations it may request any or all of the exhibits.  Following the trial, counsel may not discuss the case with jurors without leave of court.

15. Post-trial motions shall be made within 7 days following the discharge of the jury. Responses to such motions shall be made within 7 days of the motion being filed.

The Clerk is directed to send copies of this Order to counsel of record for all parties.

Entered: December 17, 2021

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge