IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 5:21-cr-23 |
| v. | ) |
| | ) |
| RICHARD E. MOORE | ) |

**<u>UNITED STATES' MOTION IN LIMINE UNDER RULE 404(b)</u>**

The defendant has been indicted for willfully failing to truthfully account for and pay over federal income tax, Social Security tax, and Medicare tax (collectively, "trust fund taxes") that his company withheld from its employees' wages in the following ten quarters:

| Calendar Quarter Ending |
|---|
| March 31, 2015 |
| June 30, 2015 |
| September 30, 2015 |
| March 31, 2017 |
| June 30, 2017 |
| June 30, 2019 |
| September 30, 2019 |
| December 31, 2019 |
| March 31, 2020 |
| December 31, 2020 |

Dkt. 50 at ¶¶ 9-11. To prove that the defendant's failure was not accidental but knowing, intentional, willful, and part of a pattern or plan, the government would like to introduce the following evidence at trial:

(1) the defendant failed to truthfully account for and timely pay over trust fund taxes for quarters immediately *before* and *between* the charged quarters;

(2) the defendant did not timely pay over *nontax* amounts withheld from employees' wages, such as health insurance premiums, in these charged and uncharged quarters; and

(3) the defendant directed company employees to pay *other creditors* late, less than they were owed, or not at all during these charged and uncharged quarters.

On November 11, 2023, the government notified the defendant of its intent to offer this evidence at trial. Ex. A; Fed. R. Evid. 404(b)(3). The United States now moves *in limine* for its admission.

ARGUMENT

Evidence of other crimes, wrongs, or acts can fall into one of two categories: intrinsic or extrinsic. As the Fourth Circuit has explained, "not all prior 'bad act' evidence is encompassed by Rule 404(b). Instead, the rule is only applicable when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense. In contrast, acts that are a part of, or intrinsic to, the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020) (internal quotations omitted). In defining what constitutes intrinsic evidence, the Fourth Circuit has held that "[e]vidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (internal quotation marks and alterations omitted). If offered to complete the story of the crime on trial, however, the evidence must have a "clear link or nexus" to the story of the offense and be offered for a purpose that is essential to that story. *Brizuela*, 962 F.3d at 795.

Additionally, evidence can be intrinsic where the other criminal acts to be introduced "are inextricably intertwined" with the alleged crime; that is "both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) (internal quotation marks omitted). Evidence that "forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted" is considered "inextricably intertwined with the evidence regarding the charged offense." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (internal quotation marks omitted). This is so "[e]ven where evidence predates the time period of

2

the indictment," because "the government is allowed to provide context relevant to the criminal charges." *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir. 2007).

Evidence of other crimes, wrongs, or acts that is not intrinsic to the crime charged is still admissible under Fed. R. Evid. 404(b) if offered for a purpose other than proving that the defendant acted in accordance with his or her character when committing the alleged offense. *United States v. Higgs*, 353 F.3d 281, 311 (4th Cir. 2003) ("Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition.") (internal quotation marks omitted) (emphasis in original). The list of permissible purposes for which the evidence may be offered is intended to be extremely broad and includes such things as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also United States v. Queen*, 132 F.3d 991, 994-95 (4th Cir. 1997) (recognizing that "the rule's list [of permissible purposes] is not exhaustive" since it is intended to be a rule of inclusion).

In the Fourth Circuit, the test for whether evidence of other crimes, wrongs, or acts are admissible under Rules 401 and 403 of the Federal Rules of Evidence is as follows:

(1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.

(2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense.

(3) The evidence must be reliable.

(4) And the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

*Id.* at 997. Evidence of an act "is 'necessary,' for purposes of establishing an exception under Rule 404(b), when that evidence 'is an essential part of the crimes on trial' or when that evidence 'furnishes part of the context of the crime.'" *United States v. McBride*, 676 F.3d 385 (4th Cir. 2012) (quoting *United States v. Rawle*, 845 F.2d 1244, 1247 n.4 (4th Cir. 1988)). To be "necessary" the evidence need not be "critical to the prosecution's case" but merely "probative of an essential claim or an element of the offense." *United States v. Rooks*, 596 F.3d 204, 211 (4th Cir. 2010). With respect to the third prong, "[e]vidence is reliable for purposes of Rule 404(b) unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *Siegel*, 536 F.3d at 319 (internal quotation omitted). Finally, evidence is unfairly prejudicial "only if there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Wells*, 163 F.3d 889, 896 (4th Cir. 1998); *see also United States v. Williams*, 49 F. App'x. 420, 426 (4th Cir. 2002) (unpublished) ("[E]xclusion of relevant evidence under Rule 403 is done sparingly as an extraordinary remedy."); *United States v. Grimmon*, 137 F.3d 823, 833 (4th Cir. 1998) ("[T]he touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice. Moreover, unfair prejudice must 'substantially' outweigh the probative value of the evidence.").

**I. The defendant's record of failing to truthfully account for and timely pay over trust fund taxes *before* and *between* the charged quarters is admissible to prove willfulness.**

The indictment charges, and the United States must prove, that the defendant "willfully" failed to truthfully account for and timely pay over trust fund taxes to the IRS. Dkt. 50 at ¶ 11; *see* 26 U.S.C. § 7202. Willfulness in federal tax crimes is a "voluntary [and] intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991). And a defendant's record of tax noncompliance is admissible to prove that statutory element. *See, e.g., United*

4

*States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) ("In cases involving violations of federal tax laws such as tax evasion, a defendant's past taxpaying record is admissible to prove willfulness circumstantially.")

In this case, the earliest quarter charged was the first quarter of 2015. For 2014, the immediately preceding year, the defendant signed and filed a delinquent Employer's Quarterly Federal Tax Return (Form 941) for the first quarter, failed to file Forms 941 for the remaining quarters in 2014, and failed to pay over his company's trust fund taxes for those remaining quarters. The defendant also failed to timely file, truthfully account for, timely pay, or fully pay uncharged quarters between the quarters charged in the indictment.

Either this evidence is intrinsic and admissible because it is "necessary to complete the story of the crime on trial," *Siegel*, 536 F.3d at 316, or "inextricably intertwined with the evidence regarding the charged offense," *Lighty*, 616 F.3d at 352, or it is extrinsic and admissible under the Fourth Circuit's analysis in *Queen*, 132 F.3d at 997. Specifically,

(1) The uncharged tax noncompliance – similar and close in time to the noncompliance in the charged quarters – is relevant to the defendant's willfulness, an element of the offenses charged, because it tends to make it more probable that the defendant knew his legal duty and nonetheless intentionally violated it in the charged quarters.

(2) Proof of this similar tax noncompliance is necessary because it is probative of the defendant's willfulness (that is, knowledge and intent), an element of the offenses, in the charged quarters.

(3) The evidence of the defendant's tax noncompliance in these uncharged quarters is reliable because it is substantiated by IRS records and could be believed by a rational and properly instructed jury.

(4) The evidence of the defendant's tax noncompliance is not outweighed, much less substantially outweighed, by unfair prejudice because it would not excite the jury to irrational behavior and subordinate their reason to emotion in the fact-finding process.

*See Daraio*, 445 F.3d at 264-65 ("Inasmuch as it was essential for the government to make a showing of intent or willfulness to meet its burden of proof in this case, the district court

5

properly admitted evidence of Daraio's prior tax non-compliance under Rule 404(b). Evidence that she committed similar offenses and had a history of non-compliance with the IRS was admissible and relevant to prove willfulness."); *United States v. Scali*, 820 F. App'x 23, 27-28 (2d Cir. 2020) ("tax filings from uncharged years were admissible as directly relevant to [the defendant's] intent to evade taxes in the charged years").

*United States v. Ellis* is the case most on point. 548 F.3d 539 (7th Cir. 2008). In *Ellis*, the defendant, like the defendant here, was charged with several counts of failure to truthfully account for and pay over federal trust fund taxes in violation of 26 U.S.C. § 7202. *Id.* at 541. The trial court denied the defendant's motion to exclude evidence relating to her "Failure to File Returns and Pay Over Taxes for Periods Other than Those Alleged in the Indictment" on the following grounds:

- "'[t]he evidence of the earlier failures to file the returns and to make deposits, even when accountants were doing all of the work [for Ellis] except the final submissions ... is all relevant to show that defendant fully understood that PharmaSource was withholding the taxes and that the company and she were legally responsible for filing the returns and depositing the money with the IRS.'"

- "Ellis's failure to file individual and corporate tax returns was probative of the defendant's state of mind on the charged violations because they tended to show that the violations were part of a larger disregard for federal tax obligations that a jury could find was willful."

- "[T]he uncharged violations were directly relevant under *Cheek* to show that Ellis was aware of her duties under the tax laws and to show her complete disregard of those duties."

*Id.* at 542-43. The Seventh Circuit found no abuse of discretion in the trial court's admission of the defendant's uncharged tax violations and agreed that the evidence of her tax noncompliance "was directed toward proving a matter at issue (Ellis's disregard of a known duty), the prior acts were close in time and reliably substantiated, and the acts' probative value was not outweighed by the danger of unfair prejudice." *Id.* at 544. Regarding the latter, the court acknowledged that

6

"the evidence of past tax violations certainly makes Ellis look less than law abiding" but held that any prejudice flowing from that was not unfair. *Id.*

For all these reasons, the defendant's record of tax noncompliance in this case should be admitted to prove that the charged conduct was knowing, intentional, and willful.

**II. The defendant's failure to timely pay over *nontax* amounts withheld from employees' wages is admissible to prove willfulness.**

The defendant also failed to pay over nontax amounts withheld from employees' wages, such as health insurance premiums and 401(k) contributions, during these charged and uncharged quarters. This evidence is likewise admissible either as intrinsic or as extrinsic under *Queen* because it suggests that the defendant's tax noncompliance was part of a larger disregard – that is, a disregard for financial obligations more broadly – and the evidence therefore tends to make it more probable that the defendant's tax noncompliance was knowing, intentional, willful, and part of a pattern or plan.

In similar circumstances, the Third Circuit held it was not an abuse its discretion to admit evidence that the defendant withheld but did not pay over nontax amounts from employees' pay:

> [T]he District Court below admitted the evidence that [the company] did not pay over withheld child support payments, health insurance premiums, and retirement monies based on the Government's theory that the evidence was relevant to intent, motive, and plan. We agree that the evidence of failure to pay over other withheld monies was relevant to the DeMuros' intent, as it tended to prove that the DeMuros' failure to pay over the trust fund taxes was not unintentional or the result of a misunderstanding or mistake. … The evidence was also probative of a pattern, plan, and motive of the DeMuros to surreptitiously take money from [company] employees by way of legitimate withholdings and then retain the money for their own benefit. We therefore conclude that the evidence was relevant to several proper purposes under Rule 404(b). … [T]he District Court did not abuse its discretion in admitting the evidence of the DeMuros' failure to pay over other withheld money."

*United States v. DeMuro*, 677 F.3d 550, 563-64 (3d Cir. 2012).

7

The defendant's failure here to pay over nontax amounts withheld from employees' wages, such as health insurance premiums and 401(k) contributions, during charged and uncharged quarters should likewise be admitted to prove that the charged conduct was knowing, intentional, willful, and part of a pattern or plan.

### III. The fact that the defendant directed company employees to pay *other creditors* late, less than they were owed, or not at all is admissible to prove willfulness.

In the indictment, the United States alleged that the defendant "determin[ed] which of the company's bills to pay and when to pay them." Dkt. 50 at ¶ 7. Relatedly, the government alleged and must prove that the defendant was a "responsible person": that is, the defendant was required to collect, truthfully account for, and pay over to the IRS the trust fund taxes at issue. Dkt. 50 at ¶¶ 7, 10; *see* 26 U.S.C. § 7202.

The fact that the defendant approved payment of any company creditor is direct proof he was a responsible person. That he authorized payment of creditors other than the IRS when he knew that trust fund taxes were due and owing to the IRS is direct proof of willfulness. And the fact that he directed company employees to pay other creditors late, less than they were owed, or not at all is admissible either as intrinsic or as extrinsic under *Queen* because it again suggests that the defendant's tax noncompliance was part of a general disregard for financial obligations broadly.

This type of evidence should likewise be admitted to prove that the defendant's tax noncompliance was knowing, intentional, willful, and part of a pattern or plan.

\>

\>

\>

\>

CONCLUSION

Accordingly, the United States respectfully requests that the Court admit the evidence described above as intrinsic to the crimes charged in the indictment or, alternatively, as extrinsic to those crimes but admissible for a use permitted under Rule 404(b)(2) of the Federal Rules of Evidence.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:     (202) 616-2386
Email: william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Telephone: (202) 616-2412
Email: matthew.c.hicks@usdoj.gov

CERTIFICATE OF SERVICE

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 13th day of November 2023.

/s/ Matthew C. Hicks
Matthew C. Hicks
Trial Attorney