IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 5:21-cr-23 |
| v.         ) | |
| ) | |
| RICHARD E. MOORE       ) | |

**UNITED STATES' SUPPLEMENTAL MOTION IN LIMINE UNDER RULE 404(b)**

On November 13, the United States moved *in limine* for admission of the following evidence to prove that the defendant's failure to truthfully account for and pay over federal income tax, Social Security tax, and Medicare tax (collectively, "trust fund taxes") that his company withheld from its employees' wages was not accidental but knowing, intentional, willful, and part of a pattern or plan:

(1) the defendant failed to truthfully account for and timely pay over trust fund taxes for quarters immediately *before* and *between* the charged quarters;

(2) the defendant did not timely pay over *nontax* amounts withheld from employees' wages, such as health insurance premiums, in these charged and uncharged quarters; and

(3) the defendant directed company employees to pay *other creditors* late, less than they were owed, or not at all during these charged and uncharged quarters.

Dkt. 53. Today, the government notified the defendant of its intent to offer a fourth category of evidence at trial:

(4) the defendant did not timely file, truthfully account for, timely pay, and/or fully pay over *state* trust fund taxes in these charged and uncharged quarters.

Ex. A; Fed. R. Evid. 404(b)(3). The United States now moves to supplement its November 13th motion *in limine* and, for the sake of efficiency, proceeds in reliance on portions of the original motion relevant here but refrains from reproducing them.

ARGUMENT

\* \* \*

**IV. The defendant's failure to timely file, truthfully account for, timely pay, and/or fully pay over *state* trust fund taxes in charged and uncharged quarters is admissible to prove willfulness.**

The defendant also failed to comply with parallel state tax obligations to truthfully account for and pay over income taxes withheld by his company from its employees' wages for the Commonwealth of Virginia. This evidence is extrinsic and admissible under the Fourth Circuit's analysis in *Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Specifically,

(1) The state tax noncompliance – similar and contemporaneous or close in time to the federal tax noncompliance in the charged quarters – is relevant to the defendant's willfulness, an element of the offenses charged, because it tends to make it more probable that the defendant knew his legal duty and nonetheless intentionally violated it in the charged quarters because of a larger disregard for trust fund taxes in general: that is, both federal and state trust fund taxes and not federal trust fund taxes alone.

(2) Proof of this state tax noncompliance is necessary because it is probative of the defendant's willfulness (that is, knowledge and intent), an element of the offenses, in the charged quarters.

(3) The evidence of the defendant's state tax noncompliance is reliable because it is substantiated by Virginia tax records and could be believed by a rational and properly instructed jury.

(4) The evidence of the defendant's state tax noncompliance is not outweighed, much less substantially outweighed, by unfair prejudice because it would not excite the jury to irrational behavior and subordinate their reason to emotion in the fact-finding process.

*See United States v. Khanu*, 664 F. Supp. 2d 80, 81-82, 85 (D.D.C. 2009) (admitting evidence under Rule 404(b) that individual defendant failed to pay company's District of Columbia employment taxes because state tax noncompliance was "conduct nearly identical" to charged crime of conspiracy to defraud IRS by, in part, paying employees in cash to "avoid paying [federal] employment taxes on those wages").

2

## CONCLUSION

Accordingly, the defendant's record of state tax noncompliance should be admitted to prove that the charged federal tax noncompliance was knowing, intentional, willful, and part of a pattern or plan to use the money Nexus withheld from its employees' wages for other than its intended purposes, all of which are uses permitted under Rule 404(b)(2) of the Federal Rules of Evidence.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:     (202) 616-2386
Email: william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Telephone: (202) 616-2412
Email: matthew.c.hicks@usdoj.gov

## **CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 17th day of November 2023.

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney