IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 5:21-CR-00023-EKD-JCH-1 |
| | ) | |
| RICHARD E. MOORE | ) | |

**DEFENDANT RICHARD E. MOORE'S MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE JURY TRIAL AND ALL ASSOCIATED DEADLINES**

NOW COMES Defendant RICHARD E. MOORE ("Mr. Moore"), by counsel and pursuant to 18 U.S.C. § 3161(h), in support of his Motion to Continue Jury Trial and All Associated Deadlines filed simultaneously herewith, and states as follows:

**I.    Relevant Procedural History**

On December 9, 2021, a federal grand jury in the Western District of Virginia indicted Mr. Moore on ten counts of failure to account for and pay over trust fund taxes in violation of 26 U.S.C. § 7202. (Indictment, ECF No. 1.) On September 27, 2022, this Court issued a Notice Rescheduling the Jury Trial from November 7, 2022 to August 7, 2023. (ECF No. 38.)

On May 11, 2023, The Court granted an unopposed Motion to Continue the trial from August 7, 2023 to December 4, 2023. (ECF No. 44.)

On November 9, 2023, the government submitted two superseding indictments to a federal grand jury in the Western District of Virginia, and those indictments were returned against Mr. Moore.

The government has indicated that they intend to oppose this motion for continuance.

**II.     Factual Assertions**

Moore faces two superseding indictments that were returned on November 9, 2023, less than thirty days before the scheduled trial date.

Recently, on Wednesday, November 15, 2023, Rebecca Neal, the former Chief Financial Officer of Nexus Services, Inc. and government witness in this matter, requested copies of transcripts of her own deposition from an attorney on an unrelated matter— counsel for defense remained unaware of this until Friday, November 17, 2023. After repeated attempts, William Montague, of the Department of Justice, personally contacted counsel in the unrelated matter requesting the same transcripts of the deposition of Rebecca Neal.  Apparently, the Department of Justice had been unsuccessful in attempting to acquire the transcript directly from the company which held the deposition and had been unable to either subpoena a copy of the same or receive a copy from Rebecca Neal.

Once made aware that the deposition of Rebecca Neal might hold relevance to this case, Amina Matheny-Willard noticed an appearance on this matter and offered to transmit the relevant transcripts once she could secure consent from the underlying client in the civil matter. As of the time of drafting, a full review of the transcripts[1] in the unrelated matter has not been conducted, but a truncated review of those transcripts brings to light multiple instances of what appear to be perjury and/or misstatements of material facts that deeply affect the veracity of a person who appears to be a critical government witness. It further appears that some of Rebecca Neal's statements directly contradict statements made by other witnesses in the unrelated matter.

---

[1] Rebecca Neal's deposition was approximately five hours long; depositions of other parties in the matter total similar lengths. Further, a deposition held of a non-party witness in that matter was held on November 16, 2023, and the testimony in the same appears to contradict with the statements made by Rebecca Neal.

Once, the Department of Justice, circuitously, made it apparent that there may exist relevant information in the discovery materials of this unrelated matter, counsel for Mr. Moore scheduled multiple telephonic meetings to determine how best to review the same in order to adequately prepare to present their defense. It has been determined that a full review can be completed within ninety days.

Based on the truncated review conducted and the meetings held, it appears, at a minimum, that Rebecca Neal misrepresented:

- Testimony regarding documents to be produced in the Orlando v. Neal case.
- Information about her employment period and responsibilities at Nexus Services.
- That her important and/or financial documents were destroyed, which may be relevant to Mr. Moore's defense. In a subsequent deposition it was learned that the documents may not have been destroyed (need to investigate whether these documents have been withheld).
- Communications, both verbal and through text messaging.
- Her awareness and actions pertaining to covering up behavior that constitute the crux of the civil case.

This evidence directly coincides with a theory of defense that Mr. Moore planned to advance, namely that Rebecca Neal embezzled significant funds from Nexus Services and failed in her duties as CFO to properly remit monies owed to the federal government—in short, that Rebecca Neal is at fault and that her assertions to the contrary should not be credited. This new evidence, only discovered as a result of the Department of Justice's phone call to an unrelated attorney on an unrelated matter, brings to light significant evidence which may critically affect the outcome of this case and the likelihood of proceeding to trial.[2]

---

[2] There exists significant possibility that after review of these transcripts that the matter may settle in a plea-agreement, or that the government may choose to forego prosecution of the matter due to a material witness's statements in a recently held deposition.

It would have been impossible for Defendant to discover these matters without the government making a disclosure of the same in a *Brady* disclosure or similar disclosure and no amount of diligence could have resulted in criminal counsel for Mr. Moore discussing discovery in an unrelated ongoing civil matter. Moreover, *both* the government (due to Brady compliance) and Mr. Moore require a short continuance to review evidence which will be highly relevant to any trial of this matter—and that critically may abrogate the need for trial altogether. Finally, absent reasonable time to review the materials discussed above, there is a significant likelihood of injustice and that Mr. Moore would be unreasonably denied his Constitutional right to counsel as a result of inadequate preparation of his defense in light of these new developments.[3]

## II. Memorandum of Law

The Speedy Trial Act, 18 U.S.C. § 3161, *et* seq., excludes from the computation time in which a trial must commence "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . . , if the judge granted such continuance on the basis . . . that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court, in its determination whether to grant a continuance and exclude any resulting period of delay from the Act's computation of time, must consider, *inter alia*, whether its denial of the continuance will result in a "miscarriage of justice" (18 U.S.C. § 3161(h)(7)(B) (i)) or deny a party "the continuity of counsel" (18 U.S.C. § 3161(h)(7)(B)(iv)). Additionally, the statutory Speedy Trial Act calculation is reset because of the new indictments in this case.

---

[3] This is only made worse by the recent addition of superseding indictments.

Mr. Moore's trial is scheduled to commence twenty-six days following his superseding indictment in this case. A superseding indictment that contains a new count, rather than an amendment of an existing count, is treated as if the indictment was dismissed without prejudice and refiled.

Mr. Moore respectfully submits that good cause exists for this Court to continue the trial in this case to allow him continuity of his counsel of choice and to prevent the miscarriage of justice that otherwise would result. A failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation: defense counsel was diligent in seeking out information and diligently began to review the transcripts as soon as their existence came to light. There is nothing which counsel could have done to learn of the same sooner. Additionally, the current trial date is set within thirty days of the Defendant's superseding indictments in this case, which were issued on November 9, 2023, and for that reason alone a continuance is necessary.

Most tellingly, upon learning of the relevance of the testimony and evidence presented by Rebecca Neal in the unrelated matter, Mr. Moore immediately retained counsel who had familiarity with that matter and had counsel enter this case. That counsel, Amina Matheny-Willard, now needs to re-examine evidence presented in the unrelated matter in order to apply the facts uncovered to the unique circumstances of this case and to ensure that *all* counsel for Mr. Moore can incorporate the same into Mr. Moore's defense.

Further the time requested is reasonable; Mr. Moore has set forth a concrete, and short, period of time during which his counsel are confident that they can investigate matters to gather material relevant to the defense. Moreover, that material is critical because this matter will largely turn upon credibility and the evidence goes directly to the

credibility of the government's primary witness—in other words, the collection of evidence and investigation which Mr. Moore seeks to conduct seeks to insure that no miscarriage of justice results.

Finally, although not provided in a traditional disclosure, in essence, the information which Mr. Moore seeks to investigate and to incorporate into his planned defense has come to light as a result of the actions of the government. Mr. Moore's counsel, beginning the Friday before Thanksgiving, has marshalled resources and ensured that the instant motion could be filed at the earliest point to ensure that a minimal delay and disruption would occur. Without a continuance, it would be completely impossible to investigate the matters, review transcripts, interview witnesses, and collect all necessary evidence to begin trial at the currently set date of December 4, 2023.

Given all of the foregoing, it is clear that this request meets the criteria set forth in 8 USCA § 3161(h)(7)(B)(i) & (iv) and that a continuance should be granted.

### III.   Conclusion

Mr. Moore, based on the foregoing assertions and argument, that this Court continue the trial and associated deadlines in this case for a short time to permit defense counsel an opportunity to review new evidence and prepare for trial.

Date:     November 20, 2023

*Respectfully Submitted,*

*/s/ Amina Matheny-Willard, Esq.*
Amina Matheny-Willard
VSB #43566
Amina Matheny-Willard, PLLC
999 Waterside Drive, Suites 2525
Norfolk, Virginia 23510

T: 757-777-3441; F: 757.282.7808
Email: amina@aminalaw.com

***/s/ Joshua Sabert Lowther Esq.***
Joshua Sabert Lowther Esq.
GSB No. 460398
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
(404) 496-4052
jlowther@lowtherwalker.com

### CERTIFICATE OF SERVICE

I certify that on November 20, 2023, I electronically filed the foregoing DEFENDANT RICHARD E. MOORE'S MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE JURY TRIAL AND ALL ASSOCIATED DEADLINES with the Clerk of the United States District Court for the Western District of Virginia by way

of the CM/ECF system, which automatically will serve this document on the attorneys of

record for the parties in this case by electronic mail as follows:

William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph: (202) 616-2386
Email: william.m.montague@usdoj.gov

Matthew C. Hicks
Trial Attorney
 U.S. Department of Justice, Tax Division
 150 M Street, N.E.
 4 Constitution Square, Mail Stop: 1.1313
 Washington, D.C. 20002
Telephone: (202) 616-2412
 Email: matthew.c.hicks@usdoj.gov

                    ***/s/ Amina Matheny-Willard, Esq.***
                    Amina Matheny-Willard
                    VSB #43566
                    Amina Matheny-Willard, PLLC
                    999 Waterside Drive, Suites 2525
                    Norfolk, Virginia 23510
                    T: 757-777-3441; F: 757.282.7808
                    Email: amina@aminalaw.com

                    ***/s/ Joshua Sabert Lowther Esq.***
                    Joshua Sabert Lowther Esq.
                    GSB No. 460398
                    Lowther | Walker LLC
                    101 Marietta St., NW, Ste. 3325
                    Atlanta, GA 30303
                    (404) 496-4052
                    jlowther@lowtherwalker.com