IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:21-cr-23 |
| | ) | |
| RICHARD E. MOORE | ) | |

**UNITED STATES' MOTION FOR A HEARING ON DEFENDANT'S FAILURE TO RETAIN COUNSEL AND INCORPORATED MEMORANDUM IN SUPPORT**

The United States respectfully moves this Court to schedule a hearing concerning the defendant, Richard Moore's, failure to retain counsel and to require his presence at the hearing. The United States asks that the Court then either: (1) appoint counsel for the defendant or (2) find the defendant has expressly waived the right to counsel and, if that is the case, (3) warn him that, if he subsequently retains counsel, no continuance of the December 2, 2024 trial date will be granted on the ground that defense counsel needs additional time to prepare for trial.

I.   **Procedural History and Background**

A grand jury in the Western District of Virginia returned an Indictment on December 9, 2021, charging the defendant, Richard Moore, with 10 counts of willful failure to account for and pay over trust fund taxes to the IRS, in violation of 26 U.S.C. § 7202. Dkt No. 1. On November 9, 2023, the grand jury returned a Superseding Indictment, which added two counts of making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). Dkt No. 50.

Since the initial Indictment, trial of this case has been continued four times for a total of almost three years. *See* Dkt. Nos. 28, 39, 45, and 83. During that time, the defendant has been represented by six different retained attorneys: (1) Mark Schamel and (2) Christopher Schafbuch

from December 2021 through May 26, 2022; (3) Joshua Lowther from April 2022 through November 20, 2023; (4) Christopher Okay from March 2022 through December 13, 2023; and (5) Michael Song and (6) Amina Matheny-Willard from November 2023 through December 13, 2023.

On December 13, 2023, the Court granted Mr. Okay, Mr. Song, and Ms. Matheny-Willard's respective motions to withdraw as counsel contingent on new counsel entering an appearance. *See* Dkt. Nos. 71, 72, and 75. At the hearing on December 13, 2023, the defendant represented, through counsel, that he was in the process of retaining new counsel, who was performing a review of potential conflicts. *See* Dkt. No. 75. The Court requested that new counsel enter a notice of appearance no later than December 20, 2023. *See id*. On December 21, 2023, the defendant moved, through counsel, for an extension until January 4, 2024, which the Court granted, because the firm he was seeking to retain needed additional time to consider the engagement. *See* Dkt. Nos. 76 and 77. When the defendant had not retained counsel by the deadline, the Court set a status hearing for January 16, 2024. *See* Dkt. No. 79.  Since then, the Court has held two additional status hearings regarding the defendant's failure to retain counsel—on January 17, 2024 and March 13, 2024. *See* Dkt. Nos. 81 and 84. The Court has also received regular email updates through Mr. Song and Ms. Matheny-Willard as to the status of the defendant's efforts to retain counsel. Mr. Song's latest update on April 3, 2024, indicated that the defendant *still* has not retained new counsel more than three months after the Court's initial deadline for him to do so.

On April 3, 2024, the United States also learned that the defendant has been sentenced to nine months of incarceration by the Augusta County Circuit Court following his conviction on a charge of perjury. *See* Attachment A – Case Detail for Case No. CR20000230-00.

## II. Legal Standard

The defendant's lengthy failure to secure counsel appears calculated to delay his tax fraud trial, which is currently set for December 2, 2024. The Fourth Circuit has been clear that a defendant cannot delay trial by failing to take reasonable steps to obtain counsel: "the Sixth Amendment guarantees to a defendant with financial means only a *fair opportunity* to secure counsel of his own choice—not an indefinite series of continuances during which to conduct a leisurely search for counsel on his own schedule." *United States v. Owen*, 407 F.3d 222, 225 (4th Cir. 2005) (internal quotation omitted) (emphasis in original); *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 612-13 (4th Cir. 1986) ("Obviously a defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial, or by objecting that counsel then retained or assigned is not presently 'counsel of his choice.'").

A delay for the defendant to seek counsel "cannot be considered justifiable if it proceeds from a transparent ploy for delay[.]" *Id.* at 613 (internal quotations omitted). For this reason, a defendant who squanders the reasonable opportunity afforded him to obtain counsel "play[s] a dangerous game in trying to manipulate [his] claim of right to counsel in an effort to create error." *United States v. Wright*, 797 F.2d 171, 174 (4th Cir. 1986).

The Fourth Circuit counsels that:

> When faced with a defendant who delays in the employment of an attorney, who will not request the appointment of an attorney by the court, and who will not expressly waive his right to an attorney, the trial judge should bring such defendant into court and make a finding on the record that the actions or lack of actions of the defendant are the voluntary and intentional relinquishment of his known right to be represented by an attorney and that defendant's actions will be treated as an election to proceed pro se. The trial judge should then set a date for trial not less than thirty days in the future [to comply with the provisions of 18

>U.S.C. § 3161(c)(2)], and [s]he should advise the defendant that his trial will commence on that date whether he is represented by an attorney or whether he appears pro se.

*Id.* at 176.

Therefore, the United States requests that the Court schedule a hearing with the defendant present. In accordance with the Fourth Circuit's recommended procedure, the United States asks that the Court first inquire as to the defendant's financial ability to retain counsel. If the defendant qualifies for appointment of counsel, then the United States requests that the Court appoint counsel for the defendant. On the other hand, if the Court is satisfied that the defendant does not qualify for the appointment of counsel or if the defendant refuses to submit to an examination regarding his finances, then the United States requests that the Court make findings on the record regarding whether the defendant's failure to retain counsel constitutes a "voluntary and intentional relinquishment of his known right to be represented by an attorney." Here, the facts speak for themselves. The defendant has now delayed more than three months in hiring an attorney despite repeated admonitions from the Court to secure counsel. His continued inaction in the face thus constitutes an express waiver of his right to counsel. *See id.* at 172-74 (finding "no merit" to defendants' claim of a violation of their constitutional right to counsel based on a delay of 47 days between when defendants advised the trial court that they wanted to hire counsel and when the court forced them to proceed to trial without counsel).

Finally, if the Court finds that the defendant has expressly waived his right to counsel, then the United States asks that the Court further make clear to the defendant that the December 2, 2024 trial date is a firm date and that, if defendant wishes to hire counsel in the interim, no continuance will be granted on the ground that defense counsel needs additional time to prepare for trial.

### III. Conclusion

WHEREFORE, the United States respectfully requests the Court schedule a hearing on the defendant's failure to retain counsel, require his attendance at that hearing, and make findings as outlined above.

The United States has apprised Mr. Song of its intent to file this Motion. Because Mr. Song practices in Denver, Colorado, he asks the Court's permission to appear remotely at the requested hearing. The United States has no objection to Mr. Song's request.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:      (202) 616-2386
Email: william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Ph:      (202) 616-2412
Email: matthew.c.hicks@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ William M. Montague
William M. Montague
Trial Attorney