CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 21, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:21-cr-00023 |
| v.   ) | |
| ) | By: Elizabeth K. Dillon |
| RICHARD E. MOORE   ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This criminal case against defendant Richard E. Moore was scheduled for a trial to begin on December 4, 2023, and it has since been rescheduled for December 2, 2024. However, the case has been in a holding pattern since the November 20, 2023 pretrial conference because of defendant's inability or unwillingness to obtain counsel to represent him. At that pretrial conference, the court granted the motion to withdraw by Joshua Lowther, one of Moore's attorneys. In early December, all remaining counsel for Moore—Christopher M. Okay, Amina Matheny-Willard, and Michael C. Song—moved to withdraw because of conflicts of interest. (Dkt. Nos. 71, 72.) At a conference held on December 13, 2023, the court granted the motions to withdraw contingent on new counsel entering an appearance. The court also requested that new counsel enter a notice of appearance no later than December 20, 2023, which the court later extended to January 4, 2024.

Since that time, the court has been holding regular status conferences and hearings to ask for updates while Moore purportedly pursued obtaining other counsel. Through current counsel, Moore has repeatedly represented to the court that he is working to obtain new counsel or is close to reaching an agreement with new counsel. As of April 3, 2024, however, Mr. Song advised that Moore still had not retained new counsel.

On April 5, 2024, the United States filed a motion asking that the court schedule a

hearing on the defendant's failure to retain counsel, require his attendance at that hearing, and make findings as to whether Moore's continuing failure constitutes a "voluntary and intentional relinquishment" of his right to be represented by an attorney. (Dkt. No. 86.) The court held that hearing on May 29 and so effectively has granted the motion.

At the May 29 hearing, Moore informed the court that he did not want to submit a financial application for appointed counsel and also expressed that he did not want to represent himself. He advised that he was speaking with a different attorney than the others he had previously contacted and that he expected new counsel to note an appearance within a week. That week has passed, and no counsel has entered an appearance.

The United States asserts that Moore's actions have had the effect—and possibly were done with the intent—of delaying trial. As the Fourth Circuit has explained, delays in obtaining counsel cannot be employed by a criminal defendant in an attempt to delay trial. *Sampley v. Att'y Gen. of N.C.*, 786 F.2d 610, 613 (4th Cir. 1986) (noting that a defendant may not delay trial by simply appearing without counsel to represent him and that if he has been given a "fair opportunity to secure counsel," the court may deny a continuance and require a defendant to proceed pro se). Indeed, a defendant who fails to obtain counsel despite a reasonable opportunity to do so "play[s] a dangerous game in trying to manipulate [his] claim of right to counsel in an effort to create error." *United States v. Wright*, 797 F.2d 171, 174 (4th Cir. 1986).

As the *Wright* court explained:

> When faced with a defendant who delays in the employment of an attorney, who will not request the appointment of an attorney by the court, and who will not expressly waive his right to an attorney, the trial judge should bring such defendant into court and make a finding on the record that the actions or lack of actions of the defendant are the voluntary and intentional relinquishment of his known right to be represented by an attorney and that defendant's actions will be treated as an election to proceed pro se. The trial

2

> judge should then set a date for trial not less than thirty days in the future [to comply with the provisions of 18 U.S.C. § 3161(c)(2)], and [s]he should advise the defendant that his trial will commence on that date whether he is represented by an attorney or whether he appears pro se.

*Id.* at 176.

This case fits comfortably within the framework discussed in *Wright*. Moore has now had more than six months since his remaining counsel asked to withdraw and more than five months since the court's January 4 deadline for new counsel to enter an appearance. Consistent with the *Wright* court's instructions and after holding a hearing, the court concludes that Moore's extensive and repeated delays in obtaining counsel are a "voluntary and intentional relinquishment of his right to counsel." *See id.* The length of the delays, in particular, support the court's conclusion. *Cf. Wright*, 797 F.2d at 173–74 (finding defendants' rights were not violated where the court required them to proceed pro se at trial less than two months after they told the court they wanted to hire counsel). The court thus will treat Moore's actions as an "election to proceed pro se." *See id.* Accordingly, the court will grant the pending motions to withdraw and allow all current counsel to withdraw.

Moore is reminded that the trial is set to begin on December 2, 2024, and he should be ready to represent himself at that time. Additionally, if he obtains counsel before trial and that attorney enters an appearance, the attorney should be prepared to go forward on that date.

Although not raised by the United States or by defendant, the court also considers whether to appoint advisory or standby counsel for defendant. It is clear that the court may appoint standby counsel for a defendant who has elected to proceed pro se, thereby requiring defendant to proceed with hybrid representation. *United States v. Bryson*, 105 F. App'x 470, 474 (4th Cir. 2004) (affirming the district court's discretionary appointment of standby counsel in

3

case where defendant elected to proceed pro se); *McKaskle v. Wiggins*, 465 U.S. 168, 176–79 (1984) (holding that a court may appoint standby counsel over the defendant's objection and that the right to self-representation is not undermined by a counsel who participates in trial or who—at least outside the presence of the jury—openly disagrees with the defendant).

Both *Bryson* and *McKaskle* involved defendants who were financially eligible for appointed counsel, while Moore has refused to submit paperwork to establish his eligibility. Nonetheless, it has long been true that a district court has the inherent authority to appoint standby counsel in a criminal case. *See Mayberry v. Pennsylvania*, 400 U.S. 455, 467–68 (1971) (Burger, C.J., concurring) (noting that a trial judge may be "well advised" to have standby counsel to act as a consultant in a case and noting that "the integrity" of the trial process "warrants a trial judge's exercising his discretion to have counsel participate in the defense even when rejected"); *United States v. Singleton*, 107 F.3d 1091, 1100 (4th Cir. 1997) (recognizing that a court has discretion to allow attorney participation as advisory counsel or standby counsel, but the Constitution does not mandate being permitted such hybrid representation); *Johnstone v. Kelly*, 808 F.2d 214, 217 (2d Cir. 1986) (reasoning that where a trial court "fears that a pro se defendant lacks the ability to defend himself adequately," the proper course is to appointment "standby counsel" to assist the defendant in his pro se defense).

Moreover, the Guide to Judiciary Policy recognizes that the court has inherent authority to appoint standby counsel for a pro se defendant—even one who is *not* financially eligible—as a means to "protect the integrity and continuity of the proceedings" and the fairness of the trial process. Administrative Office of the United States Courts, 7A *Guide to Judiciary Policy* § 220.55.30(a); *id.* § 220.44.30(b) ("An appointment under this section [titled "Standby Counsel Appointed Under the Court's Inherent Authority"] may be made regardless of whether the

4

defendant is financially able to obtain adequate representation.").

The court concludes that it is appropriate to appoint advisory or standby counsel here for at least three reasons. First, although the court has held that Moore knowingly elected to proceed pro se through his continued delays in obtaining counsel, the court recognizes that some efforts were made by Moore to obtain counsel and that he has expressed to the court that he does not want to proceed pro se. Second, this case involves alleged violations of the tax statutes, which could be complicated for a non-attorney. Third, Moore is currently serving a nine-month state sentence and may encounter additional difficulties in proceeding pro se because of his incarceration. *Cf. Buchanan Cnty., Va. v. Blankenship*, 406 F. Supp. 2d 642, 644–45 (W.D. Va. 2005) (noting that a federal court "has the inherent discretion to appoint a guardian ad litem for any party who is in need of such appointment" and that under Virginia law, a guardian ad litem *must* be appointed for a defendant in a state-court civil case who is an incarcerated felon); 6A Wright, Miller & Kane, *Federal Practice & Procedure* § 1570, at 498 (2d ed. 1990) ("The district court's power to appoint a guardian ad litem under [Federal Rule of Civil Procedure] 17(c)(2) has been broadly interpreted and has not been limited by a narrow construction of the words "infant" or "incompetent person."). These factors support the court's conclusion that the fairness of the trial process would be well served by having advisory or standby counsel available to assist Moore.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court hereby ORDERS that:

1. The United States' motion for a hearing (Dkt. No. 86) was GRANTED when the court held its May 29, 2024 hearing;

2. The pending motions to withdraw (Dkt. Nos. 71, 72) are GRANTED. Mr. Okay, Mr.

   Song, and Ms. Matheny-Willard are excused from all further representation of Moore;

3. Absent new counsel entering a timely appearance, Moore will be required to represent himself at the trial of this matter, which will begin on December 2, 2024. If new counsel notes an appearance, he or she shall be prepared to go forward on that date; and

4. In order to assist the court, standby counsel will be appointed pursuant to 5 U.S.C. § 3109. The attorney, who will be appointed by separate order, may provide advice to and consult with the defendant as necessary to protect the integrity and continuity of these proceedings.

The clerk is directed to send a copy of this order to all counsel of record and to Moore via an appropriate official at his current place of incarceration. Mr. Song is directed to forward a copy to Moore and to provide Moore's mailing address to the clerk.

Entered: June 21, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge