CLERKS OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

SEP 26 2024

LAURA A. AUSTIN, CLERK
BY:_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No.   5:21-cr-23** |
| | ) | |
| **v.** | ) | **In violation of:** |
| | ) | |
| **RICHARD E. MOORE,** | ) | **26 U.S.C. § 7202** |
| **Defendant.** | ) | |
| | ) | **26 U.S.C. § 7206(2)** |
| | ) | |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.      Defendant **RICHARD E. MOORE ("MOORE")** resided in Augusta County, Virginia, which was within the Western District of Virginia.

2.      Nexus Services, Inc. ("Nexus"), was a company that provided bond securitization and other services for immigrants detained in or released from the custody of U.S. Immigration and Customs Enforcement.  Nexus was licensed to do business in the Commonwealth of Virginia and maintained its principal place of business in Verona, Virginia, which was within the Western District of Virginia.

3.      **MOORE** was executive vice president and part owner of Nexus. **MOORE** purported to transfer his ownership interest in Nexus to his co-owner in early 2022 and resign his role as executive vice president in late 2023.

4.      The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and for the collection of taxes owed to the United States.

5.      The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages.  The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages.  Collectively these taxes are known as "trust fund taxes" because employers, who hold these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees.

6.      Employers, whose annual liability for trust fund taxes was greater than $1,000, were required to file an Employer's Quarterly Federal Tax Return ("Form 941").  The Form 941 was due to the IRS at the end of the month following the end of each calendar quarter and required the employer to report the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits the employer made with the IRS.

7.      **MOORE** exercised control over Nexus's business and financial affairs, including hiring and firing employees, directing the company's day-to-day management, and determining which of Nexus's bills to pay and when to pay them.  Thus, he was a responsible person for collecting trust fund taxes, accounting for those trust fund taxes by filing Forms 941 with the IRS, and paying over to the IRS the trust fund taxes for Nexus's employees.

8.      From at least January 1, 2015 through January 31, 2021, **MOORE** withheld trust fund taxes from the pay of his employees.  However, for various quarters he failed to fully pay withheld trust fund taxes to the IRS on behalf of Nexus.  **MOORE**'s failure to pay over trust fund taxes due and owing to the IRS for Nexus resulted in an outstanding balance of more than $1.5 million owed to the IRS.

9.      After a grand jury in the Western District of Virginia returned an indictment on or about December 9, 2021 charging **MOORE** with the above conduct, he continued to withhold but not pay over trust fund taxes to the IRS from at least October 1, 2022 through March 31, 2023. **MOORE**'s continued failure to pay over trust fund taxes due and owing to the IRS resulted in more than an additional $300,000 owed to the IRS.

## COUNTS ONE THROUGH TEN
### (Failure to Account for and Pay Over Trust Fund Taxes)

10.      Paragraphs 1 through 8 of this Second Superseding Indictment are re-alleged as if fully set forth herein.

11.      **MOORE** was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Nexus the trust fund taxes imposed on its employees by the Internal Revenue Code.

12.      On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Western District of Virginia, **MOORE** did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Nexus.

| Count | Calendar Quarter Ending | Due Date of Form 941 |
|---|---|---|
| 1 | March 31, 2015 | April 30, 2015 |
| 2 | June 30, 2015 | July 31, 2015 |
| 3 | September 30, 2015 | October 31, 2015 |
| 4 | March 31, 2017 | April 30, 2017 |
| 5 | June 30, 2017 | July 31, 2017 |
| 6 | June 30, 2019 | July 31, 2019 |
| 7 | September 30, 2019 | October 31, 2019 |
| 8 | December 31, 2019 | January 31, 2020 |
| 9 | March 31, 2020 | April 30, 2020 |
| 10 | December 31, 2020 | January 31, 2021 |

All in violation of Title 26, United States Code, Section 7202.

3

## COUNT ELEVEN
### (Aiding and Assisting in the Preparation of a False Tax Return)

13.     Paragraphs 1 through 8 of this Second Superseding Indictment are re-alleged as if fully set forth herein.

14.     On or about April 7, 2020, in the Western District of Virginia, and elsewhere, **MOORE** willfully aided and assisted in, procured, counseled, and advised the preparation and presentation to the IRS of a U.S. Individual Income Tax Return, Form 1040, for **MOORE** and his spouse for calendar year 2019, which was false and fraudulent as to a material matter.  That joint tax return reported on Line 19 that **MOORE** and his spouse had made total federal income tax payments of $291,144, whereas, as **MOORE** knew they had not paid that amount.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWELVE
### (Aiding and Assisting in the Preparation of a False Tax Return)

15.     Paragraphs 1 through 8 of this Second Superseding Indictment are re-alleged as if fully set forth herein.

16.     On or about July 1, 2021, in the Western District of Virginia, and elsewhere, **MOORE** willfully aided and assisted in, procured, counseled, and advised the preparation and presentation to the IRS of a U.S. Individual Income Tax Return, Form 1040, for **MOORE** and his spouse for calendar year 2020, which was false and fraudulent as to a material matter.  That joint tax return reported on Line 33 that **MOORE** and his spouse had made total federal income tax payments of $88,846, whereas, as **MOORE** knew they had not paid that amount.

In violation of Title 26, United States Code, Section 7206(2).

## COUNTS THIRTEEN THROUGH EIGHTEEN
### (Failure to Account for and Pay Over Trust Fund Taxes)

17.     Paragraphs 1 through 6 and 9 of this Second Superseding Indictment are re-alleged as if fully set forth herein.

18.     On or about December 9, 2021, a grand jury in the Western District of Virginia returned an indictment charging **MOORE** with Counts 1 through 10 above.

19.     Even though **MOORE** purported to transfer his ownership interest in Nexus to one of his co-owners, he continued to exercise control over Nexus's business and financial affairs, including determining which of Nexus's bills to pay and when to pay them. As such, **MOORE** was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Nexus the trust fund taxes imposed on its employees by the Internal Revenue Code.

20.     On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Western District of Virginia, **MOORE** did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Nexus.

| Count | Calendar Quarter Ending | Due Date of Form 941 |
|---|---|---|
| 13 | December 31, 2022 | January 31, 2023 |
| 14 | March 31, 2023 | April 30, 2023 |
| 15 | June 30, 2023 | July 31, 2023 |
| 16 | September 30, 2023 | October 31, 2023 |
| 17 | December 31, 2023 | January 31, 2024 |
| 18 | March 31, 2024 | April 30, 2024 |

All in violation of Title 26, United States Code, Section 7202.

A TRUE BILL this __26__ day of September 2024.

/s/Grand Jury Foreperson
FOREPERSON

_____
CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY

6