IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:21-cr-23 |
| | ) | |
| RICHARD E. MOORE | ) | |

**UNITED STATES' MEMO IN SUPPORT
OF USPO'S PETITION TO REVOKE BOND**

The defendant was indicted in December 2021 for allegedly committing ten federal tax crimes over five years. The Court released him on the condition that he would not commit any (more) crimes. But less than a year later, the defendant allegedly committed the same tax crime, repeatedly, until he was imprisoned by the Commonwealth – for contempt, because he failed to pick up trash as part of a differed dispensation on a state felony perjury conviction – and committing federal tax crimes became harder.

Yesterday, the defendant was released from prison for that state crime. He is now in federal custody, pending a decision by the Court on the Probation Officer's petition to revoke the defendant's bond. Dkt. No. 100. The United States joins that petition and states in support:

1. On December 16, 2021, the Court imposed several conditions of release. Dkt. No. 12.

2. The first condition was that the defendant must not violate federal, state, or local law while on release. *Id.* at p. 1. This has been called "the most fundamental condition of release under the Bail Reform Act." *United States v. Manafort*, 897 F.3d 340, 345 (D.C. Cir. 2018). And its violation is telling. *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (legislative history for 18 U.S.C. § 3148 provides that "[t]he commission of a serious crime by a released person is plainly indicative of his inability to conform to one of the most basic conditions of

his release, i.e. that he abide by the law … [T]he [Senate Judiciary] Committee is of the view that commission of a felony during the period of release generally should result in the revocation of the person's release."); *see also* 18 U.S.C. § 3147 (person convicted of felony committed on pretrial release subject to consecutive sentence of imprisonment of up to ten years).

3. The Court warned the defendant that if he violated any condition of release, he could be arrested, detained, and imprisoned. *Id.* at p. 4.

4. The defendant acknowledged that he was aware of the conditions of release. He promised to obey all of them. And he said he knew what the consequences would be if he did not. *Id.*

5. Last week, the grand jury returned a second superseding indictment in this case, charging the defendant with six more crimes. Dkt. No. 97, p. 5 (Counts 13-18).

6. Those six new counts were for violation of the same federal law as the first ten counts: failure to account for and pay over trust fund taxes in violation of 26 U.S.C. § 7202. *Id.* at pp. 3, 5.

7. All of those new counts were for periods of time *after* the defendant's December 2021 indictment. *Id.* at p. 5.

| Count | Calendar Quarter Ending | Due Date of Form 941 |
|---|---|---|
| 13 | December 31, 2022 | January 31, 2023 |
| 14 | March 31, 2023 | April 30, 2023 |
| 15 | June 30, 2023 | July 31, 2023 |
| 16 | September 30, 2023 | October 31, 2023 |
| 17 | December 31, 2023 | January 31, 2024 |
| 18 | March 31, 2024 | April 30, 2024 |

8. Because the grand jury found there was probable cause that the defendant repeatedly violated federal law after he was indicted, the Court should also find, in satisfaction of 18 U.S.C. § 3148(b)(1)(A), that there is probable cause to believe the defendant committed a federal crime while on release. *See Manafort*, 897 F.3d at 344 (grand jury indictment conclusive as to probable cause).

9. The Court should also find, in satisfaction of 18 U.S.C. § 3148(b)(2)(B), that the defendant is unlikely to abide by any condition or combination of conditions of release because the defendant's pretrial release was explicitly conditioned on him not committing crimes, he understood he could lose his pretrial freedom if he did commit crimes, he promised the Court he would not commit crimes, and yet it appears that less than a year after indictment and release he broke that promise, committed the same federal tax crime he had been indicted for violating ten times before, and continued to commit that crime quarter after quarter after quarter – six times total, until he was imprisoned by the Commonwealth on unrelated charges.

10. Because there is probable cause to believe the defendant committed federal crimes while on release *and* the defendant is unlikely to abide by any condition or combination of conditions of release, the Court should revoke the defendant's release and order his detention. 18 U.S.C. § 3148(b) (order of revocation and detention "shall" be entered if, after hearing, court finds both § 3148(b)(1)(A) and § 3148(b)(2)(B) are met); *see also United States v. Gilley*, 771 F. Supp. 2d 1301, 1308 (M.D. Ala. 2011) (when there is "double probable cause" – for a pre-indictment crime and a post-indictment crime – "courts should be extremely circumspect before returning a defendant to his freedom pending trial").

11. Last, no finding that the defendant is a flight risk or danger to the community is necessary. *Manafort*, 897 F.3d at 345 ("Either finding [of flight risk and danger under § 3148(b)(2)(A) or unlikeliness to abide by conditions under § 3148(b)(2)(B)] provides an independent basis for detention, so upholding either finding is sufficient to uphold the District Court's detention order."); *United States v. Patterson*, No. 119-CR-00230, 2020 WL 6200164, *9 (E.D. Cal. Oct. 22, 2020) ("requiring a finding that the defendant is a flight risk or danger [under § 3148(b)(2)(A)] would make (b)(2)(B) superfluous").

WHEREFORE, the United States joins the Probation Officer's petition to revoke the defendant's bond and respectfully asks the Court to enter an order of revocation and detention.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:     (202) 616-2386
Email: william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Ph:     (202) 616-2412
Email: matthew.c.hicks@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Matthew C. Hicks
Matthew C. Hicks
Trial Attorney