CLERK'S OFFICE U.S. DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
October 17, 2024
LAURA A. AUSTIN, CLERK
BY: s/M. Ballweg
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 5:21CR00023 |
| | ) |
| RICHARD E. MOORE, | ) **ORDER OF DETENTION** |
| Defendant. | ) |

    This matter came before the Court on October 15, 2024, for a bond revocation and detention hearing. The Petition for Action on Conditions of Pretrial Release alleges that the Defendant violated the condition that he not violate any federal, state, or local law while on release. The Petition asserts that the Defendant has been charged in a Second Superseding Indictment with failure to pay over trust fund taxes on behalf of employees of Nexus between December 31, 2022, and April 30, 2024. ECF No. 100. Based on the information in the Petition and taking notice of the charges in the Second Superseding Indictment, the Court finds probable cause that the Defendant violated the condition of pretrial release by violating a federal law while on release. 18 U.S.C. § 3148(b). The Government moved to revoke the Defendant's bond. ECF No. 116.

    Next, the Court shall consider the factors in 18 U.S.C. § 3142(g) to determine whether any condition or combination of conditions will reasonably assure that the Defendant neither flees nor poses a danger to another person or to the community if released pending trial. 18 U.S.C. § 3148(b)(2)(A). Because this is a bond revocation proceeding, the Court also should consider whether the Defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(B). If the Court finds probable cause that the Defendant committed a new federal, state, or local offense, then a rebuttable presumption of

detention arises that no condition will reasonably assure the safety of the community. 18 U.S.C. § 3148(b).

Based on the evidence in the Petition and the arguments and proffers of counsel at the detention hearing, the Court finds that it is unlikely the Defendant will abide by any condition or combination of conditions of release. Since December 2021, the Defendant has been on pretrial release with, among others, the condition that he not violate the law. The Second Superseding Indictment alleges that although the Defendant "purported to transfer his ownership interest in Nexus to one of his co-owners, [the Defendant] continued to exercise control over Nexus's business and financial affairs" and failed to "account for any pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Nexus" between December 2022 and April 2024. Second Super. Indictment 5, ECF No. 97. This allegation provides probable cause that Defendant's conduct violated federal tax law during a nearly eighteen-month period laws while he was on pretrial supervision.

Defendant's proposed "amended" release condition that he will not provide any services to Nexus, Def.'s Resp. Br. 9, ECF No. 113, does not offer any additional assurance that he will not violate the law, as he is alleged to have done, because he already claims that he has "not been a part of Nexus for years," *id.* at 4. Additionally, Defendant's proposed condition that he "will not exercise ownership or control over any business during the pendency of the case," *id.* at 9, is inadequate because he purportedly transferred his ownership interest in Nexus, but nevertheless is alleged to have managed its business and financial affairs and violated the tax laws. Moreover, Defendant still retains ownership of two businesses, which amplifies the risk that he will commit additional violations of the law. Placing Defendant on location monitoring, as Defendant

suggests, *id.*, would not limit his ability to violate the tax laws, which he could accomplish from anywhere.

Accordingly, the Court finds that Defendant is unlikely to abide any condition or combination of conditions, in particular that he will not violate any federal, state, or local law, while on release. It is therefore ORDERED that the Defendant's pretrial release is hereby revoked, and he shall be detained pending further proceedings in this case. 18 U.S.C. § 3148(b).

### Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTERED:  October 17, 2024

Joel C. Hoppe
United States Magistrate Judge