CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 21, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:21-cr-00023 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RICHARD E. MOORE ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

By opinion and order entered June 21, 2024, the court permitted all of defendant's counsel to withdraw and deemed Moore to have elected to proceed *pro se*. (Dkt. No. 91.) The court also appointed standby counsel pursuant to 5 U.S.C. § 3109. Before all defense counsel were permitted to withdraw, the United States had filed two motions in limine, (Dkt. Nos. 53, 59), but no counsel ever responded on behalf of Moore.

After standby counsel was appointed, the court granted additional time to Moore to respond and directed briefing. Standby counsel later sought an extension of time to respond, which was granted, but no response was ever filed. Then, new counsel entered an appearance on behalf of Moore. More than two weeks have passed since new counsel entered the case, and new counsel has not asked for an extension of time to respond nor filed a response to either motion.

In light of the failure to file any response to these motions, the court will treat them as unopposed. Moreover, the court has reviewed them and finds them well taken. Thus, both motions (Dkt. Nos. 53, 59) will be granted. The court discusses its rationale briefly below.

**I. DISCUSSION**

Defendant has been indicted for willfully failing to truthfully account for and pay federal income tax, Social Security tax, and Medicare tax (hereinafter collectively "trust fund taxes") that his company withheld from its employees' in certain fiscal quarters. In its first motion, the

United States seeks to introduce the following evidence:

> (1) the defendant failed to truthfully account for and timely pay over trust fund taxes for quarters immediately *before* and *between* the charged quarters;
>
> (2) the defendant did not timely pay over *nontax* amounts withheld from employees' wages, such as health insurance premiums, in these charged and uncharged quarters; and
>
> (3) the defendant directed company employees to pay *other creditors* late, less than they were owed, or not at all during these charged and uncharged quarters.

(Mot. in Limine 1, Dkt. No. 53.)  In its second motion in limine, it adds a fourth category of evidence it seeks to introduce:

> (4) the defendant did not timely file, truthfully account for, timely pay, and/or fully pay over *state* trust fund taxes in these charged and uncharged quarters.

(Suppl. Mot. in Limine 1, Dkt. No. 59.)  The United States offers all of this evidence as proof that defendant's failure was not accidental, but knowing, intentional, willful, and part of a pattern or plan.  (*Id.*)

The government contends that this evidence is either intrinsic to the offenses and therefore admissible, or that it is extrinsic but nonetheless admissible under the proper analysis for admitting extrinsic evidence under Rule 404(b).  *See United States v. Queen*, 132 F.3d 991, (4th Cir. 1997).  The court agrees.

First, the court views the evidence as intrinsic in that it is "necessary to complete the story of the crime on trial," *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (citation omitted), and because it is "inextricably intertwined with the evidence regarding the charged offense," *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010).

Even if it were not intrinsic, though, the evidence should be admitted under the *Queen* analysis, which requires the court to look at four prongs, all of which must be satisfied to admit the evidence.  First, the evidence must be relevant to an issue, such as an element of the offense,

2

and not offered just to show the general character of the defendant.  Second, it must be necessary in the sense that it is probative of an essential claim or an element of the offense.[1]  Third, the evidence must be reliable.  And fourth, the evidence must satisfy Rule 403; specifically, its probative value must not be being substantially outweighed by the risk of confusion or unfair prejudice.  *Queen*, 132 F.3d at 997.

Based on the authorities and argument set forth in the motion, the court agrees that the evidence the United States seeks to introduce satisfies all of these criteria and thus is admissible. *See, e.g.*, *United States v. Ellis*, 548 F.3d 539 (7th Cir. 2008) (concluding district court did not abuse discretion in admitting uncharged tax violations); *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006) (holding district court properly admitted evidence of defendant's past taxpaying record because it tended to prove willfulness); *United States v. DeMuro*, 677 F.3d 550, 563–64 (3d Cir. 2012) (affirming district court's admission of evidence showing that the defendant withheld but did not pay over nontax amounts from employees' pay as it was "relevant to several proper purposes under Rule 404(b)"); *United States v. Khanu*, 664 F. Supp. 2d 80, 81–82, 85 (D.D.C. 2009) (admitting evidence that individual defendant failed to pay company's District of Columbia employment taxes because that conduct was "nearly identical" to the charged crime).

---

[1] "The necessity prong must be analyzed 'in light of other evidence available to the government.'" *Lighty*, 616 F.3d at 354 (quoting *Queen*, 132 F.3d at 998). The United States makes no representation about whether it has other evidence to support willfulness, intent, pattern and plan, etc. and whether any of that evidence would be cumulative to this Rule 404(b) evidence.  The court notes, however, that a defendant's own conduct is often the best evidence of intent.  In any event, defendant may argue at trial, in light of other evidence available or admitted, that this evidence is not strictly "necessary."  But because the court also has determined that the evidence is intrinsic, it would be admissible regardless of whether it is "necessary."

## II.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the United States' unopposed motion in limine (Dkt. No. 53) and unopposed supplemental motion in limine (Dkt. No. 59) are GRANTED.

Entered: October 21, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge