IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CAFN: 5:21-cr-00023 |
| | ) | |
| RICHARD MOORE | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S MOTION TO REVOKE THE MAGISTRATE'S ORDER THAT REVOKED PLAINTIFF'S BAIL**

Richard Moore respectfully moves this Honorable Court to vacate Magistrate Judge Hoppe's detention order (ECF 118) pursuant to 18 U.S.C. § 3145(b) and order Richard Moore released from custody pursuant to the Bail Reform Act (BRA) and the Fifth Amendment's Due Process Clause.

**STANDARD OF REVIEW**

This motion arises under 18 U.S.C. § 3145(b), which provides for de novo review of a magistrate judge's detention order. (See United States v. Wilks, 15 F.4th 842, 847 (7th Cir. 2021), concluding that Independent Review applies equally to first impression bail determination as well as bail revocation

decisions); see also, <u>United States v. Torres</u>, 929 F.2d 291, 292 (7th Cir. 1991) (reasoning although § 3145 "speaks of 'review' by the district judge, the court may start from scratch"); (see also <u>United States v. Clark</u>, 865 F.2d 1433, 1436 (1989), reasoning "[a] defendant ordered detained by a magistrate may seek de novo review in the district court.") Also, a motion for revocation or amendment "shall be determined promptly," reflecting the serious nature of detaining any defendant unnecessarily. § 3145(b).

## ARGUMENT AND CITATION TO AUTHORITY

The honorable magistrate refused to abide by the law; instead, the magistrate court gave summary treatment—**in its Order** (ECF 118)—to legal **requisites** under 18 U.S.C. § 3142(g) of which were not followed—and completely refused to abide by those same requisites **at the hearing** held on October 15, 2024. (See <u>Wilks</u>, 15 F.4th at 848, reasoning that both statutes—3148(b)(2)(a) and 3142(f)—"require the judge to weigh the factors listed in § 3142(g), and nothing in the record reflects that he did so); (see also Ex. 1, Hearing Transc.)

Relevantly, and completely opposite of controlling law as exemplified by <u>Wilks</u>, the government argues that 3148(b)(2)(a) did not require any analysis of § 3142(g). (See Ex. 1, Hearing Transc. p. 5, stating "[w]e don't think we need to get

there. We don't think we even need to touch the presumption. We think that we can get detention by simply he's unlikely to abide. We think that we can do that under the statute because **3148(b)(2)(A)** and (B) are separated by the word "or.")

The government went on to rely further on 3148(b)(2)(B), solely, in its argument:

> "[t]he **sole question** for the Court is **3148(b)(2)(B)**, the person is unlikely to abide by any condition or combination of conditions of release. And if we were going under -- if we were looking at 3142 and talking about flight and danger, then certainly that is something that would have to be found in that inquiry as well. **We don't need to get to the flight and danger inquiry. We're solely looking at abide**."

Id. The magistrate court agreed to "an extent" but as the hearing progressed, the facts demonstrate that the magistrate court agreed completely. Id.; (see also Ex. 1, Hearing Transc. pp. 11-12, where Mr. Moore's counsel addresses this issue initially before the magistrate court.)

### A. The magistrate court turned the whole issue into a comfort analysis without analyzing the factors that provides comfort to the eyes of the law

The magistrate court divorced itself from an analysis that weighs § 3142(g) factors to determine whether Moore's factual circumstance threatened a flight risk or harm to the community, thereby entirely distorting the United States v. Manafort case relied upon by the government. 897 F.3d 340 (2018). The magistrate court essentially agreed with the following argument:

> The Bail Reform Act was not written to say that **white collar** criminals have impunity, they can violate that provision with impunity. They can't. In fact, the Senate Judiciary Committee says presumptively if somebody has violated that, we think they ought to be detained.

(See Ex. 1, Hearing Transc., p. 6.)[1] The government combined that argument with Manafort in a way that makes no sense because at the end of the day, Manafort was about witness intimidation, and as this Court knows, witness intimidation poses an obvious and serious danger to the community. Manafort, 897 F.3d 340. The magistrate court then, in obvious light of this argument, focused solely on its "comfort" level, without measuring that comfort level against the factors of § 3142(g). (See Ex. 1., pp. 9, 10, 17, 25.) Relevantly, whether a court feels "comfort" with respect to whether an accused will repeat an offense is, in large part, **an objective analysis** of § 3142(g) factors, an analysis that did not meaningfully occur by the magistrate court.

---

[1] The Madoff case is most likely very frustrating for the government but that case, as cited in Mr. Moore's brief, followed the law. (See Ex. 2., for a copy of Mr. Moore's brief.)

Finally, while there exist a rebuttable presumption per statute, "the burden of persuasion always rests with the government." See <u>Wilks</u>, 15 F.4th at 846-47. And, significantly, "**an unrebutted presumption is not, by itself, an adequate reason to order** detention." <u>Id</u>. That established, in the context of the magistrate discussing Mr. Moore's ownership of two businesses and the possibility of him filing false taxes for those businesses, Mr. Moore specifically argued:

> "The government hasn't showed that Mr. Moore has ever had a tax fraud issue allegation regarding those two businesses. The burden is on them. They haven't shown that, and they haven't shown any evidence, Honorable Judge Hoppe, that Mr. Moore, in 45 days before his trial, is going to go out and report -- wrongfully report taxes associated with those two businesses."

And

> "But 45 days from the trial you think --with an affidavit and a change of ownership he's going to go and sneak behind the Court's back and file false taxes for those two businesses when there's no evidence that he's done it right now up to this date? He's been the owner of those businesses for years. He's been the owner, not a bunch of Nexus employees. Richard has been the owner of those two businesses, Honorable Judge Hoppe, for years and there's never been a tax problem. And if there were, they'd know about it."

(See Ex. 1., Hearing Transc. pp. 15, 22-23.)

The government did not come close to meeting their burden of persuasion of evidencing that in less than 45 days before trial,[2] when taxes aren't even due, Mr. Moore is likely to file a tax report (false or otherwise) for his two businesses, and that fact is inextricable from the fact that the government also failed to meet its burden of persuasion that Mr. Moore even submitted a false tax return for either of the business he owned outright—mindful that Nexus no longer exist. Id.

## CONCLUSION

Based on this Motion, Mr. Moore respectfully request an immediate hearing regarding the revocation of his bail by the magistrate court.

Respectfully submitted this 26th day of October 2024,

/s/ MARIO WILLIAMS
Virginia Bar # 91955

HDR LLC
5600 Roswell Road
Building C
Sandy Springs, GA 30342
mwilliams@hdrattorneys.com

---

[2] To save time and space, Mr. Moore incorporates his entire section about the negative impact of revoking bail has on his ability to prepare for his fast-approaching trial. (See Ex. 2, Section II.)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **PLAINTIFF'S MOTION TO REVOKE THE MAGISTRATE'S ORDER THAT REVOKED PLAINTIFF'S BAIL** upon theDefendant by e-filing a true and correct copy of the same via electronic filing addressed to counsel for the Defendant as follows:

Matthew Hicks

Williams Montague

Respectfully submitted this 26th day of October 2024,

/s/ MARIO WILLIAMS
Virginia Bar # 91955

HDR LLC
5600 Roswell Road
Building C
Sandy Springs, GA 30342
mwilliams@hdrattorneys.com