IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| USA ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | CAFN: 5:21-cr-00023 |
| ) | |
| RICHARD MOORE ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
|    *Defendant.* ) | |

**PLAINTIFF'S REPLY TO THE GOVERNMENT'S RESPONSE**

Richard Moore files this Reply to the government's Response (ECF 134) to Plaintiff's Motion (ECF 131).

**INITIAL MISLEADING AND FALSE STATEMENTS MADE BY THE GOVERNMENT**

A reply brief is meant to be just that: brief. First, the Docket in this case demonstrates that the government's statement that "[t]he defendant's actions, however, have worked against his stated interests and delayed the revocation proceedings by *more than three weeks*" is both wrong and misleading. (See ECF 134, p. 2.) Moore was remanded into custody on 10/04/2024. (See ECF 103, 109.) The hearing was held on 10/15/2024 due to a conflict and the hearing being in

person. (See ECF 112 "Bond Revocation Hearing set for 10/15/2024 11:00 AM **in Charlottesville** before Magistrate Judge Joel C. Hoppe.") Stopping here, Mr. Moore's hearing was held withing 8 business days—not three weeks including weekends as the government tries to mislead this Court into believing. (ECF 134, p. 2.)

Moreover, although the magistrate issued an oral detainer Order on October 15, 2024, the written order was not issued until two days later, on **Thursday,** October 17, 2024 (ECF 118.) The transcript request was made that Monday and delivered two days later. (ECFs 120, 122.) Trying to use weekend days, days the court is not in session, and failing to place this matter in proper context, only weakens the government's credibility before this Court. Consequently, the government's reliance on *United States v. Boone*, No. 7:21-CR-00022 (W.D. Va.) (Dillon, J.) is completely erroneous.

## MISLEADING ARGUMENTS ABOUT THE LAW AS APPLIED TO THE FACTS OF THIS CASE

The government's nuanced and semantical approach about the actual alleged crimes at issue, once clarified, supports releasing Mr. Moore. Regarding the government's absolute failure to meet its burden of persuasion in any way (to include zero analysis of § 3142(g) factors) the government retorts, "[t]he defendant is right that the government has not shown these things, but so what?"

(ECF 134 p. 11.) After that sarcastic, off base statement, the government argues that "[t]he question is whether the defendant has an opportunity to violate § 7202 by failing to pay over trust fund taxes withheld from employee paychecks." (ECF 134 p. 11.) The government is wrong and the express language of the subject superseding indictment demonstrates the real issue before this Court.

> In relevant part, the superseding accusation states
>
> "**MOORE** did willfully fail to truthfully account for and **pay over** the trust fund taxes **due and owing to the IRS** on behalf of the employees of Nexus."

And

> **MOORE** was a person required to collect , account for on quarterly Forms 941 , and **pay over to the IRS** on behalf of Nexus the trust fund taxes imposed on its employees by the Internal Revenue Code;

And

> "MOORE 's failure to **pay over** trust fund taxes **due and owing** to the IRS for Nexus resulted in an outstanding balance of more than $1.5 million owed to the IRS."

(See ECF 50 ¶¶ 8, 10, 11.) The issue is not "opportunity"; rather, the issue is the failure to **pay over** to the IRS **due and owing** taxes: "to **pay over** trust fund taxes

**due and owing to the IRS,**" "and **pay over to the IRS…,**" and" truthfully account for and **pay over** the trust fund taxes **due and owing to the IRS….**" Id. As demonstrated**,** by the express language of the government's own superseding indictment, the real issue is the demonstrable <u>**act**</u> of failing **to pay over** specific taxes **due and owing to the IRS**, **not** the opportunity to withhold taxes. This nuanced difference is absolutely significant, and demonstrates yet again the government's attempt to mislead this Court, just as the government misled the magistrate court with similar, weak arguments under scrutiny.

  That established, whether Mr. Moore is "unlikely to abide by any condition or combination of conditions of release" with respect to the **act** of failing to **pay over** to the IRS **due and owing** taxes is inextricably tied to the fact that there exists no legal requirement prior to the trial date (December 2, 2024) to engage in the <u>**act**</u> of failing to pay over any due and owing taxes to the IRS. As the government said, we are not clairvoyant, i.e., the government cannot accuse Mr. Moore of failing to pay over taxes before he has a legal requirement to engage in the act of paying over taxes to the government. In fact, Mr. Moore has no rational opportunity to fail to pay over due and owing taxes because those taxes are not due and owing and will not be due and owing until after his trial.

## CLASSIC PROJECTION AND THE GOVERNMENT'S ATTEMPT TO SABOTAGE THIS CASE

Next, in a clinical case of projection, the government states "Moore appears to be delaying the revocation proceedings in an attempt to create an excuse for postponing trial." (ECF 134, p. 1.) The opposite is true: by trying to eliminate Moore's attorney on unsubstantiated conflict allegations, and refusing to consent to Moore's release, the government is actually establishing a record for reversal on appeal, if the government keeps going down this track. Moore is ready for both the trial and at this rate, an appeal.

## REMAINING ARGUMENTS

Mr. Moore knows full well this Court appreciates brevity, especially reply briefs. Moore simply incorporates his arguments with respect to implicating his Constitutional rights, including his sixth amendment right, regarding his ongoing detention. (ECF 113, Section II, p. 7.)

## CONCLUSION

Based on his Motion and Reply, Mr. Moore respectfully request that this Court vacate the magistrate's order, thereby ordering Mr. Moore's release on an amended set of conditions.

Respectfully submitted this 5th day of November 2024,

                         **/s/ MARIO WILLIAMS**
                         Virginia Bar # 91955

**HDR LLC**
**5600 Roswell Road**
**Building C**
**Sandy Springs, GA 30342**
**[mwilliams@hdrattorneys.com](mailto:mwilliams@hdrattorneys.com)**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **PLAINTIFF'S REPLY TO THE GIVERNMENT'S RESPONSE** upon theDefendant by e-filing a true and correct copy of the same via electronic filing addressed to counsel for the Defendant as follows:

Matthew Hicks

Williams Montague

Respectfully submitted this 5th day of November 2024,

**/s/ MARIO WILLIAMS**
Virginia Bar # 91955

HDR LLC
5600 Roswell Road
Building C
Sandy Springs, GA 30342
mwilliams@hdrattorneys.com