FILED IN OPEN COURT
DATE November 8, 2024
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 5:21-cr-23
)
RICHARD E. MOORE )

### MOORE MUST REMIT TRUST FUND TAXES BEFORE TRIAL

Moore argues, without citation to authority, that he "has no rational opportunity to fail to pay over due and owing taxes because those taxes are not due and owing and will not be due and owing until after his trial." Dkt. No. 137 at p.4. That is not correct.

Businesses are required to regularly remit to the IRS the taxes they withhold from employee pay. They are not allowed to wait until they file a quarterly tax return to pay over all the trust fund taxes withheld that quarter. 26 C.F.R. § 31.6302-1(a) ("An employer must generally deposit employment taxes under one of two rules: the Monthly rule … or the Semi–Weekly rule…."). Monthly depositors must remit trust fund taxes withheld during the month by the 15th of the following month. § 31.6302-1(c)(1). Semi-weekly depositors must remit trust fund taxes withheld during each pay period by the Wednesday or Friday of the week after payday, depending on what day of the week the payday was on. § 31.6302-1(c)(2). If, for example, payday occurs on a Friday, the associated trust fund taxes must be paid over to the IRS on the following Wednesday.

Here, if Entlest Brands is a semi-weekly depositor for 2024, and assuming it pays its employees every two weeks, the company would need to remit trust fund taxes two or three times before trial is over.[1] Exs. A-C (Schedules B to Forms 941 for first, second, and third quarters of

---

[1] For instance, if the next three paydays are 11/8, 11/22, and 12/6, the trust fund taxes withheld on those paydays would be due on 11/13, 11/27, and 12/11.

2024 show Entlest Brands as semi-weekly depositor). If Entlest is a monthly depositor, the company would need to pay over October's trust fund taxes on November 15.

In either case, the defendant would have one or more opportunities not to pay over trust fund taxes to the IRS. And he would have as many opportunities as paydays to pocket trust fund taxes in violation of law. *See* 26 U.S.C. § 7501 ("Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund *in trust for the United States*.") (emphasis added); *Begier v. I.R.S.*, 496 U.S. 53, 61-62 (1990) (withholding of federal income tax from wages occurs, and trust is created, at time net wages are paid to employee); *Newbill v. United States*, 441 F. App'x 184, 187 (4th Cir. 2011) (trust fund taxes "exist for the *exclusive* use of the government, not the employer") (emphasis added).

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:    (202) 616-2386
Email: william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Ph:    (202) 616-2412
Email: matthew.c.hicks@usdoj.gov