IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | Criminal No. 5:21-cr-23 |
| ) | |
| RICHARD E. MOORE   ) | |

**UNITED STATES' MOTION TO SUBPOENA
RECORDS FOR PRODUCTION IN ADVANCE OF TRIAL DATE**

Comes now the United States, by counsel, and respectfully moves the Court for an Order, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, to allow the United States to subpoena records from (1) Bomar Law Firm, (2) attorney Kyle Swafford, and (3) the law firm of Williams Mullen pertaining to advice that each provided to the Defendant and his company, Nexus Services ("Nexus"), concerning the need to pay trust fund taxes to the IRS. This includes: (1) communications with the Defendant or other executives at Nexus on the issue of when and whether Nexus should pay trust fund taxes to the IRS; (2) memoranda or notes concerning conversations with the Defendant or other executives at Nexus on the same topic; (3) records or information, on which the attorney or law firm relied when providing advice concerning when and whether Nexus should pay trust fund taxes to the IRS; and (4) retainer agreements and billing records relating to the representation of Defendant or Nexus in relation to Nexus's payroll taxes.

The Defendant is charged in the Second Superseding Indictment with sixteen counts of failing to account for and pay over trust fund taxes, in violation of 26 U.S.C. § 7202, and two counts of aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2).

1

On Tuesday, November 12, 2024, the Defendant's counsel, Mario Williams, called the United States and indicated that the Defendant may assert a reliance-of-counsel defense. That afternoon, the United States followed up by email confirming its understanding of the phone call and asking whether the Defendant intended to raise a reliance-of-counsel defense based on advice he purportedly received from attorney Kyle Swafford at Bomar Law Firm not to pay Nexus's trust fund taxes until the Defendant knew how much Nexus owed the IRS. *See* Exhibit 1. Minutes later, Mr. Williams replied that he would need to talk with the Defendant to ensure that he intended to raise a reliance-of-counsel defense. *See* Exhibit 2. When the United States had not heard from Mr. Williams by Friday afternoon, November 15, 2024, it followed up by email again to ask whether the Defendant intended to assert a reliance-of-counsel defense. *See id.* This time, the United States made clear that it considered any assertion of the reliance-of-counsel defense to operate as a subject matter waiver that would extend to prior advice the Defendant or other Nexus executives received from another law firm, Williams Mullen, on the same issue. *See id.* and Exhibit 3.

Accordingly, the United States seeks to compel the production of records from (1) Bomar Law Firm, (2) attorney Kyle Swafford, and (3) the law firm of Williams Mullen to respond to these claims. Although such records would cover communications between the Defendant and his former attorneys, the subpoenas are proper because the Defendant waives attorney–client privilege by invoking an advice-of-counsel defense.

**I.    Asserting an Advice-of-Counsel Defense Waives Subject Matter Privilege**

At baseline, attorney–client privilege "affords confidential communications [for legal advice] between lawyer and client complete protection from disclosure." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). As master of that privilege, the client can waive those protections

2

expressly or impliedly through conduct. *United States v. Under Seal (In re Grand Jury Subpoena)*, 341 F.3d 331, 336 (4th Cir. 2003) (citing *Hawkins v. Stables*, 148 F.3d at 384 n.4).

Asserting an advice-of-counsel defense constitutes an implied waiver of attorney–client privilege. *See United States v. Dallmann,* 433 F. Supp. 3d 804, 813 (E.D. Va. 2020); *United States v. White*, 887 F.2d 267, 270, 281 U.S. App. D.C. 39 (D.C. Cir. 1989); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *see also United States v. Under Seal (In re Grand Jury Subpoena)*, 341 F.3d 331, 336 (4th Cir. 2003) (holding that a defendant's statement to the FBI that he relied on his lawyer's advice in filling out an immigration form constituted waiver). This is because by claiming reliance on a lawyer's advice, a defendant puts at issue the very communications he normally would wish to protect. Fundamental fairness dictates that a defendant cannot use privilege as both a sword and a shield. *United States v. Bilzerian*, 926 F.2d at 1292. As such, asserting an advice-of-counsel defense waives attorney–client privilege.

This waiver is not limitless. An advice-of-counsel defense does not waive privilege for *all* communications with *all* lawyers on *all* issues. However, the waiver is a subject matter waiver that extends beyond the communications that the Defendant intends to produce. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter … Selective disclosure for tactical purposes waives the privilege.").

Where the Defendant waives the privilege by a reliance-of-counsel defense, the waiver includes evidence that may impeach or undermine the Defendant's defense. *See United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) ("otherwise-privileged communications that

defendants do not intend to use at trial, but which are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure in their entirety"); *Dallmann*, 433 F. Supp. 3d at 814 ("In sum, assertion of the advice-of-counsel defense waives the attorney-client privilege to a limited extent, namely with respect to (i) communications or evidence that the defendant intends to introduce at trial to establish the defense and (ii) communications or evidence that would undermine the defendant's advice-of-counsel defense"); *United States v. Hatfield*, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) ("This disclosure should include not only those documents which support [the advice-of-counsel] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such defense").

Here, the United States seeks to compel testimony from Mr. Swafford; his prior firm, Bomar Law Firm; and attorneys at the law firm of Williams Mullen about advice they gave the Defendant or other executives at Nexus regarding the company's legal obligations concerning when and whether to pay trust fund taxes. This information is vital for the United States to evaluate and respond to the Defendant's advice-of-counsel defense, but it goes no further than necessary. It seeks records only from the lawyers and law firms relevant to the Defendant's claims and only about the communications the Defendant puts at issue. As such, it is well within the bounds of the Defendant's waiver.

## II. Pretrial Notice and Discovery Regarding the Advice-of-Counsel Defense Are Allowable and Necessary to Avoid Delay

The United States respectfully asks the Court to require the Defendant to give notice at or before the pretrial conference on November 20, 2024, of whether he intends to raise an advice-of-counsel defense. Although the Federal Rules of Criminal Procedure do not specifically require such notice, several courts have held that a defendant must provide pretrial notice of his intent to

4

assert a reliance-of-counsel defense. Courts have done so in part by analogizing to the three defenses—alibi, insanity, and public authority, *see* Fed. R. Crim. P. 12.1; Fed. R. Crim. P. 12.2; Fed. R. Crim. P. 12.3—which do require a defendant to provide pretrial notice. *See United States v. Kohn*, 2023 WL 8936351, at *7 (W.D.N.C. Dec. 27, 2023) ("In some circumstances, the Federal Rules of Criminal Procedure require pretrial notice of an anticipated defense. Advance notice is required in these situations to permit the government to prepare for trial and to avoid the necessity of continuances in the middle of the trial. While an advice-of-counsel defense is not one of these enumerated defenses, the Court has inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure." (internal citations omitted)); *Dallman*, 433 F. Supp. 3d at 812 ("[T]here is no constitutional requirement or other impediment that prohibits requiring pretrial notice of the advice-of-counsel defense because that defense, like the ones enumerated in the Rules, is fact-intensive and is likely to cause problems of fairness and efficiency if not raised in advance of trial.").

Some courts have denied government requests for pretrial notice and discovery on a reliance-of-counsel defense based primarily on a finding that there is no such "right." *See United States v. Ray*, 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021); *United States v. Wilkerson*, 338 F.supp.3d 969, 974-75 (E.D. Tenn. 2019); *United States v. Atias*, 2017 WL 563978, at *4 (E.D.N.Y. Feb. 10, 2017); *United States v. Meredith*, 2014 WL 897373, at *1 (E.D. Ky. Mar. 6, 2014). The United States respectfully contends that, consistent with the cases cited above, the Court has inherent authority to order pretrial notice and disclosure and urges that the purposes of a fair and efficient trial are better served by such pretrial notice. As one court to consider the matter has found:

> [T]here is no consensus on whether to require pretrial disclosure. The Court
> agrees with those courts that have found "discretion" to order pretrial notice of a

> defendant's intent to raise the advice-of-counsel defense under the Court's inherent authority to manage the trial before it and Federal Rules of Criminal Procedure 16(b) and 16(d). None of [the contrary] cases identifies a Federal Rule of Criminal Procedure or a constitutional provision forbidding the Court from ordering notice of intent to raise the advice-of-counsel defense. Rule 16 sets the floor, not the ceiling, for the notice and discovery that the Court may prescribe in advance of trial.

*United States v. Michael Stein*, Case No. 21-20321-CR, D.E. 257 at pp. 1-2 (S.D. Fla. March 21, 2023) (internal citations and quotations omitted).

Should the Court decide to require notice and disclosure, then the United States respectfully requests that the Court issue an Order requiring that the subpoenaed records be produced no later than Monday, November 25, 2024, which would allow the United States a week to review the records before trial, which begins on December 2, 2024. This is fully consistent with the practice of other courts that have ordered pretrial disclosure. *See, e.g., Crowder*, 325 F. Supp. 3d at 139 (requiring notice two weeks before trial, in two defendant case involving scheme to defraud D.C. public schools); *Dallman*, 433 F. Supp. 3d at 813 (requiring notice ten days before trial); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (requiring notice two weeks before trial); *Stein*, Case No. 21-20321-CR, D.E. 257 at p. 5 (requiring notice and document production 11 days before trial).

WHEREFORE, the United States respectfully requests the Court require the Defendant to give notice on or before the pretrial conference on November 20, 2024 of whether he intends to assert a reliance-of-counsel defense and, if so, enter an Order allowing the United States to subpoena the requested materials for delivery no later than November 25, 2024.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:     (202) 616-2386
Email:  william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Ph:     (202) 616-2412
Email:  matthew.c.hicks@usdoj.gov

**CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 18th day of November 2024.

/s/ William M. Montague
William M. Montague
Trial Attorney