IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:21-cr-23 |
| ) | |
| RICHARD E. MOORE ) | |

**UNITED STATES' MOTION *IN LIMINE* TO LIMIT
CROSS-EXAMINATION OF GOVERNMENT WITNESS**

Comes now the United States, by counsel, and respectfully submits the motion *in limine* to limit the cross-examination of Rebecca Neal, a potential witness for the United States, regarding a lawsuit filed against Ms. Neal and her son by Samuel Orlando, a young man who lives with the Defendant. The complaint states various claims against Ms. Neal and her son, both for allegations of sexual misconduct and for other alleged injuries. Arguably, the lawsuit is grounds for cross-examination concerning Ms. Neal's potential bias against the Defendant. However, the sensational nature of the claims raised in the complaint and the fact that Ms. Neal disputes those claims and raises reciprocal allegations of misconduct make any cross-examination both hazardous and speculative.

I. **Background**

The United States anticipates calling Rebecca Neal, a former employee at Nexus Services ("Nexus"), as a potential witness at trial in this case. One of Ms. Neal's primary job responsibilities during her tenure at Nexus was to handle the company's weekly payroll between mid-2014 and late 2015 or early 2016. As alleged in the Second Superseding Indictment, the Defendant willfully failed to account for and pay over Nexus's trust fund taxes during the first through third quarters of 2015, while Ms. Neal was handling Nexus's payroll.

On October 24, 2022, after the Defendant had already been charged in this case, Samuel Orlando filed a complaint against Ms. Neal and her son alleging various claims involving sexual misconduct and other injuries. *See* Case No. 5:22-cv-62, Dkt No. 1.[1] On February 3, 2023, the Court severed the sexual misconduct claims from the rest of the case. *See* Case No. 5:23-cv-12, Dkt. No. 2. Thereafter, the Court dismissed the non-sexual misconduct claims against Ms. Neal and her son by Order dated November 19, 2024. *See* Case No. 5:22-cv-62, Dkt No. 114.

The sexual misconduct claims remain unresolved. The Court ordered mediation on those claims to occur on November 5, 2024. *See* Case No. 5:23-cv-12, Dkt. No. 171. However, the Court subsequently vacated its order and cancelled the scheduled mediation. *See* Case No. 5:23-cv-12, Dkt. No. 173. On November 6 and 7, 2024, Mr. Orlando's counsel moved to withdraw from the case. *See* Case No. 5:23-cv-12, Dkt. Nos. 175-77. The sexual misconduct claims are currently set for trial on February 10-14, 2025. *See* Case No. 5:23-cv-12, Dkt. No. 160.

Ms. Neal has testified under oath in a deposition about the allegations raised in the complaint and has denied them.[2] The United States also questioned Ms. Neal about the allegations in Mr. Orlando's complaint, and she again denied them.[3] Moreover, Ms. Neal has raised reciprocal allegations of misconduct that may prejudice the Defendant, if they were to come out during Ms. Neal's testimony.

---

[1] Notably, Mr. Orlando filed his complaint after the Defendant had already been charged in this case. At the time, the Defendant was on notice that Ms. Neal was likely to be a witness in this case.

[2] The United States previously produced a copy of that deposition transcript to the Defendant in discovery at Bates MOORE_USAPROD_0507491 through MOORE_USAPROD_0507737. The United States can provide the Court with a copy.

[3] The United States previously produced a copy of the IRS-CI Special Agent's memorandum of interview to the Defendant in discovery at Bates MOORE_USAPROD_0507405 through MOORE_USAPROD_0507409. The United States can provide the Court with a copy, as well.

II.  ARGUMENT

The Sixth Amendment's Confrontation Clause guarantees a criminal defendant the right to cross-examine witnesses against him or her. *See Davis v. Alaska*, 415 U.S. 308, 315–16 (1974). The right guaranteed the defendant is, however, "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also United States v. Turner*, 198 F.3d 425, 429 (4th Cir. 1999) (citing *Van Arsdall* approvingly and noting that the wide latitude afforded trial judges to impose limits on cross-examination is "elementary").

Here, the United States requests that the Court limit cross-examination of Ms. Neal concerning Mr. Orlando's lawsuit. The allegations raised in Mr. Orlando's complaint are sensational and, therefore, carry a serious risk of unfair prejudice. Moreover, Ms. Neal disputes the allegations, which have seemingly no bearing on her credibility and are only tangential evidence of bias, since it is Mr. Orlando who filed the lawsuit against Ms. Neal and her son, not the Defendant. Finally, Ms. Neal has made reciprocal allegations that are similarly sensational and that likewise carry a serious risk of unfair prejudice against the Defendant.

    A.  <u>Cross-examination regarding the allegations is not probative of Ms. Neal's truthfulness.</u>

The allegations in Mr. Orlando's complaint are not probative of Ms. Neal's character for truthfulness and are, therefore, an improper basis for impeaching her veracity. The Federal Rules of Evidence dictate that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" unless on cross-examination when such instances "are probative of the [witness's] character for truthfulness or untruthfulness[.]" Fed. R. Evid 608(b). The Fourth Circuit has previously found that evidence concerning a witness's sex life is not probative of the witness's character for truthfulness. *See United States v. McMillon*, 14 F.3d 948, 956 (4th Cir. 1994) ("[T]estimony regarding [a witness'] sexual life is not probative of his [or her] character for truthfulness."); *see also, e.g., United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013) (finding no abuse of discretion in trial court's refusal to permit cross-examination regarding IRS revenue agent's suspension for viewing pornography on his computer, since the conduct was not probative of his truthfulness); *United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) ("We fail to see the logical relevance of the evidence sought to be adduced [—] prior acts of sodomy upon young children and consequent psychiatric treatment therefor [—] to the credibility of the witness. The evidence's bearing on the witness's propensity to tell the truth was simply too tenuous for us to hold that the district judge abused his discretion in excluding it."). Here, the allegations in Mr. Orlando's lawsuit pertain to the sex life of the witness' relative and her response to it. Thus, the testimony seems even less probative of Ms. Neal's character for truthfulness than in those cases involving the sex life of the witness herself.

    B. <u>The defense can adequately explore the witness' potential bias without inquiry into Mr. Orlando's lawsuit.</u>

Cross-examination regarding the fact that someone living with the Defendant filed a lawsuit against Ms. Neal and her son is sufficient for the defense to establish her potential bias.

4

*See United States v. Greenwood*, 796 F.2d 49, 54 (4th Cir. 1986) ("Once some inquiry into bias has been permitted, a trial court has discretion to limit the cross-examination on the grounds of, *inter alia*, confusion of the issues or marginal relevance.") (citing *Van Arsdall*, 475 U.S. at 679); *see also United States v. Perez-Amaya*, 453 F. App'x 302, 305 (4th Cir. 2011) (unpublished) ("For purposes of the Confrontation Clause, 'it is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias,' and the district court is not required to allow the defendant to use every means available to make his point.") (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988)). Anything more than a cursory treatment of Mr. Orlando's lawsuit carries substantial risk of unfair prejudice to Ms. Neal, and if she responds to the allegations in the complaint, to the Defendant.

In cases involving government witnesses facing pending charges of sexual assault, other circuits have upheld trial court rulings limiting cross-examination to the fact that the witness was charged and precluding any inquiry pertaining to the precise nature of the charge. *See United States v. Bunchan*, 580 F.3d 66, 71–72 (1st Cir. 2009), *cert. denied*, 558 U.S. 963 (2009); *United States v. Span*, 170 F.3d 798, 803 (7th Cir. 1999) ("The mere exclusion of the name of the felony charge [, first degree sexual assault of a child,] that was pending against [the witness] did not prevent the jury from making a discriminating appraisal of his testimony. The jury was informed that at the time he decided to cooperate with police, [the witness] had a pending felony charge and that later that charge was reduced to a misdemeanor. [The defendant] was able to introduce evidence of [the witness'] basic reason for bias."). Here, the circumstances seem to call for even greater discretion, since the witness' reason for bias is more attenuated and the risk of unfair prejudice extends to the Defendant as well as the witness.

      C. <u>Cross-examination of Ms. Neal regarding Mr. Orlando's lawsuit should be curtailed since it will likely result in unjustifiable harassment of the witness, needless delay, confusion of the issues, and unfair prejudice.</u>

The Court is empowered to curtail—or even exclude—cross-examination regarding the lawsuit that Mr. Orlando filed, which is likely to unjustifiably embarrass the witness, unduly delay the proceedings, confuse the issues, and unfairly prejudice the jury. *See* Fed. R. Evid. 403 and 611; *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) ("The trial court is vested with broad discretion to control the mode of interrogation and presentation of evidence to insure that witnesses are treated fairly and the search for truth is not impaired by presentation of extraneous, prejudicial or confusing material."); *see also Quinn v. Haynes*, 234 F.3d 837, 847 (4th Cir. 2000) ("[T]the Confrontation Clause does not trump established rules of evidence, but rather must yield to such rules when their application is reasonable.").

Inquiry into the sensational allegations raised in Mr. Orlando's lawsuit is likely to unduly and unnecessarily embarrass Ms. Neal. She and her family should not have to suffer public accusations of such a sensational nature because she is a fact witness in this case. The allegations in the lawsuit have only a peripheral bearing on her potential bias and seemingly none whatsoever on her character for truthfulness. The Fourth Circuit has been clear that "there is a duty to protect [the witness] from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate [her]." *McMillon*, 14 F.3d at 956 (quoting *Alford v. United States,* 282 U.S. 687, 694 (1931)). Questions pertaining to the allegations in Mr. Orlando's lawsuit seem calculated to harass and humiliate Ms. Neal and therefore should be excluded.

Moreover, Ms. Neal contests the allegations in Mr. Orlando's complaint and raises reciprocal allegations that are equally salacious. Resolution of this he-said-she-said dispute will

almost assuredly cause needless and undue delay in the proceedings and result in a mini-trial on a peripheral matter. Cross-examination regarding the fact that Ms. Neal is the defendant in a lawsuit filed by someone living with the Defendant provides the defense with ample opportunity to establish her potential bias without wasting time on what is an ancillary issue. *See United States v. Cole*, 622 F.2d 98, 100 (4th Cir. 1980) ("[The right of confrontation and cross-examination] is not so broad as to deprive the district court of all discretion in limiting needless or confusing inquiry into collateral matters.").

      Finally, the nature of the allegations in Mr. Orlando's lawsuit is such that Ms. Neal's testimony is likely to suffer unfair and incurable prejudice if the Defendant is permitted to cross-examine her on them. On the other hand, if Ms. Neal is permitted to respond to Mr. Orlando's allegations on cross-examination, then her response risks unfairly prejudicing the jury against the Defendant, which the United States obviously wishes to avoid.

## III.  CONCLUSION

WHEREFORE, the United States respectfully requests the Court to limit the Defendant's cross-examination of Ms. Neal consistent with the above.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

/s/ William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002
Ph:     (202) 616-2386
Email:  william.m.montague@usdoj.gov

/s/ Matthew C. Hicks
Matthew C. Hicks, Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1313
Washington, D.C. 20002
Ph:     (202) 616-2412
Email:  matthew.c.hicks@usdoj.gov

## CERTIFICATE OF SERVICE

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 19th day of November 2024.

/s/ William M. Montague
William M. Montague
Trial Attorney
