**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:21-cr-23 |
| | ) | |
| RICHARD E. MOORE | ) | |

**DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE*
TO LIMIT CROSS-EXAMINATION OF GOVERNMENT WITNESS**

COMES NOW, Defendant RICHARD E. MOORE, by counsel, and, in Opposition to the

government's Motion *in limine* to Limit Cross-Examination of Government Witness (ECF 146),

states as follows.

1.      The government seeks to limit Moore's cross-examination of Rebecca Neal to

exclude an inquiry into allegations of sexual molestation and abuse made in a civil complaint

pending in the Western District. *Orlando v. Smith*, 5:22-cv-62-MFU-JCH (filed 10/24/2022).

The government does not object to Moore's mentioning the lawsuit to establish Ms. Neal's bias

(Moore is Sam Orlando's guardian), but the government does object to Moore's use of the

lawsuit's "salacious" allegations against Ms. Neal on cross-examination to "impeach her

veracity." (Motion, 1).

2.      Ms. Neal's credibility as a witness for the government is at issue.  And, "a court

may, on cross-examination, allow [a specific instance of conduct] be inquired into if probative of

the character for . . . untruthfulness" of the witness. FRE 608(b). As the government notes, Ms.

Neal testified under oath "in a deposition about the allegations raised in the complaint and has

denied them." A transcript of that deposition has been provided to Moore. (Motion, 2, n.2).

However, in a second deposition taken much more recently, Ms. Neal once again testified about

the allegations of sexual molestation and abuse. Unfortunately, a transcript of the second

deposition is not yet available to Moore but should be within the next 72 hours.

3.      On information and belief, in her second deposition under oath Ms. Neal made

statements about core allegations in the lawsuit that are wholly inconsistent with those she

previously made under oath in her first deposition. If it is the case that Ms. Neal made

inconsistent statements in her second deposition; Moore should be granted an opportunity to

cross-examine Ms. Neal on the inconsistencies as such a query would be probative of the

witness' credibility and her character for truthfulness or untruthfulness. *See* FRE 608(b).

4.      Accordingly, Moore opposes the government's Motion at this juncture and

requests the Court to reserve judgment for a short period until Ms. Neal's second transcript is

received and reviewed.

WHEREFORE, Moore prays this Court reserve judgment on the government's Motion *in*

*limine* to Limit Cross-Examination of Government Witness (ECF 146).

Dated:   November 26, 2024                              Respectfully submitted,


                                                        */s/ Mario B. Williams*

Mario B. Williams
HDR, LLC
5600 Roswell Road, Bldg. C
Suite 103
Sandy Springs, GA  30342
mwilliams@hdrattorneys.com


                                                        */s/ John M. Shoreman (pro hac vice)*

McFadden & Shoreman
1050 Connecticut Ave., NW
Suite 500
Washington, DC  20036
jms@mcfaddenshoreman.com

## <u>CERTIFICATE OF SERVICE</u>

I, Mario B. Williams, hereby certify that on this 26th day of November, 2024, I electronically filed the foregoing Opposition to Motion *in limine* with the Clerk of the United States District Court for the Western District of Virginia using the CM/ECF system causing the foregoing said motion to be forwarded to all counsel of record.


*/s/ Mario B. Williams*

Mario B. Williams
HDR, LLC
5600 Roswell Road, Bldg. C
Suite 103
Sandy Springs, GA  30342
mwilliams@hdrattorneys.com