# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| USA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | CAFN: 5:21-cr-00023 |
| ) | |
| RICHARD MOORE ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| *Defendant.* ) | |

## UPDATE AND REQUEST REGARDINGS MOTIONS FOR ORDER REGARDING DISCLOSURES

Richard Moore respectfully moves this Honorable Court to continue the trial until Middle to late January 2025 based on the following reasons:

1. This Court held a pretrial hearing on December 27, 2024 (ECF 163);

2. At the pretrial hearing the government agreed to identify all supporting documents for each of its "draft" summary charts;

3. The government to this date has failed to identify said documents for each of its "draft" summary charts;

4. The government has now said it plans of providing Defendant with a "few" additional summary charts: "**I also have a few additional summary charts that I will be disclosing to you shortly**" (Email dated 12/04/2024);

5. Mr. Moore recently filed two motions, one which requested that Mr. "the final version of these summary reports with all documents used to support each report be disclosed **no later than December 6, 2024** because the government has had three years to do all these "summary charts" and waited to the last week before the December 2, 2024 deadline to "supplement" its prior belated disclosure of "draft" summary charts" (ECFs 165, 166); and

6. This Court has yet to rule on this Motion or the Motion about Witness disclosures.

## BRIEF DISCUSSION

Equity means something, as evidenced by this Court exercising its discretion in favor of the government's Motion regarding Mr. Moore's reliance-of-counsel defense. (**Compare**, ECF 143, titled "UNITED STATES' MOTION TO SUBPOENA RECORDS FOR PRODUCTION **IN ADVANCE OF TRIAL DATE**," **with** ECF 148.) In that motion the government made several statements, based in equity.

First, the government admitted that there existed no law/rule that mandated Mr. Moore to turn over any documents regarding his reliance defense: "[a]lthough the Federal Rules of Criminal Procedure do not specifically require such notice, several courts have held that a defendant must provide pretrial notice of his intent to assert a reliance-of-counsel defense…," and "some courts have denied government requests for pretrial notice and discovery on a reliance-of-counsel defense based primarily on a finding that there is no such "right." (ECF 143, pp. 4-5.) While acknowledging that no law requires said disclosure, the government relied on equity of trial "fairness," specifically stating: "The United States **respectfully contends** that, consistent with the cases cited above, the Court has inherent authority to order pretrial notice and disclosure and urges that **the purposes of a fair** and efficient trial are **better served** by such pretrial notice."

Second, according to the government, also to have a fair trial, the government not only needed notice of whether Mr. Moore would assert a reliance of counsel defense, the government also needed documentary/discovery evidence in the alleged name of "fairness": "[s]hould the Court decide to require notice and disclosure, then the United States respectfully requests that the Court issue an Order requiring that the

subpoenaed records be produced no later than Monday, November 25, 2024, which would allow the United States a week to review the records before trial, which begins on December 2, 2024." Id.

That established, and as this Court heard, the very entity talking about a "fair" trial, planned on dropping about twenty witness the night before trial so that Mr. Moore, could be "prepared." As the Court also learned at said hearing, the government (1) keeps slow dripping "draft" summary charts and (2) thinks its ok for Mr. Moore to look through 156,000 documents to determine, which documents support these charts. After this Court spoke to counsel, the government agreed to identify the specific documents that support each chart. However, **that has not been done**. Instead, the government has stated, one day ago (12/4/2024): "**I also have a few additional summary charts that I will be disclosing to you shortly.**" This has to stop in order, as the government puts it when equity favors the government, to have a **fair** trial.

Lastly, with the continuance, the government's obvious attempt at trail by ambush was thwarted. But without an order from this Court, it is quite clear that the government intends to continue this dilatory ambush tactic—after

relying on equity so that it could have a "fair" trail about a defense that did not even require disclosing. (ECF 143.) Please stop this.

## CONCLUSION

Mr. Moore respectfully requests that his two relevant motion be granted immediately, and not wait until December 23, 2024 because, inter alia, Mr. Moore's CPA needs time to address these 10 to-who-knows-how-many "draft" summary charts, and needs time to prepare for witness (which still aren't even designated will call, or may call). This Court has the inherent power as recognized by the government and the DOJ Prosecution Manual to issue such an order—to ensure as the government puts it, a "**fair and efficient trial**" in this case. (ECFs 165, 166.)

Respectfully submitted this 5th day of December 2024,

**/s/ MARIO WILLIAMS**
Virginia Bar # 91955

**HDR LLC**
**5600 Roswell Road**
**Building C**
**Sandy Springs, GA 30342**
mwilliams@hdrattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **UPDATE AND REQUEST REGARDINGS MOTIONS FOR ORDER REGARDING DISCLOSURES** upon theDefendant by e-filing a true and correct copy of the same via electronic filing addressed to counsel for the Defendant as follows:

Matthew Hicks

Williams Montague

Respectfully submitted this 5th day of November 2024,

**/s/ MARIO WILLIAMS**
Virginia Bar # 91955

**HDR LLC
5600 Roswell Road
Building C
Sandy Springs, GA 30342**
mwilliams@hdrattorneys.com