IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case no: 5:21-cr-00023 |
| | ) | |
| RICHARD MOORE | ) | |
| | ) | |
| *Defendant.* | ) | |

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

DEC 09 2024

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

## MOTION OF NON-PARTY MOVANT MICHEAL DONOVAN TO STAY ENFORCEMENT OF THIRD-PARTY SUBPOENAS PENDING APPEAL

Non-Party Movant Micheal Donovan ("Movant"), appearing pro se, respectfully moves this Honorable Court for an order staying enforcement of subpoenas issued to certain attorneys and law firms holding Movant's attorney-client privileged communications, pending the resolution of Movant's appeal challenging this Court's determination that these communications are not privileged. In support of this motion, Movant states as follows:

### I. INTRODUCTION

Movant is a non-party who has an established attorney-client relationship and asserts that certain communications with his counsel, including those shared under a joint defense or common-interest arrangement, are privileged. The government has obtained subpoenas directed to third-party attorneys and law firms (not to Movant directly) compelling them to disclose these

1

purportedly privileged communications. This Court has ruled that the communications are not privileged and has ordered their production.

Movant intends to appeal this ruling. Without a stay, the third-party attorneys and law firms—who are custodians of Movant's privileged information—will be forced to produce the disputed materials before the appellate court can review the privilege determination. Because these third parties cannot refuse compliance without risking contempt, Movant faces immediate and irreparable harm: once disclosed, the confidentiality of these communications is irretrievably lost. These circumstances invoke the rationale of the Perlman doctrine, which recognizes that when a privilege holder's materials are in the possession of a disinterested third party, immediate appellate review is warranted before forced disclosure.

## II. LEGAL STANDARD

A stay pending appeal is an equitable remedy preserving the status quo while the appellate court considers the merits of the appeal. Under *Nken v. Holder*, 556 U.S. 418 (2009), four factors guide this Court's discretion:

1. Likelihood of success on the merits of the appeal;
2. Irreparable injury to the movant absent a stay;
3. Substantial injury to other parties interested in the proceeding; and
4. The public interest.

These factors collectively weigh in favor of granting a stay when forced disclosure of privileged material is at issue.

2

## III. ARGUMENT

### A. Movant Is Likely to Succeed on the Merits of the Appeal

Movant's appeal presents a substantial legal question: whether the communications at issue, held by third-party law firms and attorneys, fall under the attorney-client privilege and potentially a joint defense or common-interest privilege arrangement. Appellate courts have recognized that where multiple parties share a common legal interest, communications related to that interest may remain privileged. See, e.g., *United States v. Schwimmer*, 892 F.2d 237 (2d Cir. 1989); *In re Teleglobe Communications Corp.*, 493 F.3d 345 (3d Cir. 2007).

The appellate court's review will clarify whether this Court's rejection of the asserted privilege was correct. This is not a trivial, routine discovery dispute; it concerns the fundamental contours of attorney-client and common-interest privileges. Thus, there is at least a substantial case on the merits that warrants maintaining the status quo until the appeal is resolved.

### B. Movant Will Suffer Irreparable Harm Absent a Stay

Disclosure of privileged communications to the government or the public constitutes irreparable harm. Once the privileged material is handed over, its confidentiality is destroyed forever. Courts have long recognized that such forced disclosure cannot be undone, rendering a post-judgment appeal an inadequate remedy. See, e.g., *In re Ford Motor Co.*, 110 F.3d 954 (3d Cir. 1997).

Here, the subpoenas are directed to Movant's attorneys and law firms—third parties not aligned with the government but also not in a position to defy a court order without consequence.

3

Under these circumstances, the Perlman doctrine applies, allowing immediate appellate review of orders compelling production of privileged materials held by a third party. Without a stay, Movant's right to meaningful appellate review is illusory because the harm occurs once disclosure happens.

### C. A Stay Will Not Substantially Injure Other Interested Parties

A temporary stay will not significantly harm the United States or other interested parties. The government's ability to prosecute its case remains intact. The requested stay simply preserves the status quo while the appellate court addresses the important legal issue at stake. Balancing the equities, any minimal delay imposed on the government is far outweighed by the permanent loss of Movant's privilege interests if no stay is granted.

### D. The Public Interest Favors Preserving Privilege During Appellate Review

The public interest is served by ensuring that the attorney-client privilege and related protections are not prematurely dismantled. These privileges are foundational to the fair administration of justice, as they foster candid communications between clients and attorneys, encourage compliance with the law, and promote proper legal representation. Ensuring that privilege determinations are correct before disclosure is critical to maintaining public trust in the judicial system. A brief stay enables careful appellate consideration and serves these broader interests.

## IV. CONCLUSION

For the foregoing reasons, Non-Party Movant Micheal Donovan respectfully requests that this Court grant a stay of the enforcement of the third-party subpoenas pending the resolution of Movant's appeal. This stay will preserve the asserted privilege and prevent irreparable harm while ensuring that the appellate court can fully consider these significant legal questions.

Respectfully submitted,

*/s/ Micheal Donovan*

Micheal Donovan
Pro Se Third-Party Movant
47 South Windsong Court
Fishersville, VA 22939
757-344-5139
mikedonovanva@gmail.com