IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 5:21-cr-23 |
| | ) |
| RICHARD E. MOORE | ) |

**UNITED STATES' RESPONSE TO MOORE'S MOTION
TO EXCLUDE EVIDENCE OF NONTAX EXPENDITURES**

Moore was greedy. For years, he was an executive at Nexus. Nexus had employees, and when it paid its employees, it withheld federal income taxes, Social Security taxes, and Medicare taxes from their wages. Moore was responsible for paying those taxes over to the Internal Revenue Service and filing federal tax returns for them. Sometimes he did, and sometimes he didn't.



Ex. 600 (attached). When he didn't, it wasn't because he forgot or made an honest mistake. It was because he wanted to spend those withheld taxes on other things, like all-employee events in Orlando and Las Vegas, expensive cars, a beautiful wedding for him and his partner, and big salaries for them both. Ex. 610 (attached). Over ten years, Moore spent about $11 million on luxuries like that, while failing to remit about $2 million in withheld taxes to the IRS. Ex. 611 (attached). For Moore, $9 million in fun money wasn't enough. He had to cheat Uncle Sam too.

The defendant has now moved to deprive the jury of any evidence of these facts, arguing (in his brief) that they are irrelevant and (orally at the pretrial conference without citation to caselaw) that any probative value is substantially outweighed by danger of unfair prejudice. Dkt. No. 185. He is incorrect, and the motion to exclude should be denied.

I.     FAILURE TO TRUTHFULLY ACCOUNT FOR AND PAY OVER TAX

Nontax expenditures are relevant and highly probative for the 16 counts in the second superseding indictment that charge the defendant with violating 26 U.S.C. § 7202 (that is, counts 1-10 and 13-18). To show why, some explanation of the law is required.

Section 7202 holds criminally liable…

> [a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax….

26 U.S.C. § 7202. "This title" means Title 26 of the United States Code, which is the Internal Revenue Code, and it requires employers to collect federal income taxes and Federal Insurance Contribution Act (FICA) taxes, also known as Social Security and Medicare taxes, from their employees' wages. *United States v. Persinger*, No. 7:20-CV-767, 2022 WL 256335, *2 (W.D. Va. Jan. 26, 2022) (Dillon, J.); 26 U.S.C. § 3402(a) (income taxes) and § 3102(a) (FICA taxes); *United States v. McLain*, 597 F. Supp. 2d 987, 995 (D. Minn. 2009) ("this title" in § 7202 means the Internal Revenue Code). These taxes are called "trust fund taxes" because the employer must hold them in trust for the United States and pay them over to the IRS. 26 U.S.C. § 7501(a) (withheld taxes must be held "in trust for the United States"); § 3403 (employer liable for payment of withheld income taxes); § 3102(b) (employer liable for payment of withheld FICA taxes). And employers must truthfully account for trust fund taxes by filing complete and accurate Forms 941, which are the employer's quarterly federal tax returns. 26 U.S.C. § 6011(a); 26 C.F.R. § 31.6011(a)-4(a)(1) (income taxes); 26 C.F.R. § 31.6011(a)-1(a)(1) (FICA taxes).

If a business fails to collect, truthfully account for, or pay over trust fund taxes, the IRS can pursue not only the business but also any people at the business who should have collected, truthfully accounted for, or paid over the taxes. Such "responsible persons" may be held civilly

liable for a financial penalty equal to the full amount of the unremitted taxes under 26 U.S.C § 6672 and criminally liable under § 7202.[1] 26 U.S.C. § 7501(b); *United States v. Lord*, 404 F. App'x 773, 775 (4th Cir. 2010) (unpublished).

These two statutes were designed to ensure "compliance by the employer with its obligation to withhold and pay the sums withheld, by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil and criminal penalties for the employer's delinquency." *Slodov v. United States*, 436 U.S. 238, 247 (1978); *see United States v. Barringer*, 25 F.4th 239, 258 n.13 (4th Cir. 2022) ("Sections 6672 and 7202 effectively operate in tandem. While § 6672 provides for civil liability and penalties for failure to pay taxes, § 7202 subjects the perpetrator to a felony conviction."). Sections 6672 and 7202, in other words, are two sides of the same coin, and decisions interpreting one are often helpful in construing the other.[2] *Lord*, 404 F. App'x at 775 (relying on *Plett v. United States*, 185 F.3d 216 (4th Cir. 1999), a § 6672 case, to interpret the responsible-person requirement under § 7202); *Barringer*, 25 F.4th at 258 n.13 (recognizing the Fourth Circuit's reliance in *Lord* on § 6672 to interpret § 7202). Accordingly, this response contains citations to cases interpreting both statutes.

To convict a defendant of willfully failing to collect, truthfully account for, or pay over trust fund taxes, the government must prove that (1) the defendant had a duty to collect, truthfully

---

[1] Despite the availability of a civil remedy under § 6672, the United States is not required to pursue it or any other remedy, including any remedy against the business, before initiating a criminal prosecution against a responsible person under § 7202. *McLain*, 597 F. Supp. 2d at 990 ("Nothing in any statute or judicial opinion requires the government to proceed against an individual civilly under § 6672(a) before bringing a criminal prosecution under § 7202."); *see United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (approving exclusion of argument that IRS should have pursued trust-fund-tax matter civilly rather than criminally because it would invite jury nullification).

[2] The relevant language of the two statutes is largely the same. Section 6672 imposes civil liability on "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax…." 26 U.S.C. § 6672. The principal difference between the statutes is what constitutes willfulness, with § 7202 incorporating the criminal standard and § 6672 incorporating the civil one.

account for, and pay over a trust fund tax; (2) the defendant failed to collect or truthfully account for or pay over that trust fund tax; and (3) the failure was willful. *Lord*, 404 F. App'x at 775; *United States v. Boccone*, 556 F. App'x 215, 238 (4th Cir. 2014) (unpublished).

### A. Duty of Responsible Person

First, some nomenclature. As explained above, the federal income taxes, Social Security taxes, and Medicare taxes that an employer withholds from its employees' wages are known as "trust fund taxes" because they are held in trust for the United States until they are remitted to the IRS. Similarly, a person who is required to collect, truthfully account for, and pay over trust fund taxes, as contemplated by § 6672 and § 7202, is known as a "responsible person." *Slodov*, 436 U.S. at 246 n.7 ("The cases which have been decided under § 6672 generally refer to the 'person required to collect, truthfully account for, and pay over any tax imposed by this title' by the shorthand phrase 'responsible person.'"); *Plett*, 185 F.3d at 218-19; *Lord*, 404 F. App'x at 775.

What makes a person a "responsible person" is the authority and power, as a practical matter, to cause the business to comply with its legal obligations to withhold trust fund taxes from its employees' wages, file the necessary tax returns reporting those wages and trust fund taxes, and remit the withheld trust fund taxes to the IRS:

> To determine who within a company is a "responsible person" under § 6672, we undertake a pragmatic, substance-over-form inquiry into whether an officer or employee so participated in decisions concerning payment of creditors and disbursement of funds that he effectively had the authority—and hence a duty—to ensure payment of the corporation's payroll taxes. Stated differently, the crucial inquiry is whether the person had the effective power to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed.

*Plett*, 185 F.3d at 219 (cleaned up); *United States v. Bailey*, 216 F. App'x 378, 382 (4th Cir. 2007).

The Fourth Circuit takes a broad view of who is a responsible person. *Plett*, 185 F.3d at 219 ("§ 6672 casts a broad net over many persons in imposing liability for delinquent payroll taxes") (cleaned up). Both § 6672 and § 7202 explicitly state that the duty applies to "any" person required to collect, account for, and pay over trust fund taxes, and often there is more than one person in a company who is responsible for ensuring compliance with those legal obligations. *Id.* ("[T]he 'responsible person' is not limited to one person in a company but rather may include many persons connected with the same employer. … There may be—indeed, there usually are—multiple responsible persons in any company"). The duty is also not limited to the person most responsible. *Erwin*, 591 F.3d at 324 (holding that "§ 6672 imposes liability on *all* responsible persons, not just the *most* responsible person.") (cleaned up; emphasis in original).[3] And, notably given that the defendant has already blamed Rebecca Neal (Dkt. No. 185, p.5) and might blame others, the duty may not be delegated away. *Id.* at 322 ("delegation will not relieve one of responsibility").

To be considered responsible for purposes of § 6672 and § 7202, a person need not even know that there has been a failure to collect, account for, or pay over trust fund taxes. *Barnett v. I.R.S.*, 988 F.2d 1449, 1454 (5th Cir. 1993). This broad view of responsibility encourages those in power to "stay abreast of the company's withholding and payment of [trust fund taxes]," and it keeps the door closed on "a host of evasive tactics." *Id.* at 1456-57.

To determine whether a person has the requisite authority and power, the Fourth Circuit looks primarily to six factors:

---

[3] The defendant says he will put on evidence to show "who really was the responsibly [sic] person under governing law." Dkt. No. 185, p.6. From this, it appears the defendant may intend to argue that there can be only one responsible person or that only the most responsible person has a duty to file Forms 941 and pay over trust fund taxes. Because this would be a misstatement of law and an invitation to jury nullification, the Court should exclude any such argument.

> Several factors serve as indicia of the requisite authority, including whether the employee (1) served as an officer of the company or as a member of its board of directors; (2) controlled the company's payroll; (3) determined which creditors to pay and when to pay them; (4) participated in the day-to-day management of the corporation; (5) possessed the power to write checks; and (6) had the ability to hire and fire employees.

*Plett*, 185 F.3d at 219; *Bailey*, 216 F. App'x at 382. This six-factor list is not comprehensive; other factors that go to a person's authority and power can be considered. *Erwin v. United States*, 591 F.3d 313, 321 (4th Cir. 2010) (Fourth Circuit has "developed a non-exhaustive list of factors to consider" in determining whether person is responsible person); *see, e.g., O'Connor v. United States*, 956 F.2d 48, 51 (4th Cir. 1992) (considering whether person was owner, received salary, and had office space at company); *United States v. Carrigan*, 31 F.3d 130, 133 (3d Cir. 1994) (considering whether defendant ever signed company's federal quarterly tax returns or other company tax returns).

In addition, a person need not meet all six factors to be a responsible person. *Johnson v. United States*, 734 F.3d 352, 363 (4th Cir. 2013) (person was responsible person even though she was not "running the day-to-day operations of the corporation"). Conversely, satisfying some but not all six factors does not necessarily make a person a responsible person. *See O'Connor*, 956 F.2d at 51 (despite 50% ownership, title that sounded important, and ability to sign checks, person was not responsible person given other facts). In sum, the question of whether a person is a responsible person must be answered by the totality of circumstances. *Erwin*, 591 F.3d at 321 ("No single factor controls; rather, we consider the totality of the circumstances").

Finally, if a person has the authority to exercise "significant, although not necessarily exclusive or final, control" over a company's financial affairs, regardless of whether he actually exercises that authority, he is a responsible person. *Barringer*, 25 F.4th at 258; *Johnson*, 734 F.3d

6

at 362. Likewise, if a person could, if he wished to exert his authority, have "substantial" input into decisions about paying creditors or collecting, accounting for, and paying over trust fund taxes, he is a responsible person. *Barnett*, 988 F.2d at 1455. Again, the essential inquiry is whether the person has the power as a practical matter—the actual authority or ability—to withhold trust fund taxes from employees' wages, file tax returns accounting for those withheld trust fund taxes, and remit the withheld trust fund taxes to the IRS.

### B.   Failure of Duty

To be found guilty of violating § 7202, the responsible person must also fail in his legal duty. And although § 7202 states in part that it is violated when a responsible person willfully fails to "truthfully account for and pay over … tax," which could be read as requiring a failure of both acts to constitute a violation of the statute, a willful failure to do either suffices. *See, e.g., United States v. Sertich*, 879 F.3d 558, 562 (5th Cir. 2018) ("[W]e now agree with every other circuit to have considered this issue and hold that § 7202 is violated if a defendant willfully fails to *either* truthfully account for taxes *or* pay them over.") (emphasis in original); *U.S. v. Gilbert*, 266 F.3d 1180, 1183-1185 (9th Cir. 2001) (agreeing with government's argument that "§ 7202 is violated by the failure to account for *or* pay over withholding tax") (emphasis in original); *Boccone*, 556 F. App'x at 238 (citing *Gilbert* and affirming § 7202 conviction solely for failure to pay); *cf. Slodov*, 436 U.S. at 246-47. The conjunction in the phrase "truthfully account for and pay over" creates a "dual obligation" to truthfully account for trust fund taxes and to pay over those trust fund taxes. And both parts of that unitary obligation must be satisfied. *Sertich*, 879 F.3d at 563.

Consequently, a person who collects and truthfully accounts to the IRS for taxes withheld from employee pay but then spends those trust fund taxes on fast cars and fine dining does not escape the statute's reach.

### C.   Willfulness

Last, the responsible person's failure of duty must be more than negligent; it must be willful. Willfulness for purposes of federal tax crimes is a voluntary and intentional violation of a known legal duty.[4] *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Morrison*, 32 F. App'x 669, 671 (4th Cir. 2002) (same). Ignorance of the law or a misunderstanding of it is therefore a defense. *United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993) ("A defendant may claim as a defense that, because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws."). But a jury may "consider the reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely held." *Id.* At 536. And "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Cheek*, 498 U.S. at 203-04.

In addition, because there is rarely direct proof of willfulness, such as a confession, willfulness may be inferred from proof of the defendant's conduct and the surrounding circumstances. *See, e.g., United States v. Bishop*, 264 F.3d 535, 550 (5th Cir. 2001).

In § 7202 prosecutions, a responsible person's knowledge of the legal duty to collect income, Social Security, and Medicare taxes can often be inferred from the fact that the company has in fact withheld trust fund taxes from its employees' wages. Knowledge of the duty to truthfully account for trust fund taxes can usually be inferred from the company's filing of at least one Form 941, the quarterly tax return that accounts for trust fund taxes. And knowledge of the

---

[4] Proof of bad faith or evil intent is, as the defendant correctly states, not required. *United States v. Pomponio*, 429 U.S. 10, 13 (1976); *Morrison*, 32 F. App'x at 671.

8

duty to pay over trust fund taxes to the IRS can typically be inferred from the company having remitted trust fund taxes to the IRS at least once.

That the failure of these known legal duties was voluntary and intentional can be inferred from a pattern of failing to collect, account for, or pay over trust fund taxes for an extended period. *Lord*, 404 F. App'x at 779. Willfulness can also be inferred from, among other things, circumventing normal recordkeeping procedures by reversing entries that would result in a tax liability, *Bishop*, 264 F.3d at 552; providing a return preparer with inaccurate or incomplete information, *id.*; using nominees, *id.* at 550; concealing bank accounts, *United States v. Ratner*, 464 F.2d 101, 105 (9th Cir. 1972); prior and subsequent similar acts reasonably close in time to the alleged offense, *United States v. Taylor*, 305 F.2d 183, 185 (4th Cir. 1962); and the defendant's attitude toward the reporting and payment of taxes generally, *id.* at 185-86.

Crucially, as the government explained at the pretrial conference and as the Fourth Circuit has held, the mere payment of *anything* other than the withheld trust fund taxes—such as the company's electric bill, its office lease, or wages to employees—is enough to establish a willful failure to pay if the defendant knows that trust fund taxes are due to be paid over to the IRS.

> The intentional preference of other creditors over the United States is sufficient to establish the element of willfulness. Even if other expenditures were necessary for operation of the business, this does not undermine a finding of willfulness. Indeed, paying wages and satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202.

*Boccone*, 556 F. App'x at 239 (cleaned up)[5]; *see also Persinger*, 2022 WL 256335 at *1

---

[5] However harsh it may seem that payment of taxes to the IRS takes priority over payment of wages to employees, the United States—which is to say the people of the United States—cannot be made "an unwilling partner in a floundering business," or even a healthy one, by a responsible person's unilateral decision to break the law. *Erwin*, 591 F.3d at 319. Nor should law-abiding businesses have to compete against tax-cheating businesses that have greater resources because of the tax crimes they commit.

9

(defendants' failure to pay trust fund taxes was willful because they knowingly "paid employees and other creditors, such as utility companies and suppliers, instead of the United States").

## II.     NONTAX EXPENDITURES ARE RELEVANT TO TWO ELEMENTS

The defendant argues that evidence of "luxury" nontax expenditures is irrelevant "under case law" and Rules 401 and 402 of the Federal Rules of Evidence. Dkt. No. 185, p.3. But as just discussed, the Fourth Circuit's *Boccone* decision in 2014 holds that nontax expenditures are not only relevant to determining whether a failure to remit withheld trust fund taxes was willful for purposes of § 7202, but they can be *sufficient* to establish that element. 556 F. App'x at 239. The Fourth Circuit's 1992 decision in *Turpin*, which the defendant relies on for a different proposition (Dkt. No. 185, p.5), holds the same for purposes of § 6672. *Turpin v. United States*, 970 F.2d 1344, 1347 (4th Cir. 1992) ("The intentional preference of other creditors over the United States is sufficient to establish the element of willfulness under section 6672(a).") (cleaned up)[6]; *see also United States v. Pomponio*, 635 F.2d 293, 298 n.5 (4th Cir. 1980) (in § 6672 case, "intentional preference of other creditors [over United States] was sufficient to establish the element of willfulness"); *Lord*, 404 F. App'x at 779 ("Such acts, of paying wages and of satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202").

Other circuits agree that nontax expenditures are relevant and can be sufficient to establish willfulness. *Gilbert*, 266 F.3d at 1185 (Ninth Circuit held that "Gilbert's act of paying wages to his

---

[6] The defendant claims he took an "affirmative step" to ensure that allegedly incorrect tax amounts were corrected and reported to the IRS, and he cites *Turpin* to argue that a jury could reasonably conclude from that alleged *correction in reporting* that he was not willful in *failing to remit* trust fund taxes. Dkt. No. 185, p.5. But *Turpin* does not justify such a leap in logic. To the contrary, in that case the Fourth Circuit correctly concluded that the jury was entitled to infer that Turpin had not acted willfully in failing to *pay over* trust fund taxes when the defendant testified and made "an affirmative showing that he did not disregard his duties [and] undertook all reasonable efforts to see that … taxes would in fact *be paid*." *Id.* at 1350 (emphasis added) (cleaned up).

10

employees, instead of remitting withholding taxes to the IRS, shows that he voluntarily and intentionally violated § 7202."); *United States v. Blanchard*, 618 F.3d 562 (6th Cir. 2010) (in § 7202 case, Sixth Circuit held that "[i]f a defendant has made discretionary purchases in lieu of meeting his tax obligations, this is probative of his guilt"). And at least one circuit has recognized that nontax expenditures can also be relevant to the responsible-person element of § 7202. *DeMuro*, 677 F.3d at 559 (Third Circuit held in § 7202 prosecution that evidence that defendants wrote checks from company account to pay for personal expenses showed not only that they "chose to pay other creditors in lieu of the United States," which goes to willfulness, but also that they had ability to sign company checks, which goes to whether they were responsible persons).

Moreover, none of the four cases cited by the defendant in his motion to exclude suggest otherwise. One, he is correct that willfulness in tax crimes does not require proof of bad faith or evil intent, and the Supreme Court's opinion in *Pomponio* does in fact stand for that proposition. 429 U.S. at 13 (1976). *Pomponio* also stands for the proposition that willfulness in tax crimes is a voluntary and intentional violation of a known legal duty. *Id.* at 12. Two, when the defendant therefore says that the Fourth Circuit's decision in *Jinwright* cites *Pomponio* for the proposition that "[w]illfulness with respect to tax crimes has been defined in essence as a knowledge requirement, or the intentional violation of a known legal duty," he is also correct. *United States v. Jinwright*, 683 F.3d 471, 478 (4th Cir. 2012); Dkt. No. 185, p.3.[7] But none of this is remarkable. The standard for willfulness in tax crimes has been settled for nearly 50 years.

---

[7] The defendant also argues that *Jinwright* requires "the focus [to] be on the financial management system in place and Mr. Moore's role within that system" in order to determine "who was responsible for calculating taxes, rendering truthful tax figures, and rendering accurate tax calculation to the government" (whatever the difference between those three acts might be). Dkt. No. 185, p.4. This argument, however, is incorrect. *Jinwright* was not a § 7202 prosecution or a § 6672 civil action. Consequently, it does not say anything about the responsible-person element of those statutes or where the focus should be to determine whether the defendant was a responsible person at Nexus within the meaning of § 7202.

Three, the defendant cites *Easterday* for its holding that, after *Pomponio*, a defendant is not entitled to argue that "his failure to pay over the taxes he owed was not willful [for purposes of § 7202], because he had spent the money on other business expenses and therefore could not pay it to the government when it was due." *United States v. Easterday*, 564 F.3d 1004, 1005 (9th Cir. 2009) (cleaned up); Dkt. No. 185, p.4 ("the district court did not abuse its discretion in refusing to admit evidence *proffered by Easterday* in order to show how and why he spent money owed to the IRS to pay other business expenses") (emphasis added). But *Easterday* does not mean, as the defendant seems to imply, that *the government* may not introduce evidence that the defendant knowingly preferred other creditors over the IRS.[8] To the contrary, that decision favorably cites *Gilbert* for the same proposition the government cites *Gilbert* for above: knowingly paying others instead of the IRS is proof of willfulness.

> We therefore hold that insofar as *Poll* may be interpreted as requiring the government, in a failure to pay case under § 7202, to prove that defendant had the money to pay the taxes when due, and allowing the defendant to defend on the ground that he had spent the money for other expenses, *Poll* is inconsistent with *Pomponio.* It is also inconsistent with common sense, for we think it unlikely that even under *Poll* and *Spies,* a defendant could succeed in arguing that he did not willfully fail to pay because he spent the money on something else. *Cf. United States v. Gilbert,* 266 F.3d 1180, 1185 (9th Cir. 2001) (concluding that *defendant's "act of paying wages to his employees, instead of remitting withholding taxes to the IRS, shows that he voluntarily and intentionally violated § 7202"*).

---

[8] This misunderstanding of *Easterday* appears to be the foundation for the defendant's argument at the pretrial conference that preferential payment of creditors other than the IRS can be relevant only if the defendant's defense is of some type or another, or that the government's evidence should be excluded if the defendant does not argue inability to pay. This is incorrect. First, *Easterday* precludes the defendant from putting on evidence of or arguing inability to pay. Second, *Boccone* and *Gilbert*, as well as the other cases discussed, show that proof of nontax expenditures are nonetheless relevant. Third, this is because the relevance of nontax expenditures flows from the fact that the government must prove beyond a reasonable doubt all elements of § 7202, including willfulness. And because willfulness is the voluntary and intentional violation of a known legal duty, the government must establish that the defendant's failure to remit trust fund taxes was intentional. As discussed above, evidence showing that the defendant paid creditors other than the IRS when he knew that trust fund taxes were due is sufficient to show his failure of duty was intentional and therefore willful.

*Easterday*, 564 F.3d at 1010 (emphasis added).

Four, as already explained, *Turpin* also hurts rather than helps the defendant's argument that evidence of nontax expenditures is irrelevant "under case law" because it holds that the "intentional preference of other creditors over the United States is *sufficient* to establish the element of willfulness" under § 6672. *Turpin*, 970 F.2d at 1347 (emphasis added) (cleaned up).

### III. THE PROBATIVE VALUE OF NONTAX EXPENDITURES IS NOT SUBSTANTIALLY OUTWEIGHED BY DANGER OF UNFAIR PREJUDICE

At the pretrial conference, the defendant raised an alternative argument that, despite being conventional in circumstances like these, was absent from the motion he filed: that is, the evidence he seeks to exclude as irrelevant should also be excluded as unfairly prejudicial. Because the defendant did not brief this argument, offer more than conclusory statements at the hearing, or cite to any caselaw, the government is largely shadowboxing.

Nevertheless, of the cases already cited, three appear to have addressed a Rule 403 argument, and none concluded that a danger of unfair prejudice substantially outweighed the probative value. *DeMuro*, 677 F.3d at 560 ("While we are sensitive to the effect that evidence of a defendant's liberal spending habits can have on a jury, particularly in these lean economic times, the evidence admitted in this case, i.e., evidence of vacations, jewelry, cars, and parties, was not so inflammatory as to carry a great risk of prejudice. It certainly was not so prejudicial as to substantially outweigh its very significant probative value"); *Barringer*, 25 F.4th at 249 ("[W]e perceive no prejudice to Barringer when this challenged evidence is considered in context. Indeed, any potential prejudice was mitigated by the strength of the Government's evidence on the remaining counts, the district court's jury instruction to consider each count separately, and the overall core similarity of the facts underlying all counts."); *Blanchard*, 618 F.3d at 570 ("the

relevance of Blanchard's spending a comparatively large amount of money on his own entertainment in lieu of paying over taxes to the IRS substantially outweighs the potential for prejudice arising from admission of this evidence"); *see also United States v. Ellis*, 548 F.3d 539, 543 (7th Cir. 2008) (also § 7202) ("While Ellis's lavish personal expenditures certainly place her in an unfavorable light, in view of the evidence's relevance, we do not believe that the danger of unfair prejudice substantially outweighed the evidence's probative value.").

These results are not surprising given the broad discretion district courts have under Rule 403 and the overarching imperative to resolve cases on the full facts, not some half picture of them, that animates the Federal Rules of Evidence:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.

*DeMuro*, 677 F.3d at 559 (cleaned up).

## CONCLUSION

Because nontax expenditures are relevant to two elements of 16 of the charges in the second superseding indictment and can be sufficient to prove one of those elements, and because the probative value of the nontax expenditures is not substantially outweighed by danger of unfair prejudice, the defendant's motion to exclude should be denied.

    Respectfully submitted,

    CHRISTOPHER R. KAVANAUGH
    United States Attorney

    /s/ William M. Montague
    Trial Attorney
    U.S. Department of Justice, Tax Division
    150 M Street, N.E.

    4 Constitution Square, Mail Stop: 1.1505  
    Washington, D.C. 20002  
    Ph:    (202) 616-2386  
    Email: william.m.montague@usdoj.gov

    /s/ Matthew C. Hicks  
    Matthew C. Hicks, Trial Attorney  
    U.S. Department of Justice, Tax Division  
    150 M Street, N.E.  
    4 Constitution Square, Mail Stop: 1.1313  
    Washington, D.C. 20002  
    Ph:    (202) 616-2412  
    Email: matthew.c.hicks@usdoj.gov

## **CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 20th day of December 2024.

    /s/ Matthew C. Hicks  
    Matthew C. Hicks  
    Trial Attorney