CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
12/23/2024
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 5:21-cr-00023
)
) By: Elizabeth K. Dillon
RICHARD E. MOORE ) Chief United States District Judge
)

**MEMORANDUM OPINION AND ORDER**

By memorandum opinion and order entered December 13, 2024, the court took under advisement in part a motion to stay filed by non-party Micheal Donovan. (Dkt. No. 182.) The court addresses and rules herein on that portion of the motion.[1]

In its order, the court explained that it needed to hold "an ex parte hearing so Moore [could] proffer regarding his advice-of-counsel defense." (*Id.* at 9.) The court then set forth its intended next steps:

> After that hearing and after it has completed its review of all documents submitted, the court will make a determination as to whether any documents need be disclosed. If the court does not order disclosure of any documents, then the trial will go forward as scheduled on January 6, 2025. If the court determines that the production of any privileged documents is required, then the court will decide the portion of Donovan's motion to stay that has been taken under advisement.

(*Id.*)

The court has conducted an in-camera review of all documents submitted in response to the subpoenas directed toward counsel who may have advised Moore, held the ex parte hearing on December 19, 2024, and has considered both defendant's proffer and all the documents. As

[1] In an effort to issue this ruling quickly and because of the approaching trial date, the court will assume that any reader is familiar with the court's prior rulings and the procedural posture in this case and will not discuss either in any detail.

discussed in more detail in this opinion, the court concludes that Moore has not met his burden of production so as to be entitled to offer an advice-of-counsel defense. Consequently, the defense will not be permitted at trial and the jury will not be instructed on it. The same evidence that Moore points to for his advice-of-counsel defense, however, may be relevant in other ways to the issue of willfulness. And that evidence undisputedly involves communications with counsel and thus potentially implicates Nexus's attorney-client privilege (and possibly any privilege of Donovan's, if the Fourth Circuit were to find it had been sufficiently established). As a result, and as the court previously explained, it must balance the importance of Nexus's attorney-client privilege against the value of the proffered evidence to Moore's defense.

Because it concludes that maintaining Nexus's attorney-client privilege is more important than the limited value of the evidence Moore seeks to introduce in abrogation of that privilege, the court will not order documents disclosed nor will it allow the use of such evidence at trial. And because no disclosure is occurring, the notices of appeal filed by Donovan and Nexus are premature and do not prevent this criminal trial from proceeding, nor is a stay appropriate.[2] Thus, the court will deny the portion of Donovan's motion to stay that it previously took under advisement.

I. BACKGROUND

The parties (and Nexus and Donovan) are familiar with the relevant background, which has been set forth in prior opinions of the court and which the court incorporates by reference. (Dkt. Nos. 170, 182; *see also supra* note 1.) [redacted]

[2] As noted in the court's December 13, 2024 order, "if the court were to determine that none of the [privileged] documents should be produced to the United States or to Moore, then an immediate appeal would not be permissible." (Dkt. No. 182, at 5.) And in the absence of a valid interlocutory appeal, there is no basis to stay this case pending appeal.

[redacted][3] The court will refer to the information collectively as the "Privileged Communications."

[redacted] Thus, to the extent the Privileged Communications are subject to Nexus's attorney-client privilege, they remain privileged. *See generally Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008) (explaining that a waiver of an attorney-client privilege occurs only where a party waives that privilege, either intentionally, or, in some circumstances inadvertently). [redacted][4]

---

[3] [redacted] By email dated December 6, 2024, the United States advised that it had deleted all documents it had received pursuant to subpoenas. To the extent Moore has not done the same, he will be ordered to do so herein.

## II. DISCUSSION

### A. Moore Has Not Produced Sufficient Evidence to Meet His Burden of Production for the Advice-of-Counsel Defense.

As the court noted in its prior opinion, Moore bears the burden of producing "more than a scintilla of evidence" to establish all elements of the advice-of-counsel defense. (Mem. Op. & Order 5–7, Dkt. No. 182.) The court finds that he has failed to do so.

[4] In order to maintain both Nexus's attorney-client privilege and the ex parte nature of Moore's proffer, the court will issue three versions of this opinion. The first will be available for viewing only by the court and, in the event it is needed on appeal, by the court of appeals. (That version will also be the only one to include as an exhibit the documents relied upon by Moore during his ex parte proffer.) The second version will be provided only to Moore, and this ex parte version will include information about his proffer but not substantive information about the court's in-camera review of the subpoenaed documents. The third version will be available to the public and to the United States, and substantive information both about the proffer and the court's review of privileged documents will be redacted.

[redacted] That does not meet Moore's burden of production as to the defense.[5]

[redacted]

[redacted] In sum, he is not entitled to assert an advice-of-counsel defense.

**B. The Privileged Communications May Have Relevance [redacted] Outside the Context of the Advice-of-Counsel Defense.**

The court's conclusion that Moore may not rely on an advice-of-counsel defense does not

---

[5] [redacted] The court also has reviewed and considered all of the documents submitted to it for in-camera review and concludes [redacted] the United States has agreed to waive the use of any documents or testimony subpoenaed from the defendant's former attorneys (and that are unprotected by a claim of privilege like Nexus's) to prove the defendant was told to file tax returns on time or pay taxes when due, or otherwise to prove willfulness, if that would allow trial to start as planned on January 6, 2025. (*See* Mem. Op. & Order at 7, Dkt. No. 182 (quoting Opp'n to Donovan's Mot. to Stay 5 n.2).) Thus, there is no need to disclose to the United States any of the documents in which Nexus claims a privilege.

necessarily mean that the Privileged Communications are irrelevant to the case. [redacted]

[redacted]

[redacted]

**C. To the Extent They Provide Evidence [redacted] the Value of the Privileged Communications to Moore's Defense Does Not Outweigh Nexus's Attorney-Client Privilege.**

As the court previously explained, the appropriate course of action when privileged communications of a corporation might assist the defense of a criminal defendant who does not have authority to waive that privilege is to balance the defendant's constitutional right to put on a defense against the corporation's claimed privilege. (*See* Mem. Op. & Order 8–10, Dkt. No. 170.) Having done so here, the court concludes that the value of this information to Moore does not outweigh the importance of the privilege to Nexus.[7]

First, the court notes the importance of the attorney-client privilege generally, which has been repeatedly recognized by courts as vitally important. *See In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (noting that the privilege serves a "salutary and important purpose: to 'encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice'") (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 256 (4th Cir. 2023) ("The attorney-client privilege is the oldest of the privileges for confidential

[7] The court recognizes that Donovan also asserted a privilege in at least some of the documents, and the court has found that he provided insufficient information to support a claim of privilege. Thus, the court considers only Nexus's privilege in its balancing. If the court were to additionally consider Donovan's alleged privilege, it would tip the scales even more in favor of prohibiting disclosure. Apparently, as stated on the record previously, Donovan is the target of an ongoing grand jury investigation that may relate to non-payment of taxes. Accordingly, disclosure to the government of tax advice he received from counsel (either as an officer of Nexus or personally) also could impact that investigation to his detriment.

communications known to the common law.") (citation omitted). *United States v. Rainone*, 32 F.3d 1203 (7th Cir. 1994) (referring to the privilege as "hallowed"). And unlike in some cases, such as *Rainone*, where the defendant's use of privileged information involved only a few documents, disclosure here would require disclosure of hundreds of pages of privileged documents to the United States, from several law firms and over a period of years. That would constitute a major intrusion into Nexus's attorney-client privilege, which it has steadfastly refused to waive.

On the other side of the scale, [redacted] the court has concluded that he has not presented sufficient evidence to support an advice-of-counsel defense. [redacted]

Having considered those competing concerns, the court concludes that the importance of Nexus's attorney-client privilege outweighs the minimal value to Moore of the Privileged Communications and subpoenaed privileged documents.

**D. A Stay Pending Appeal Is Not Appropriate.**

As explained in the court's prior order, and in light of the fact that the court has now determined that privileged documents will not be disclosed to either party nor allowed to be used at trial, the order denying the motions to quash is not appealable. Thus, the notices of appeal here are from a non-appealable interlocutory order and did not transfer jurisdiction to the Fourth Circuit. *See Newkirk v. Kiser*, No. 7:19CV00648, 2021 WL 263371, *2 (W.D. Va. Jan. 27, 2021) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary

rule that the district court cannot act until the mandate has issued on the appeal does not apply."); *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (unpublished) ("the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order"); *United States v. King*, No. 1:08CR00041, 2008 WL 4790331, *1 (W.D. Va. Oct. 31, 2008) ("filing a notice of appeal from a nonappealable order does not divest the district court of jurisdiction").

Further, there is no basis for this court to certify an interlocutory appeal as to the order denying the motions to quash. As the Fourth Circuit has acknowledged, interlocutory appeals are "disfavored in the federal courts, especially in criminal cases." *United States v. Lawrence*, 201 F.3d 536, 527 (4th Cir. 2000). "Because of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan v. United States*, 465 U.S. 259, 265 (1984); *see also United States v. Bundy*, 392 F.3d 641, 644 n.1 (4th Cir. 2004) (same). Indeed, the parties' and the public's interest in a prompt trial here—in a case that already has seen significant delays—further supports denial of a stay. In short, because the appeals are not proper and will not be certified as an interlocutory appeal by this court, there is no valid reason for the court to stay this case pending resolution of the appeal.

## III. SUMMARY AND ORDER

For the stated reasons, it is hereby ORDERED as follows:

1. The remaining portion of Donovan's motion to stay (Dkt. No. 173) is DENIED.
2. Moore will not be permitted to use an advice-of-counsel defense at trial. Additionally, neither he nor the United States may use information protected from disclosure by Nexus's attorney-client privilege, which Nexus has not agreed to waive.

3. Moore is directed to destroy any documents subpoenaed from lawyers and law firms who had provided tax advice to Nexus that were provided to him by the United States or that he received directly from the subpoena recipients in response to the subpoenas.
4. This trial shall go forward as scheduled, beginning on January 6, 2025.

Entered: December 23, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge