IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:21-cr-00023 |
| | ) | |
| | ) | By: Elizabeth K. Dillon |
| RICHARD E. MOORE | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

The trial in this case is set to begin on January 6, 2025. On December 23, 2024, after a process that included the court's in-camera review of more than a thousand pages of documents, an ex parte hearing allowing a proffer by defendant, and briefing by the parties, the court issued an opinion and order. Part of its order ruled that Moore would "not be permitted to use an advice-of-counsel defense at trial" and that neither party could "use information protected from disclosure by Nexus's attorney-client privilege." (Dkt. No. 193, at 10–11.)

On December 30, 2024, Moore filed a document titled as a "Motion for Interlocutory Appeal," although it was docketed by counsel as a "Notice." (Dkt. No. 196.) In it, Moore contends that the statement in the court's December 23, 2024 opinion, summarizing that Moore had failed to provide more than a scintilla of evidence to support his reliance-on-counsel defense, constituted an error of law because the phrase "scintilla of evidence" is not a legitimate legal standard. For support, Moore relies on *Sedar v. Reston Town Center Property, LLC*, 988 F.3d 756, 761 n.3 (4th Cir. 2021), which noted the difficulty in applying the term "scintilla" and discouraged use of that standard in the context of summary judgment in a civil case. Moore argues that the court's use of this standard creates a "dispute of law that warrants granting" him an interlocutory appeal. (Mot. for Interlocutory App. 4, Dkt. No. 196.) He then cites the

standard for such appeals as set forth in a statute governing civil cases, 28 U.S.C. § 1292(b).  (*Id.* at 4–5.)

The United States has indicated that it does not intend to file a response to the motion unless directed to do so by the court, and the court does not require a response.  For the reasons discussed briefly next, the court concludes that an interlocutory appeal is not appropriate and that the motion for interlocutory appeal will be denied.

As an initial matter, it is unclear whether the rationale of *Sedar* governs in this context.  The standard utilized by the court in its December 23 opinion referred back to one of its prior opinions, which cited to *United States v. Dallmann*, 433 F. Supp. 3d 804, 810–11 (E.D. Va. 2020), for the proposition that a defendant must produce "more than a scintilla of evidence" to satisfy his burden of production as to an affirmative defense.  The *Dallmann* court obtained that standard from the Fourth Circuit's decision in *United States v. Sligh*, 142 F.3d 761, 762 (4th Cir. 1998).  *Dallman*, 433 F. Supp. 3d at 810.  Moreover, the Fourth Circuit has applied that same standard in addressing an affirmative defense in a criminal case at least as recently as 2013.  *See United States v. Royal*, 731 F.3d 333, 339 (4th Cir. 2013); *see also United States v. Swain*, No. 5:19-CR-00052, 2019 WL 4282321, at *2 (S.D.W. Va. Sept. 10, 2019) (using same standard in same context).

The court further notes that it explained its reasoning and discussed the evidence offered with regard to the defense in some detail, although some of that analysis appears only in the sealed version of the court's opinion.  Thus, the court did not merely state that Moore had not produced more than a scintilla of evidence; it discussed what evidence he did proffer, other evidence the court had reviewed, and discussed why—whether offered as evidence on that defense or more generally—the limited value of that evidence did not outweigh Nexus's attorney-client privilege.  Thus, the mere fact that the court utilized the standard discouraged by

2

the *Sedar* court in a civil case does not mean that it improperly analyzed the evidence before it.

Regardless of whether the court applied the proper standard, this alleged error of law is not immediately appealable. Although Moore points to 28 U.S.C. § 1292(b) as the source of a potential interlocutory appeal and relies on case law interpreting it, the Fourth Circuit has noted that the provision does not apply in criminal cases. *United States v. Blackwell*, 900 F.2d 742, 746 (4th Cir. 1990); *see also* 28 U.S.C. § 1292(b) (referencing an order "in a civil action").

In the criminal context, the collateral order doctrine is "narrow"; "the final judgment rule is 'at its strongest in the field of criminal law.'" *United States v. Sueiro*, 946 F.3d 637, 640 (4th Cir. 2020) (quoting *Flanagan v. United States*, 465 U.S. 259, 264–65 (1984)). As the Fourth Circuit recently emphasized, piecemeal appeals can lead to consequences such as "the district court's work [being] interrupted indefinitely, appellate dockets [being] clogged, and litigants [harassing] each other with constant, costly appeals." *In re Search Warrants Issued Feb. 18, 2022*, 111 F.4th 316, 320 (4th Cir. 2024), *petition for cert. filed under seal*, No. 24M32, 2024 WL 4654955 (Nov. 4, 2024). "These concerns are even greater in criminal cases, as piecemeal criminal appeals also implicate a criminal defendant's right to a speedy trial and the public's interest in the swift administration of criminal trials." *Id.* (citations omitted).

To be immediately appealable, a collateral order in a criminal case must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits, and (3) be effectively unreviewable on appeal from a final judgment. *Sueiro*, 946 F.3d at 639 (citations omitted). As to the third condition, a collateral order is "effectively unreviewable" only if "an important right . . . would be lost irreparably [or lost, probably irreparably,] if review awaited final judgment." *Id.* at 639 & n.1 (citing *Blackwell*, 900 F.2d at 746–47). Moreover, all three of the conditions must be satisfied for appellate jurisdiction to exist. *Id.* at 640 (citing *Flanagan*, 465 U.S. at 265).

3

Applying those stringent requirements, the court cannot find that its December 23 order would be effectively unreviewable if review awaited final judgment. It does not fall within the limited types of orders the Supreme Court has held to be immediately appealable. *Sueiro*, 946 F.3d at 640–41 (citing to four types). And even in the civil context (where appeals are not as limited), orders denying affirmative defenses have been held to be not appealable as collateral orders. *E.g.*, *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 296 (5th Cir. 2000) (explaining that where a doctrine provides an affirmative defense against liability, rather than a right not to stand trial, orders related to the defense are not appealable collateral orders). Instead, "[o]nly a claimed immunity from suit, not a mere defense to liability, falls under the collateral order exception to the final judgment rule." *Amisi v. Brooks*, 93 F.4th 659, 671 (4th Cir. 2024) (citation omitted).

Most importantly, and even if the court erred in its ruling, Moore's ability to use the advice-of-counsel defense is not a right lost forever absent an immediate appeal. If Moore is found guilty at trial and an appeal results in the finding of error, a new trial based on the error might be available and Moore could assert that defense. Because Moore cannot establish the third condition, the court need not address the first two. *Sueiro*, 946 F.3d at 642 n.3 (taking same approach).

## **CONCLUSION AND ORDER**

For the foregoing reasons, the court concludes that its December 23, 2024 Order does not fall within the collateral order doctrine and is not appropriate for interlocutory appeal. Thus, it is hereby ORDERED that Moore's motion for interlocutory appeal (Dkt. No. 196) is DENIED.

Entered: December 23, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge