IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
January 2, 2025
LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:21-cr-00023 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RICHARD E. MOORE ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Moore's motion entitled "Defendant's Objection to the Admissibility of Certain Evidence by the Government." (Dkt. No. 185.) The filing is essentially a motion in limine asking that the court exclude at trial all evidence of luxury spending because it is irrelevant to proof of willfulness. Moore also asks for a separate hearing to review each document the United States seeks to use regarding luxury spending. The United States opposes the motion (Dkt. No. 188), and Moore suggests, in reply, that the evidence is only relevant if a defendant asserts that he did not have the financial ability to pay the tax, which Moore is not asserting (Dkt. No. 189).

The United States has filed a motion for leave to file a sur-reply (Dkt. No. 190), which included its proposed sur-reply and exhibits (Dkt. Nos. 190-1 to 190–4). Defendant advised via email that he opposes that motion, but the court will grant the motion for leave to file and has considered the arguments in the sur-reply and the exhibits thereto.

The evidence Moore seeks to exclude is evidence that Nexus funds were spent on items other than paying trust taxes owed to the IRS. As summarized, the United States asserts that Moore spent the withheld trust taxes on things like "all-employee events in Orlando and Las Vegas, expensive cars, a beautiful wedding for him and his partner, and big salaries for them both." (Resp. to Mot. 1, Dkt. No. 188.) The evidence the United States includes with its response reflects that Moore spent substantial sums on such luxuries (about $11 million over ten

years) while failing to remit about $2 million in withheld taxes to the IRS. (*Id.* at 1; Ex. 611, attached to Dkt. No. 188.)

According to the United States, that evidence is relevant both to prove willfulness, an element of the offense under 26 U.S.C. § 7202, as well as to show that Moore is a "responsible party," *i.e.*, that he had a duty to collect, truthfully account for, and pay over a trust fund tax, also an element of the offense. *Slodov v. United States*, 436 U.S. 238, 247 & n.7 (1978) (discussing meaning of "responsible person"); *United States v. Lord*, 404 F. App'x 773, 775 (4th Cir. 2010) (setting forth proof required to show a violation of § 7202).[1] As discussed herein, the court agrees that such evidence may be relevant to both of those issues, on which the United States bears the burden of proof. And Moore, in both his written filings and in statements made in open court, has indicated that he intends to contest both willfulness and that he was a responsible party, as he is entitled to do.[2]

Turning first to whether the evidence is relevant to willfulness, the parties agree that willfulness in the context of an alleged violation of 26 U.S.C. § 7202 "means a voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 11 (1976).

---

[1] Some of the cases cited in this opinion involved 26 U.S.C. § 6672, rather than § 7202, but the two sections "operate in tandem." *United States v. Barringer*, 24 F.4th 239, 258 n.13 (4th Cir. 2022). Section "6672 provides for civil liability and penalties for failure to pay taxes, [and] § 7202 subjects the perpetrator to a felony conviction." *Id.* Although there are some differences, cases involving one are helpful in interpreting the other. *See id.*; *see also Lord*, 404 F. App'x at 775 (relying on § 6672 cases interpreting the "responsible person" requirement in analyzing the same requirement under § 7202).

[2] After setting forth at length the willfulness standard, Moore's motion discusses *United States v. Jinwright*, 683 F.3d 471 (4th Cir. 2012), and explains how he will present evidence that he took affirmative steps to correct the "tax deficiencies" once he knew of them. (Mot. 5.) For example, he points to evidence that he says shows that, as soon as he discovered that the company had not properly calculated taxes, he hired a more qualified individual to fix the problem and ensure correct amounts were reported to the IRS. He argues that such affirmative steps are "inconsistent with a prior willful failure to pay over taxes owed." (Mot. at 5 (quoting *Turpin v. United States*, 970 F.2d 1344 (4th Cir. 1992)). And he predicts that there will be "a lot more evidence" at trial regarding "who really was the responsibly [sic] person under governing law." (Mot. 5–6.) All such evidence may bear on the issues of willfulness and whether he is a "responsible person," and the evidence he discusses ultimately may cause the jury to find that the United States failed to establish one or both of those elements. But none of it precludes the United States from offering evidence in support of the elements of the offenses in its case-in-chief.

It does not require proof of evil motive, good or bad faith, or something more than the intent to violate the law. *See Cheek v. United States*, 498 U.S. 192, 200–01 (1991).

As noted, Moore contends that evidence of luxury spending is irrelevant to willfulness unless he opens the door to it by defending on the ground that he does not have sufficient funds to pay the tax. Although this theory was not fleshed out in his initial motion, in his reply he devotes a number of pages to attempting to distinguish the cases cited by the government, and he makes that argument explicitly. (*See, e.g.*, Reply 3, Dkt. No. 189 (explaining that because he had not argued he is unable to pay the taxes, he has not "opened the door" for the government to present proof of his ability to pay, and his choice to prioritize other payments over the IRS).)

In his initial motion, Moore cited to *United States v. Easterday*, 564 F.3d 1004 (9th Cir. 2009), for support. There, the primary issue on appeal was whether the district court erred in refusing to instruct the jury that the government was required to prove that the defendant had the money to pay the taxes when due and refusing to instruct that the defendant could defend on the ground that he had spent the money for other expenses. The court held that such instructions were improper and inconsistent with the Supreme Court's decision in *Pomponio*. It also noted that the defendant's alleged defense was inconsistent with "common sense" because a defendant's argument that he could not pay "because he spent the money on something else" was "unlikely" to "succeed." *Id.* at 1010. Then, in a single paragraph at the end of the opinion, the court ruled that the district court "did not abuse its discretion in refusing to admit" the defendant's evidence showing "how and why he spent money owed to the IRS to pay other business expenses." *Id.* at 1011. The court reasoned that such evidence was irrelevant because a defendant could not defend on the ground that he had spent the tax money for other needs. *Id.*

*Easterday* does not control here. First, it is not binding on this court. Second, the defendant was attempting to introduce the evidence there on the theory—rejected by the Ninth

3

Circuit—that he could not have violated the statute because had spent the money for other needs. Here, the government is seeking to introduce evidence of how the defendant spent Nexus money, and the many other decisions cited by the government—including *United States v. Gilbert*, 266 F.3d 1180, 1185 (9th Cir. 2001), cited favorably by the *Easterday* court itself—reflect that the government may present such evidence because it is relevant to willfulness.

The court has reviewed the primary cases cited by the government and considered Moore's analysis of them, as well. Moore is correct that some of those cases contain reasoning stating that evidence was admissible because it was relevant to willfulness and rebutted a defendant's arguments or defense. For example, in *United States v. DeMuro*, 677 F.3d 550, 558–59 (3d Cir. 2012), the court reasoned that "in light of" the defendants' arguments at trial, which included that they were "genuinely trying to pay off their taxes," evidence that they spent money on personal items and vacations belied that defense and was relevant to willfulness.

Likewise, in *United States v. Boccone*, 556 F. App'x 215 (4th Cir. 2014), the court stated that the defendant "suggests . . . that his failure to pay was not willful because there was no money available to pay [the taxes] when due," but it rejected the defendant's argument, noting that the government introduced evidence that the company "had sufficient funds had other expenditures not been paid." *Id.* at 238. It then stated the general rule in the Fourth Circuit that "[t]he intentional preference of other creditors over the United States is sufficient to establish the element of willfulness." *Id.* at 239 (quoting *Turpin v. United States*, 970 F.2d 1344, 1347 (4th Cir. 1992)); *see also Lord*, 404 F. App'x at 779 ("[P]aying wages and . . . satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202.").

Similarly, in *United States v. Ellis*, 548 F.3d 539, 543 (7th Cir. 2008), the court explained that that where a defendant's "principal defense" was that she was "too busy to notice or

4

remember her tax obligations," the fact that she spent her time traveling to Florida, buying cars, and purchasing and decorating her two million dollar home were relevant to rebut her assertion that she was too busy. The same evidence undermined any defense that she simply forgot her tax liability, because "most people would inquire as to why they have an unexpected additional two million dollars to spend on themselves." *Id.*

In *United States v. Gilbert*, 266 F.3d 1180, 1185 (9th Cir. 2001), the court noted the defendant's argument that the company did not have the funds to pay taxes and thus his failure was not willful. But it agreed with the government that there was sufficient evidence of willfulness, and it specifically agreed that defendant's act of "voluntarily and intentionally" paying "net wages to his employees," knowing that required taxes were not being remitted, was evidence that his failure to pay was willful. *Id.*

In *United States v. Blanchard*, 618 F.3d 562, 569 (6th Cir. 2010), the court affirmed the district court's admission of evidence of discretionary spending. Although the opinion noted Blanchard's defense that he had an inability to pay, *id.* at 571, the admission of the evidence was not based on that defense nor was the court's ruling limited to the fact that he was making that argument. Instead, the court stated in broad terms that "evidence regarding a defendant's ability to pay is pertinent" because it "bears on" willfulness. *Id.* at 569. "If a defendant has made discretionary purchases in lieu of meeting his tax obligations, this is probative of his guilt." *Id.* at 569–570.

As the above summaries suggest, Moore is correct that the courts in these cases often referenced, looking back over the entirety of the evidence and with hindsight, the defendant's theory of why a failure to pay was not willful. Many of them, decided on appeal, mention the case as a whole and do not mention the *order* of evidence. Notably, the courts did not generally limit or condition their approval of the evidence's admission on the defendant's having asserted

5

such a defense, or certainly having asserted such a defense *first*, before the evidence could be admitted. Put differently, the cases discussed that the admitted evidence rebutted a particular defense, but they did not say that the evidence was only admissible because of that defense. (*See also* Sur-reply 7, Dkt. No. 190-1 (making same point).) Having carefully read and considered those cases, the court does not view them as requiring that the defendant first open the door to such evidence before the United States may use it. Instead, all of the cases broadly suggest that where a defendant knows of a tax liability and uses available funds for purposes other than paying taxes (whether other business expenses or on luxury expenditures), that is evidence of willfulness.

The government represents that it has evidence that Moore was a responsible person, that he knew of delinquent taxes, and that, instead of paying them, he caused Nexus to make payments to others (including him and his spouse, for personal expenses). Under Fourth Circuit authority and the out-of-circuit authority discussed above, those payments are relevant to willfulness. This is true regardless of Moore's theory as to *why* his failure to pay was not willful.

The court also finds that some (or much) of the evidence may be relevant to whether Moore is a responsible party, which the jury must find to convict him of the § 7202 offenses. As the Fourth Circuit has explained, determining whether an individual within a company is a responsible person requires a

> pragmatic, substance-over-form inquiry into whether an officer or employee so participated in decisions concerning payment of creditors and disbursement of funds that he effectively had the authority—and hence a duty—to ensure payment of the corporation's payroll taxes. . . . Stated differently, the crucial inquiry is whether the person had the effective power to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed.

6

> Several factors serve as indicia of the requisite authority, including whether the employee (1) served as an officer of the company or as a member of its board of directors; (2) controlled the company's payroll; (3) determined which creditors to pay and when to pay them; (4) participated in the day-to-day management of the corporation; (5) possessed the power to write checks; and (6) had the ability to hire and fire employees.

*Plett v. United States*, 185 F.3d 216, 219 (4th Cir. 1999) (unpublished) (cleaned up and citations and quotations omitted).

Thus, to the extent that the evidence of luxury spending shows that Moore determined which creditors to pay or when to pay them (the third factor) or that he possessed the power to "write checks" (or, more broadly, to make payments) (the fifth factor), the evidence is also relevant to the "responsible person" inquiry.[3]

In oral argument before the court, Moore's counsel suggested that, in addition to his primary argument that the evidence is irrelevant, it should also be excluded under Rule 403 because its "probative value is substantially outweighed" by a danger of, presumably "unfair prejudice." Fed. R. Evid. 403. He did not expound upon this argument in his briefing or at argument.

The court disagrees that this evidence is unfairly prejudicial. This evidence likely will paint Moore in an unfavorable light to an average juror and may hurt his case, but that does not render it *unfairly* prejudicial. In any event, any such prejudice does not substantially outweigh the significant relevance to the offenses and elements the United States must prove. *See DeMuro*, 677 F.3d at 560 (acknowledging that although a defendant's "liberal spending habit" can have an effect on a jury, evidence of "vacations, jewelry, cars, and parties" "certainly was not

---

[3] The United States has not previewed its evidence with sufficient detail for the court to know that each and every piece of evidence offered would be admissible for this purpose. But checks written or directed by Moore or payments made or directed by him would be relevant to the stated factors.

7

so prejudicial as to substantially outweigh its very significant probative value"); *Blanchard*, 618 F.3d at 570 (affirming district court's admission of evidence of "discretionary spending" including the leasing of luxury cars, gambling losses, and the purchase of firearms and a CD player over Rule 403 objection); *United States v. Ellis*, 548 F.3d 539, 543 (7th Cir. 2008) (reasoning, in § 7202 case, that "[w]hile [defendant's] lavish expenditures certainly place her in an unfavorable light, in view of the evidence's relevance, we do not believe that the danger of unfair prejudice substantially outweighed the evidence's probative value"). The court will not exclude the evidence under Rule 403.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the court hereby ORDERS as follows:

1. The United States' motion to file a sur-reply (Dkt. No. 190) is GRANTED, and its sur-reply and exhibits thereto (Dkt. No. 190-1 to 190-4) are DEEMED filed and have been considered by the court; and

2. Defendant's motion in limine, seeking to exclude evidence that he purchased luxury items (Dkt. No. 185) is DENIED. At trial, such evidence will be allowed if otherwise relevant and admissible, consistent with the court's reasoning herein.

Entered: January 2, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge