# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 5:21CR00023 |
| RICHARD E. MOORE | : |

## STATEMENT OF FACTS

The United States and the defendant, RICHARD E. MOORE, stipulate that the allegations in the Second Superseding Indictment and the following facts are true and correct. The United States and the defendant further stipulate that had this case gone to trial, the United States would have proven each fact beyond a reasonable doubt:

### Individuals, Entities, and Definitions

1. Defendant RICHARD E. MOORE ("MOORE") resided in Augusta County, Virginia, which was within the Western District of Virginia.

2. Nexus Services, Inc. ("Nexus"), was a company that provided bond securitization and other services for immigrants detained in or released from the custody of U.S. Immigration and Customs Enforcement. Nexus was licensed to do business in the Commonwealth of Virginia and maintained its principal place of business in Verona, Virginia, which was within the Western District of Virginia.

3. MOORE was executive vice president until at least 2023 and part owner of Nexus until at least 2022.

FILED IN OPEN COURT
DATE 1/7/2025
BY K. Angrim
       DEPUTY CLERK
HARRISONBURG DIVISION, W.D. of VA

4.     The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and for the collection of taxes owed to the United States.

5.     The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Collectively these taxes are known as "trust fund taxes" because employers, who hold these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees.

6.     In addition to trust fund taxes, the Internal Revenue Code also required employers to pay an employer's share of FICA taxes to the IRS. Collectively, the combined employees' trust fund taxes and employer's share of FICA taxes are referred to as "employment taxes."

7.     Employers, whose annual liability for trust fund taxes was greater than $1,000, were required to file an Employer's Quarterly Federal Tax Return ("Form 941"). The Form 941 was due to the IRS at the end of the month following the end of each calendar quarter and required the employer to report the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits the employer made with the IRS.

**MOORE's Willful Failure to Account for and Pay Trust Fund Taxes**

8.     MOORE exercised control over Nexus's business and financial affairs, including hiring and firing employees, directing the company's day-to-day management, and determining which of Nexus's bills to pay and when to pay them. Thus, he was a responsible person for

2

collecting trust fund taxes, accounting for those trust fund taxes by filing Forms 941 with the IRS, and paying over to the IRS the trust fund taxes for Nexus's employees.

9. From at least April 1, 2014 through January 31, 2021, MOORE withheld trust fund taxes from the pay of his employees. However, for various quarters he failed to fully pay withheld trust fund taxes to the IRS on behalf of Nexus.

10. On or about April 7, 2015, MOORE filed a Form 941 for the first quarter of 2014, nearly a year after the return was due. The return, which MOORE signed on Nexus's behalf, reported that Nexus owed the IRS $11,126.82 in employment taxes. On or about April 9, 2015, MOORE caused Nexus to pay that amount to the IRS.

11. From the second employment tax quarter of 2014 through the third employment tax quarter of 2015, MOORE did not prepare or file a Form 941 for Nexus or pay over any of the trust fund taxes that he had withheld from employees' paychecks.

12. In or around September 2015, MOORE contracted with a third-party payroll processing company ("Payroll Provider 1") for certain payroll services, which included remitting trust fund taxes to the IRS on Nexus's behalf and preparing and filing Nexus's Forms 941. As part of the enrollment process, on or about November 7, 2015, MOORE submitted historical payroll information to Payroll Provider 1. MOORE falsely represented to Payroll Provider 1 that Nexus had paid its employment taxes for the first through third quarters of 2015 and provided Payroll Provider 1 with a purported record of what employment taxes Nexus had paid the IRS. In fact, Nexus had not paid any employment taxes to the IRS for the first through third quarters of 2015.

13. Between in or around December 2015 and July 2017, MOORE processed Nexus's payroll through Payroll Provider 1. During that time, MOORE regularly cancelled payroll

3

periods in Payroll Provider 1's system. In each instance, MOORE nevertheless withheld trust fund taxes from employees' pay and caused Nexus to issue paychecks to those employees for the net amount of their wages. However, as a result of the cancelled payroll periods, Payroll Provider 1 did not remit withheld trust fund taxes to the IRS on Nexus's behalf, as MOORE knew. For some of the cancelled payroll periods, MOORE ultimately caused Payroll Provider 1 to process payroll and remit Nexus's withheld trust fund taxes to the IRS, but often did so months late.

14. During the first and second employment tax quarters of 2017, MOORE cancelled at least 11 separate payroll periods in Payroll Provider 1's system and never subsequently processed those payroll periods. As a result, Nexus did not pay over to the IRS any withheld trust fund taxes for these 11 payroll tax periods, as MOORE knew.

15. Between in or around July 2017 and August 2018, MOORE processed Nexus's payroll through another third-party payroll processing company ("Payroll Provider 2"). Throughout the third and fourth quarters of 2017, MOORE nevertheless caused Nexus to continue processing cancelled payroll periods from earlier employment tax quarters through Payroll Provider 1. As a result, Payroll Provider 1 continued to make employment tax payments to the IRS on Nexus's behalf for liabilities that Nexus had accrued for earlier payroll periods. During the fourth quarter of 2017, Payroll Provider 1 made a total of $377,437 in employment tax payments – including trust fund taxes – to the IRS on Nexus's behalf for liabilities that Nexus had, in fact, accrued in earlier employment tax quarters.

16. On or about December 26, 2017, MOORE terminated Nexus's services with Payroll Provider 1 and directed the provider not to file a Form 941 with the IRS for the fourth quarter of 2017 reporting Nexus's $377,437 employment tax liability – including trust fund

4

taxes. In so doing, MOORE failed to truthfully account for Nexus's trust fund taxes. As a result of MOORE's actions, the IRS credited MOORE with $377,437 in employment tax "overpayments" during the fourth quarter of 2017. In fact, as MOORE knew, these were not "overpayments" but payments for employment tax liabilities that Nexus had previously accrued but not yet paid.

17. In or around November 2018, MOORE began processing Nexus's payroll through yet another third-party payroll processing company ("Payroll Provider 3"). MOORE initially contracted with Payroll Provider 3 to remit employment taxes to the IRS on Nexus's behalf and to file the company's Forms 941. However, in or around January 2019 – after MOORE failed to timely pay Nexus's employment tax liabilities as required under the contract – Payroll Provider 3 terminated its agreement to remit employment taxes to the IRS and file Forms 941 on Nexus's behalf. On or about January 17, 2019, Payroll Provider 3 directly informed MOORE that Nexus was responsible for making all employment tax payments to the IRS.

18. Thereafter, MOORE withheld and collected trust fund taxes but did not pay over a substantial portion of Nexus's trust fund taxes to the IRS for the second quarter of 2019 through the first quarter of 2020, and the fourth quarter of 2020.

19. Between the first quarter of 2015 and the third quarter of 2015, the first and second quarter of 2017, the second through fourth quarters of 2019, the first quarter of 2020, and the fourth quarter of 2020, MOORE withheld and collected trust fund taxes, and did willfully fail to pay over the trust fund taxes due and owing to the IRS on behalf of employees of Nexus for those quarters, in the approximate amount of $1,870,834. Additionally, for the first through third quarters of 2015 and the fourth quarter of 2019, MOORE willfully failed to account for the trust

fund taxes that he had withheld and collected from Nexus employees by causing Nexus to fail to file a Form 941 accounting for those taxes.

20. Despite regularly not paying a substantial portion of Nexus's trust fund taxes to the IRS between the first quarter of 2015 and the fourth quarter of 2020, MOORE used funds from Nexus to pay for the following during that timeframe:

   a. Over $501,000 in car payments, including on three separate Ferarris, three separate Maseratis, two BMWs, and a Mercedes-Benz;

   b. Over $1.1 million to write, publish, and publicize a book by MOORE's spouse and Nexus's co-owner;

   c. Over $1.2 million on company-wide events, which included more than $670,000 to book private shows by performing artists; and

   d. Over $573,000 in wedding-related expenses on MOORE's August 2016 wedding.

**MOORE's Willful Aiding and Assisting in Preparation
and Presentation to IRS of False Federal Income Tax Returns**

21. Because MOORE willfully failed to pay over a substantial portion of the trust fund taxes due and owing to the IRS on behalf of employees of Nexus for the last three quarters of 2019 and the first and fourth quarters of 2020, MOORE knew that

   a. a substantial portion of the amounts listed as "federal income tax withheld" on his and his spouse's 2019 and 2020 Forms W-2 from Nexus had not been paid over to the IRS; and

   b. a substantial portion of the amount reported as the total federal income tax payments on Line 19 of his and his spouse's 2019 joint federal income tax return and Line 33 of his and his spouse's 2020 joint federal income tax return had not been paid to the IRS.

6

### MOORE's Indictment and Subsequent Willful Failure to Account for and Pay Over Trust Fund Taxes

22. On or about December 9, 2021, a grand jury in the Western District of Virginia returned an indictment charging MOORE with willful failure to truthfully account for and pay over to the IRS Nexus's trust fund taxes for various quarters between 2015 and 2020, as alleged in paragraphs 8 through 20 above.

23. Even though MOORE thereafter purported to transfer his ownership interest in Nexus to Micheal Donovan, MOORE's husband and one of Nexus's co-owners, MOORE continued to exercise control over Nexus's business and financial affairs, including determining which of Nexus's bills to pay and when to pay them. As such, MOORE was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Nexus the trust fund taxes imposed on its employees by the Internal Revenue Code.

24. On or about August 19, 2022 and on or about March 23, 2023, MOORE caused Nexus to open bank accounts in the name of Subversivo, a company owned by a former Nexus employee. MOORE was not an authorized signer on the Subversivo bank accounts. Nevertheless, MOORE used the Subversivo bank accounts as nominee accounts for Nexus. MOORE had online access and check-writing privileges for both accounts and determined what was paid from those accounts. At least in part, MOORE chose to open bank accounts in the name of Subversivo to disguise his continued control over the accounts and to conceal the fact that he remained a responsible person for paying Nexus's trust fund taxes.

25. Between the fourth quarter of 2022 and the first quarter of 2024, MOORE withheld and collected trust fund taxes in the approximate amount of $377,652, and did willfully fail to pay over the trust fund taxes due and owing to the IRS on behalf of employees of Nexus for those quarters, in the approximate amount of $377,652. Additionally, MOORE willfully

7

failed to account for the trust fund taxes that he had withheld and collected from Nexus employees by causing Nexus to fail to file a Form 941 accounting for those taxes. MOORE failed to account for and pay over Nexus's fourth quarter 2022 through first quarter 2024 trust fund taxes despite already having been indicted for the same conduct.

26. Despite not paying Nexus's employment taxes to the IRS between the fourth quarter of 2022 and the first quarter of 2024, MOORE directed more than $698,000 in checks (in addition to his regular payroll) to himself and his spouse from Nexus's accounts in the name of Subversivo.

## Conclusion

27. The defendant engaged in the conduct described above willfully and knowingly and not because of accident, mistake, or other innocent reason.

28. This Statement of Facts includes those facts necessary to support a plea agreement between the defendant and the United Sates. It does not include every fact known to the defendant or the United Sates and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

Respectfully submitted,

ZACHARY T. LEE
ACTING UNITED STATES ATTORNEY

By: _____

William M. Montague
Trial Attorney
U.S. Department of Justice, Tax Division

_____
Matthew C. Hicks
Trial Attorney
U.S. Department of Justice, Tax Division

8

## Defendant's Stipulation and Signature

After consulting with my attorney and pursuant to the Plea Agreement I entered into this day with the United States, I hereby agree and stipulate that the above Statement of Facts is true and accurate. I further agree and stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

1/03/25
Date

RICHARD E. MOORE
Defendant

## Defense Counsel's Signature

I am counsel for the defendant. I have carefully reviewed the above Statement of Facts with him and, to my knowledge; his decision to agree to this Statement of Facts is an informed and voluntary one.

01/07/2025
Date

Mario Bernard Williams
Counsel for Defendant

9