IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(HARRISONBURG DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 5:21-cr-23 |
| v. ) | |
| ) | |
| RICHARD E. MOORE ) | |
| _____ ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant RICHARD E. MOORE respectfully submits this sentencing memorandum in advance of the hearing scheduled for May 29, 2025. Mr. Moore pled guilty to two counts of Failure to Account for and Pay Over Trust Fund Taxes in violation of 26 U.S.C. §7202. This memorandum requests a sentence of conditions, including restitution, in lieu of imprisonment. This recommendation is based on Mr. Moore's his acceptance of responsibility and the sentencing factors under 18 U.S.C. § 3553(a).

1. **SENTENCING GUIDELINES CALCULATION**

    **(A) Offense Level**. The PSR calculates a total offense level of 29. The Base Offense Level is 22. Included among enhancements is a 3-Level, Adjustment for Obstruction of Justice under 18 U.S.C. § 3147. This is a statutory enhancement is not applicable to the circumstances set out in the PSR, paras. 54-55 (pgs. 16-17). This Court ordered Mr. Moore's release on the condition he comply with his tax reporting and payment obligations for his businesses, including Entlest Brands. To ensure compliance, Mr. Moore was directed to engage a CPA. Mr. Moore asserted he would remain tax compliant if released on bond and he did so.

    The CPA engaged for this purpose, Sherea Hallberg, reported to the government that Moore was non-compliant in regard to Entlest Brands because of an allegedly false Form 941 for

the fourth quarter of 2024, presumably filed in January 2025. In fact, Moore stayed complaint by closing Entlest Brands, effective November 1, 2024. A copy of an Out of Business Form (City of Harrisonburg – Commissioner of Revenue) is attached hereto as Exhibit 1. Accordingly, a 3-Level increase in Moore's offense level, based non-compliance with his conditions of release in regard to Entlest Brands, is unwarranted.

The PSR decreases the offense level by 2 levels for his clearly demonstrated acceptance of responsibility. The government "will not move for an additional one-level reduction in Moore's offense level . . . because Moore only agreed to plead guilty after the jury had arrived to begin jury selection." (PSR, para. 59, pg. 16). This is unfair. Moore agreed to plead guilty the evening before trial was to commence. Counsel conferred and submissions were made to the Court. He did not agree to plead guilty only after the jury arrived. Moore should be credited with a 3-Level decrease for acceptance of responsibility given these facts.

**(B) Criminal History.** Moore received a total of 4 points against him for these crimes listed in paras. 90, 93 and 94 of the PSR. These crimes were felonies when they occurred but are currently considered misdemeanor larceny charges of less than one thousand dollars. (Compare Va. Code § 18.2-178, with Va. Code § 18.2-181.) Relevantly, the Virginia Criminal Sentencing Commission (VCSC) has explicitly recognized that for purposes of scoring prior convictions under the sentencing guidelines, the classification used should reflect the current statutory penalty associated with the offense, not merely how it appeared in the criminal record at the time of the original conviction. According to the VCSC, "this approach to scoring prior record has been utilized throughout the history of Sentencing Guidelines in Virginia, beginning in the late 1980s." (See Scoring Prior Record on Virginia's Sentencing Guidelines, Virginia Criminal Sentencing Commission.)

The Commission's guidance illustrates this principle clearly: "Assault of a police officer prior to 1997 would appear as a misdemeanor on a criminal history report; however, that prior offense would be weighted as a felony, based on the current penalty." This directive unambiguously instructs sentencing courts and probation officers to base the weight of a prior conviction on the present-day seriousness of the offense as defined by law, regardless of how it was originally labeled. Applied consistently, this principle supports the proposition that a conviction which was originally classified as a felony—but has since been reclassified by statute as a misdemeanor—should now be weighted as a misdemeanor, "based on the current penalty." Just as the Commission intends for enhanced penalties to inform the classification of older misdemeanor records (as in the assault on law enforcement example), the same methodology logically applies in reverse. If the General Assembly has determined that certain conduct no longer warrants felony punishment—such as by raising larceny thresholds or reclassifying nonviolent offenses—this Court should honor that intent when evaluating the gravity of a defendant's criminal history.

**2.     APPLICATION OF 18 U.S.C. § 3553(a) FACTORS**

A sentence of probation with restitution is sufficient but not greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a). The following factors support this recommendation.

    **A.     Nature and Circumstances of the Offense**

Mr. Moore accepts full responsibility for his actions. In 2014, Nexus started to grow at a startling pace. Mr. Moore had no professional training or expertise and managing the financial affairs of the company quickly became more than he could handle. Simply put, he was way over his head. Allowing that Mr. Moore was ill-equipped to perform increasingly complex financial

management is not to excuse him for failing to file returns and pay over tax trust funds in a consistent and lawful manner, but it does explain how the problem snowballed out of control.

**B.     History and Characteristics of the Defendant**

Mr. Moore put the physical and sexual abuse that he suffered at home as a minor behind him. He married, created a stable family environment, and raised an adopted child into adulthood. Since January 2025, just to keep his family afloat, Mr. Moore has worked as a cook at a Waffle House in Waynesboro.

**C.     Need for the Sentence**

A sentence of probation with conditions (e.g., restitution, financial oversight) adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Imprisonment would disrupt Mr. Moore's ability to make restitution payments and to support his family, undermining rehabilitation and public safety. Probation will deter future misconduct while allowing Mr. Moore to work and support his family.

**D.     Kinds of Sentences Available**

The Guidelines and § 3553(a) permit probation as an alternative to imprisonment, especially for non-violent offenses. Restitution, community service, and financial management training are appropriate conditions to address the harm caused.

**E.     Avoiding Unwarranted Disparities**

A sentence below the guideline range is warranted to avoid unwarranted disparities under § 3553(a)(6). U.S. Sentencing Commission data for 2023 shows that tax fraud offenders receive an average sentence of 16 months, with probation common for non-violent offenses. Restitution and lack of violent history justify a variance. *United States v. Bannister*, 786 F.3d 617 (7th Cir.

2015) (affirming variance based on national trends and individual circumstances). U.S. Sentencing Commission data shows that probation is frequently imposed for trust fund tax cases, particularly when efforts at restitution are made. A sentence of imprisonment would create an unwarranted disparity with these defendants.

3.     **RECOMMENDED SENTENCE**

The defense respectfully requests a sentence of five years' probation, with conditions including restitution, 100 hours of community service, and participation in a financial management course. This sentence allows Mr. Moore to continue supporting his family while ensuring accountability.

**CONCLUSION**

For the reasons stated above, a sentence of probation with restitution and other conditions is sufficient to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). Mr. Moore deeply regrets his actions and is committed to making amends.

Dated: May 23, 2025                           Respectfully submitted,


                                              */s/ Mario B. Williams*
                                              HDR Roswell Road
                                              Building C
                                              Sandy Springs, GA 30342
                                              mwilliams@hdrattorneys.com


                                              */s/ John M. Shoreman pro hac vice*
                                              McFadden & Shoreman
                                              1050 Connecticut Ave., NW, Suite 500
                                              Washington, DC  20036
                                              jms@mcfaddenshoreman.com

**DEFENDANT'S WITNESS LIST**

Jeremy Coc-Asig

Richard Moore (Defendant's Father)

Maureen Moore

Otilia Asig Putul

Efrain Medina

**DEFENDANT'S EXHIBIT LIST**

1.	Out of Business Form (Harrisonburg Commissioner of Revenue) re Entlest Brandsm, Inc.