IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| USA ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | |
| v. ) | CAFN: 5:21-cr-00023 |
| ) | |
| RICHARD MOORE ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
|    *Defendant.* ) | |

**PLAINTIFF'S MOTION TO DETERMINE MENTAL COMPETENCY
PURSUANT TO 18 USC § 4241**

Richard Moore respectfully moves this Honorable Court to order a "hearing to determine the mental competency of the defendant," pursuant to 18 U.S.C. § 4241, which states in relevant part:

> **At any time** after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and **prior to the completion of the sentence**, **the defendant** or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court **shall grant the motion**, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is **unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense**.

Here, as this Court knows, Mr. Moore attempted to kill himself in late May 2025, on the day of his sentencing hearing. Mr. Moore was admitted to a hospital, where he stayed for multiple days, many of which he was in a coma, until the hospital released him. Recently, after struggling to obtain insurance coverage, Mr. Moore was admitted into AMFM Residential Mental Health Treatment Center, for inpatient mental health services. Moore is currently under multiple medications as part of his treatment program, which at minimum, will last thirty days.

Relevant to these facts, 18 U.S.C. § 4241 states that the Court "**shall** grant the motion," but even if there existed a good cause standard, Mr. Moore would meet that standard as well under these facts. The hearing and correlated reports and information that shall be provided to the Court are essential, Moore argues, to determine whether Mr. Moore is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

Wherefore, Mr. Moore request that this Court grant this Motion based on the facts surrounding his attempted suicide and admission to a mental health facility, where he remains now under multiple medications and oversight by mental health professionals.

Respectfully submitted this 20th day of July 2025,

**/s/ MARIO WILLIAMS**
Virginia Bar # 91955

**HDR LLC**
**5600 Roswell Road**
**Building C**
**Sandy Springs, GA 30342**
**mwilliams@hdrattorneys.com**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **PLAINTIFF'S MOTION TO DETERMINE MENTAL COMPETENCY PURSUANT TO 18 USC § 4241** upon theDefendant by e-filing a true and correct copy of the same via electronic filing addressed to counsel for the Defendant as follows:

Matthew Hicks

Williams Montague


Respectfully submitted this 20th day of July 2025,


/s/ MARIO WILLIAMS
Virginia Bar # 91955

HDR LLC
5600 Roswell Road
Building C
Sandy Springs, GA 30342
mwilliams@hdrattorneys.com