CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VIRGINIA
**FILED**
July 25, 2025
Laura A. Austin, Clerk
By: s/ *Kelly Anglim*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal No. 5:21-cr-00023 |
| | ) |
| **RICHARD E. MOORE** | ) |

**AMENDED ORDER**[1]

This matter is before this court, pursuant to the defendant's motion to determine mental competency pursuant to Title 18, United States Code, Section 4241. (Dkt. No. 235). The court construes the motion as one brought pursuant to both Sections 4241 and 4244. The United States objects to the motion. Following testimony by Mr. Moore, a proffer by counsel, and for the reasons stated on the record, the court finds that there is reasonable cause to believe that defendant may be suffering from a mental defect rendering him mentally incompetent to assist properly in his defense. The court finds that Moore is able to understand the nature and consequences of the proceeding against him as he articulated his understanding during his testimony.

Therefore, it is hereby **ORDERED** pursuant to Title 18, United States Code, Sections 4241(b) and 4244(b), that the defendant, Richard E. Moore, be committed to the custody of the Attorney General for a period not to exceed thirty (30) days in accordance with Title 18, United States Code, Section 4247(b) and (c), following designation by the Bureau of Prisons (BOP) to a facility for this purpose. This Court recommends to the Attorney General the facility at Federal

---

[1] This order supersedes the court's July 21, 2025 Order (Dkt. No. 238.) The only change is the addition of subsection (5) in the penultimate paragraph of the order, and the parties have consented to that change.

Correctional Institution, Butner, North Carolina, for hospitalization and treatment but understands that the BOP will designate the facility.

Prior to self-reporting to the BOP designated facility, the defendant shall remain at the AMFM Healthcare Residential Treatment facility (AMFM), ███████████████, ██████████, where he is currently in an in-patient program until the earlier of his completion of that program or his reporting to the BOP designated facility. The condition that he remain at AMFM is a new condition of his pre-sentencing release conditions, and he agrees to the same. Additionally, as part of that condition, he must authorize AMFM to release any changes to his discharge date to the defendant and his counsel. The defendant and his counsel must share the signed authorization and discharge information (including any letters from AMFM) with the court and counsel for the United States. The defendant and counsel must provide at least weekly updates regarding the anticipated discharge date. Should the defendant be terminated from AMFM, the defendant and his counsel must notify the court and counsel for the United States immediately. The defendant may not leave AMFM prior to discharge without permission from his probation officer and this court by means of a change in his release conditions. If discharge from AMFM is scheduled to occur prior to the defendant's reporting to the designated BOP facility, the court will hold a hearing regarding any needed modifications to his release conditions.

Upon the completion of the competency examination, the examining psychiatrist/psychologist shall report his/her findings to the Court with a copy thereof to Mario Williams, counsel for the defendant, 5600 Roswell Road, Suite 103, Building C, Sandy Springs, GA, 30342; and Matthew Hicks, Assistant U. S. Attorney, 150 M St. NE, Ste 1.1313, Washington, DC, 20002; as to the following matters pursuant to Title 18, United States Code,

Case 5:21-cr-00023-EKD-JCH   Document 239   Filed 07/25/25   Page 3 of 3
Pageid#: 2781

Section 4247(c), and shall include information as directed in Title 18, United States Code, Section 4247 (c)(1), (2), (3), and (4)(A) and (E): 1) defendant's history and present symptoms; 2) a description of the psychiatric, psychological, and medical tests that were employed and their results; 3) the examiner's findings; 4) the examiner's opinions as to diagnosis, prognosis; whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (5) the examiner's opinions as to whether the person is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility.  The United States Marshal shall arrange for return transport from the facility to this division upon being notified by the facility that it has completed its evaluation.

The Clerk of this Court shall certify a copy of this Order to each of the following:  United States Marshal, Western District of Virginia, Roanoke, Virginia; Mario Williams, counsel for the defendant; Matthew Hicks and William Montague, Assistant U.S. Attorneys; and U. S. Probation Office, Roanoke, Virginia.

Enter:  July 25, 2025

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge