IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 5:21-cr-23 |
| v. | ) |
| | ) |
| RICHARD E. MOORE | ) |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States opposes the Defendant, Richard Moore's, motion to modify his conditions of release to permit his participation in an outpatient mental health treatment program. Moore poses a significant risk of flight, as demonstrated by his history in this case and his substantial record of prior noncompliance with court orders and, therefore, should remain in detention pending his competency and sentencing hearings.

### I. BACKGROUND IN THIS CASE

On September 26, 2024, a grand jury in the Western District of Virginia returned a Second Superseding Indictment that charged Moore with six additional counts of failing to account for and pay over Nexus Services' trust fund taxes while he was on pretrial release in this case. Dkt. No. 97. Following the Second Superseding Indictment, the United States moved to revoke Moore's pretrial release. Dkt. No. 116.

On October 17, 2024, Magistrate Judge Joel C. Hoppe ordered Moore detained pending trial after finding probable cause that Moore had committed additional federal tax crimes while on pretrial release. Dkt. No. 118. As such, the Court found that Moore was "unlikely to abide [by] any condition or combination of conditions, in particular that he will not violate any federal, state, or local law, while on release." *Id.* at 3.

On November 8, 2024, this Court amended Moore's conditions of pretrial release to permit him to remain free on bond with the additional condition that he, with the assistance of counsel:

> put into place a system whereby a certified public accountant agrees to be responsible for tendering [] trust tax deposits and making any required returns to the IRS with regard to those trust taxes for any business entity over which he has control or authority regarding trust taxes, including, but not limited to Entlest Brands, Inc. and Gamer Oasis, LLC.

Dkt. No. 140 at 3. Despite this Court's forbearance, Moore did not abide by this condition of his release, as recounted in the United States' Position on Sentencing. *See* Dkt. No. 225 at 25-26; Dkt. No. 225-45; Dkt. No. 225-46; Dkt. No. 225-47; Dkt. No. 225-48.

On January 7, 2025, Moore pled guilty to two counts of willfully failing to account for and pay over Nexus Services' trust fund taxes, in violation of 26 U.S.C. § 7202. Dkt. Nos. 206 and 207. In the signed Statement of Facts accompanying his plea, Moore admitted to not paying Nexus Services' trust fund taxes or filing employment tax returns while on pretrial release in this case. *See* Dkt. No. 208 at ¶¶ 22-25.

The Court scheduled Moore's sentencing hearing for May 29, 2025. Dkt. No. 212. Although the parties filed their respective sentencing papers and were prepared to proceed, Moore did not appear for sentencing. Dkt. No. 227.

Thereafter, the Court rescheduled Moore's sentencing hearing for Monday, July 21, 2025, without any objection from Moore. Dkt. No. 231. On Friday, July 18, 2025, Moore moved to continue his sentencing hearing on the grounds that he had been admitted to in-patient mental health treatment and, therefore, could not attend sentencing. Dkt. No. 232. The Court denied Moore's motion to continue and ordered him to be present for sentencing. Dkt. No. 234.

Moore subsequently moved the Court to hold a hearing to determine his mental competency. Dkt. No. 235. The Court granted this motion because it found "reasonable cause to

believe that defendant may be suffering from a mental defect rendering him mentally incompetent to assist properly in his defense," and, therefore, ordered Moore to be committed to the custody of the Bureau of Prisons for evaluation. Dkt. No. 239. Until then, the Court added a condition to Moore's release, which required that he remain at the in-patient treatment facility and not leave that facility "without permission from his probation officer and this court by means of a change in his release condition." *Id.* at 2.

Thereafter, Moore was ordered to self-report to Federal Medical Center Butner on August 27, 2025, which he did. Following the completion of Moore's evaluation, the U.S. Marshal Service transported Moore back to the Harrisonburg Division of the Western District of Virginia on September 26, 2025, in accordance with the Court's Amended Order. *Id.* at 3.

## II.     OTHER PRIOR NONCOMPLIANCE WITH COURT ORDERS

Apart from this case, Moore has a longstanding history of failing to appear for court and other noncompliance with court orders. The Presentence Investigation Report (PSR) indicates Moore was convicted of the following:

- October 17, 1996 – Failure to appear in Gloucester County (Va.) General District Court. Dkt. No. 224 at ¶ 76.

- November 20, 1997 – Failure to appear in Gloucester County (Va.) General District Court. *Id.* at ¶ 79.

- December 26, 1999 – Failure to appear in Winchester (Va.) General District Court. *Id.* at ¶ 82.

- July 2, 2002 – Revocation of suspended sentence for a violation of conditions in Virginia Beach Circuit Court. *Id.* at ¶ 85.

- May 23, 2003 – Revocation of probation for violation of terms in Fairfax County (Va.) Circuit Court. *Id.* at ¶ 86.

- December 15, 2023 – Imposition of a guilty sentence for violating the terms of his deferred adjudication in Augusta County (Va.) Circuit Court. *Id.* at ¶ 96.

- December 15, 2023 – Found in contempt of court in Augusta County (Va.) Circuit Court. *Id.* at ¶ 98.

- December 15, 2023 – Revocation of pretrial release for leaving the state of Virginia in violation of his bond conditions in Augusta County (Va.) Circuit Court. *Id.* at ¶ 99.

### III. LEGAL STANDARD

A "judicial officer *shall* order" that a defendant who has been found guilty and is awaiting imposition of a sentence be detained "unless the judicial officer finds *by clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3143(a)(1) (emphasis added).[1] The defendant carries the burden to prove that he is not a flight risk or a danger to the community. *United States v. Thompson*, No. 1:07-CR-00051, 2008 WL 4460204 at *1 (W.D. Va. Oct. 2, 2008).

### IV. ARGUMENT

Moore has not carried his burden to establish that he is unlikely to flee. Indeed, based on his noncompliance with court orders in this case and his demonstrated history in other cases of failing to appear and to follow court orders, he cannot do so. *See United States v. Cooke*, No. 5:23-cr-00018, 2024 WL 3346323 (W.D. Va. July 9, 2024) (Dillon, C.J.) (finding that a defendant who

---

[1] Moore argues that he is also eligible for release pursuant to 18 U.S.C. § 3145(c) because "exceptional reasons" make his detention inappropriate. Dkt. No. 241 at ¶ 7. This appears to misread the statute, which specifies that the exception applies only to defendants subject to a presumption in favor of mandatory detention for defendants convicted of certain crimes. Nevertheless, assuming 18 U.S.C. § 3145(c) applies, Moore "fails to meet even the threshold requirement of that exception," by establishing that he is not a risk of flight. *United States v. Purpera*, Nos. 7:18-cr-00019, 7:19-cr-00016, 7:17-cr-00079, 2020 WL 3272049 at *2 (W.D. Va. June 17, 2020) (Dillon, J.). Like the defendant in *Purpera*, Moore has a demonstrated history of violating the terms of his release, both in this case and in others, which makes him ineligible for release under the exception. Moore also has not established "exceptional reasons" that would justify his release. *See United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014) ("[T]o avoid emasculating the mandatory detention statute[,] exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention." (internal quotations omitted)).

requested release to an inpatient treatment program but whose "criminal history involve[d] multiple charges of nonappearance in court and probation violations" had not provided reasonable assurance of his appearance in court).

When released pretrial in this case, Moore continued to commit *the very same crime* with which he was charged. Indeed, he continued to do so even after this Court explicitly ordered him to retain a certified public accountant to ensure his companies' compliance with the legal requirement that he report and pay trust fund taxes to the IRS. Moore's constant flouting of this Court's orders demonstrates that he is a flight risk if permitted to remain on bond.

Moore's history of nonappearance and noncompliance in other cases reinforces this conclusion. On three separate occasions, Moore has been convicted of failing to appear in court. Dkt. No. 224 at ¶¶ 76, 79, 82. He has also been found to have violated the conditions of his probation, release, or sentence on four separate occasions. *Id.* at ¶¶ 85-86, 96, 99. Finally, he has been found in contempt of court for failing to complete court-mandated community service. *Id.* at ¶¶ 96, 98.

Notably, Moore's requested relief—release to attend an intensive *outpatient* program, *see* Dkt. No. 241 at 1, 4—does not even satisfy the conditions of release that the Court imposed on July 21, 2025, which required that the defendant "not leave [the facility] prior to discharge without permission from his probation officer and this court by means of a change in his release conditions." Dkt. No. 239 at 2. In Moore's motion, he argues that the requested conditions of release "mirror and extend those already approved by the Court in July 2025[.]" Dkt. No. 241 at ¶ 14. This, of course, elides the significant distinction between inpatient and outpatient treatment. Under the former, as ordered in July 2025, the Court could have a certain degree of confidence regarding Moore's location, which served as *some* assurance that he would not flee. Under the

5

latter, the Court has no knowledge of Moore's whereabouts most of the time and, therefore, *no* assurance that he will appear as ordered.

Last, Moore argues that the fact he self-reported to Butner "reinforced the Court's prior finding that he could be trusted to honor its orders, undermining any suggestion of flight risk." Dkt. No. 241 at ¶ 3. Of course, this ignores three salient points. One, Moore has, on other occasions, failed to honor this Court's orders. Two, Moore faces 10 years in prison when he appears for sentencing, which alters the calculus and substantially increases the risk of flight. *See*, *e.g.*, *United States v. Rankin*, 289 F. Supp. 3d 846, 849 (S.D. Ohio 2017) (holding, in a tax case, that the "[t]he length of a potential sentence bears on a defendant's risk of flight. Courts routinely find the potential sentence a defendant faces is a weighty consideration in making post-conviction detention determinations."). Three, the window for Moore to delay his sentencing is closing, and with it any opportunity to flee. We should see the final report from FMC Butner in about two weeks (that is, 14 working days after Moore's release), after which the competency hearing and sentencing will likely quickly follow.

V.  **CONCLUSION**

For the above-stated reasons, the United States respectfully asks that the Court deny Moore's motion to modify his conditions of release to permit his participation in an outpatient mental health treatment program and order Moore detained pending his sentencing hearing.

Respectfully submitted,

ROBERT N. TRACCI
Acting United States Attorney

By:  */s/ William M. Montague*
William M. Montague
Matthew C. Hicks
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, D.C. 20002

Ph:   (202) 616-2386
Fax:  (202) 514-0961
Email: william.m.montague@usdoj.gov


**CERTIFICATE OF SERVICE**

I do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 2nd day of October, 2025.

*/s/ William M. Montague*
Trial Attorney
U.S. Department of Justice, Tax Division